## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ALEXANDER FABRICS, LLLP, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 1:07-cv-00174 GMS |
| | : | |
| ROKA APPAREL PRODUCTS, LLC | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ROKA APPAREL PRODUCTS, LLC'S MOTION TO DISMISS FOR LACK OF JURISDICTION OVER SUBJECT MATTER OR, IN THE ALTERNATIVE, TO STAY

Submitted by:

JOHN C. PHILLIPS, JR., ESQUIRE
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
Attorney for Defendant
RoKa Apparel Products, LLC

DATE: May 4, 2007

## TABLE OF CONTENTS

**PAGE**

TABLE OF CITATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I.      INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     ARGUMENT

    A.      THIS CASE SHOULD BE DISMISSED FOR LACK OF SUBJECT
        MATTER JURISDICTION BECAUSE ALEXANDER HAS NOT
        MET ITS BURDEN OF PLEADING THE EXISTENCE OF THIS
        COURT'S DIVERSITY JURISDICTION IN THAT ALEXANDER
        FAILED TO ALLEGE THE CITIZENSHIP OF ROKA'S
        INDIVIDUAL MEMBERS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    B.      IN THE ALTERNATIVE, THE INSTANT LAWSUIT SHOULD
        BE STAYED PENDING THE OUTCOME OF THE FLORIDA
        ACTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

III.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

i.

## TABLE OF CITATIONS

**CASES**                                                                                    **PAGE(S)**

Carden v. Arkoma Assocs., 494 U.S. 185 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Cashedge, Inc. v. Yodlee, Inc., 2006 WL 2038504 (D. Del. July 19, 2006) . . . . . . . . . . 7

Chemical Leaman Tank Lines, Inc. v. Aetna Casualty and Surety Company,
   177 F.3d 210 (3rd Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Colorado River Water Conservation District v. U.S., 424 U.S. 800 (1976) . . . . . . . . . . . 7

Cornerstone Technologies, LLC v. Conrad, 2003 WL 1787959
   (Del. Ch. Ct. March 31, 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Gould Electronics Inc. v. U.S., 220 F.3d 169 (3rd Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . 2

Government Employees Ins. Co. v. Rando, 2007 WL 896254
   (D. Del. March 22, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Handelsman v. Bedford Vill. Assoc. Ltd. P'ship, 213 F.3d 48 (2nd Cir. 2000) . . . . . . . . 3

Jumara v. State Farm Ins. Co., 55 F.3d 873 (3rd Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . 5

Ketterson v. Wolf, 2001 WL 940909 (D. Del. Aug. 14, 2001) . . . . . . . . . . . . . . . . . . . . . 3

Magee v. Essex-Tec. Corp., 704 F.Supp. 543 (D. Del. 1988) . . . . . . . . . . . . . . . . . . . . . . 5

Mayer v. Development Corp. of America, 396 F.Supp. 917 (D. Del. 1975) . . . . . . . . . . . 6

Moore v. Little Giant Industries, Inc., 513 F.Supp. 1043 (D. Del. 1981) . . . . . . . . . . . . . 4

Mortensen v. First Federal Savings and Loan, 549 F.2d 994 (3rd Cir. 1977) . . . . . . . . . . 3

Reliance Inc. Co. v. Paschen Contractors, Inc., 1990 WL 5196
   (D. Del. Jan. 25, 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Sea Colony, Inc. v. Alcan Aluminum Corp., 653 F.Supp. 1323 (D. Del. 1987) . . . . . . . . 4

U.S. v. Cargill, Inc., 508 F.Supp. 734 (D. Del. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## **OTHER CITATIONS**

28 U.S.C. § 1332 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

28 U.S.C. § 1391(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

28 U.S.C. § 1404(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Fed. R. Civ. Pro. 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

32A Am. Jur.2d Federal Courts § 841 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

I.    **INTRODUCTION**

Plaintiff Alexander Fabric's, LLP ("Alexander") failed to allege in its Complaint the factual predicates necessary to show the existence of diversity jurisdiction under 28 U.S.C. § 1332. As such, this Court is without jurisdiction over the subject matter of the instant lawsuit, and the lawsuit must be dismissed under Fed. R. Civ. Pro. 12(b)(1). Because there is a related lawsuit pending in the Circuit Court, Fourth Judicial Circuit in and for Duval County, Florida where the parties can obtain complete relief, and the only tenuous link Delaware has to this controversy is that RoKa was formed in Delaware, this Court's dismissal should be with prejudice so that this dispute can be fully and effectively disposed of in the action pending in the Circuit Court in Duval County, Florida. If this Court is not inclined to dismiss the instant case with prejudice, the interests of justice, judicial efficiency, and judicial economy would be best served by staying this case pending the outcome of the related litigation in the Circuit Court in Duval County, Florida.

II.    **FACTS**

On March 26, 2007, Alexander initiated this lawsuit against defendant RoKa Apparel Products, Inc. ("RoKa") by filing a Complaint with this Court. In the Complaint, Alexander alleges that it is a limited liability limited partnership formed under the laws of the State of North Carolina and having its principal place of business in the state of North Carolina. See the Complaint, a copy of which is attached as Exhibit A, at ¶ 2. Alexander also alleges in the Complaint that RoKa is a limited liability company formed under the laws of the State of Delaware with its principal place of business in Jacksonville, Florida. Id. at ¶¶ 3, 7. Alexander further alleges in its Complaint that this Court has diversity jurisdiction over this matter under 28

U.S.C. §1332. Id. at ¶ 4. Alexander does not allege in its Complaint that any other bases exist for this Court to exercise jurisdiction over this matter.

On April 30, 2007, RoKa initiated a lawsuit against Alexander in the Circuit Court, Fourth Judicial Circuit in and for Duval County, Florida, Case No. 16-2007-CA-000151 (the "Florida Action"), in which RoKa seeks to recover damages from Alexander for its failure to provide fabrics in conformance with contracts entered into with RoKa in Jacksonville, Duval County, Florida. As alleged by RoKa, Alexander's misconduct in shipping nonconforming goods to RoKa in Florida resulted in the alleged non-payment of the invoices at issue in the instant litigation, each of which was issued by Alexander to RoKa at its Jacksonville, Florida office. See Exhibit A of the Complaint. RoKa is seeking damages in the Florida Action in excess of those sought by Alexander in the instant action. All of the claims asserted by RoKa and Alexander arise under state law. A copy of the Complaint from the Florida Action is attached as Exhibit B.

## III.    ARGUMENT

### A.    This case should be dismissed for lack of subject matter jurisdiction because Alexander has not met its burden of pleading the existence of this Court's diversity jurisdiction in that Alexander failed to allege the citizenship of RoKa's individual members.

A motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction can take two forms: it can attack the complaint on its face (facial attack), or it can attack the existence of subject matter jurisdiction in fact (factual attack). Gould Electronics Inc. v. U.S., 220 F.3d 169, 176 (3rd Cir.2000); Mortensen v. First Federal Savings and Loan, 549 F.2d 884, 891 (3rd Cir.1977). RoKa is making a facial attack on the Complaint herein. When reviewing a facial attack, the court must accept all factual allegations in the complaint as true and may only consider the complaint and documents referenced in or attached to the complaint. Id.

"The plaintiff has the burden of pleading the existence of the court's jurisdiction... and, in a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed." Chemical Leaman Tank Lines, Inc. v. Aetna Casualty and Surety Company, 177 F.3d 210, 222 n.13 (3rd Cir. 1999). "The pleadings must contain an averment as to the existence of diversity of citizenship as to all of the parties to the action, the failure to so plead resulting in a denial of federal diversity jurisdiction." 32A Am. Jur.2d Federal Courts § 841 (2007) (citing Chemical Leaman).

This Court previously has held that a limited liability company is a citizen of the states of which its individual members are citizens. Ketterson v. Wolf, 2001 WL 940909, at *3 (D. Del. Aug. 14, 2001)[1] (citing Carden v. Arkoma Assocs., 494 U.S. 185, 187-192 (1990) and Handelsman v. Bedford Vill. Assocs. Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000)). In the instant matter, the Complaint contains no allegations as to the citizenship of the individual members of RoKa, which is a Delaware limited liability company. By failing to allege the citizenship of each of RoKa's members, Alexander has not met its burden of pleading the existence of this Court's jurisdiction by stating all parties' citizenships such that complete diversity can be confirmed. Therefore, the Court should dismiss this action for lack of subject matter jurisdiction. Moreover, considering the public and private interests implicated in this matter, the parallel litigation pending in Florida, and the fact that the only tenuous link Delaware has to this controversy is that RoKa was formed in Delaware, this Court should dismiss the instant lawsuit with prejudice so this controversy can be fully litigated in the Florida Action.

---

[1]     A copy of the Ketterson opinion is attached hereto as Exhibit C.

**B.**    **In the alternative, the instant lawsuit should be stayed pending the outcome of the Florida Action.**

If this Court is not inclined to dismiss the instant action, the circumstances of this case

warrant a stay based upon considerations of "wise judicial administration, giving regard to

conservation of judicial resources and comprehensive disposition of litigation." Colorado River

Water Conservation District v. U.S., 424 U.S. 800, 817 (1976). "[F]ederal district courts have

the inherent discretionary power to stay proceedings pending the disposition of parallel

proceedings in a second court." U.S. v. Cargill, Inc., 508 F. Supp. 734, 747 (D. Del. 1981). The

factors relevant to this inquiry are generally the same as those factors considered in deciding a

motion for transfer, but also include such things as the ability to avoid piecemeal litigation,

whether federal law provides the rule of decision on the merits, the adequacy of state court

proceedings to protect the plaintiff's rights, the identity of issues in the two actions, the existence

of federal policies militating for or against a stay, and any countervailing federal interests.

Moore v. Little Giant Industries, Inc., 513 F. Supp. 1043, 1051 (D. Del. 1981); Sea Colony, Inc.

v. Alcan Aluminum Corp., 653 F. Supp. 1323, 1326-27 (D. Del. 1987).

A stay of the instant lawsuit pending the outcome of the Florida Action is appropriate for

the same reasons that would have supported a request to transfer venue pursuant to 28 U.S.C. §

1404(a),[2] had RoKa sued Alexander in the Middle District of Florida rather than the Circuit

Court in Duval County, Florida. The Third Circuit has set forth the following six (6) private

interests to be considered when deciding whether to transfer venue: (i) plaintiff's forum

preference as evidenced by its original choice; (ii) the defendant's preference; (iii) whether the

claim arose elsewhere; (iv) the convenience of the parties as indicated by their relative physical

and financial condition; (v) the convenience of the witnesses, but only to the extent that the

---

[2]    Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

witnesses may actually be unavailable for trial in one of the fora; and (vi) the location of books and records, but only to the extent that the files could not be produced in the alternative forum. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879-80 (3rd Cir. 1995).

As Alexander alleged in its Complaint, RoKa is a limited liability company with a principal place of business in Florida. See Ex. A at ¶ 3. Specifically, RoKa is headquartered in Jacksonville, Duval County, Florida. Id. at ¶ 7. Each of the invoices Alexander attached to its Complaint was directed to RoKa at its office in Jacksonville, Florida and each of Alexander's invoices bears both a "sold to" and "ship to" Jacksonville, Florida address. Therefore, this lawsuit could have been brought against RoKa in Florida the United States District Court for the Middle District of Florida under 28 U.S.C. § 1391(a), as RoKa resides in that district, RoKa's representatives are located in that district, and the transactions at issue were consummated in that district. As set forth below, this Court should stay this action pending the outcome of the Florida Action.

The Third Circuit also established the following six (6) public interests to be weighed when deciding a motion to transfer venue: (i) the enforceability of the judgment; (ii) practical considerations that could make the trial easy, expeditious, or inexpensive; (iii) the relative administrative difficulty in the two fora resulting from court congestion; (iv) the local interest in deciding local controversies at home; (v) the public policies of the fora; and (vi) the familiarity of the trial judge with the applicable state law in diversity cases. Jumara, 55 F.3d at 879-80. A defendant's burden to justify transfer of venue is less difficult where, as is the case here with Alexander, the plaintiff has chosen not to litigate on its "home turf." See Reliance Ins. Co. v. Paschen Contractors, Inc., 1990 WL 5196, at *2 (D. Del. Jan. 25, 1990); see also Magee v.

Essex-Tec. Corp., 704 F. Supp. 543 (D. Del. 1988); Mayer v. Development Corp. of America, 396 F. Supp. 917, 932 n.26 (D. Del. 1975).

Although Alexander chose the District of Delaware as the forum in which to bring this action, the other five (5) private interests enunciated by the Third Circuit heavily outweigh that choice in this case. Alexander has its principal place of business in North Carolina (see Ex. A at ¶ 2), so the requested stay in favor of the Florida Action would not impose on Alexander travel burdens or expenses that Alexander would not have otherwise incurred by litigating this case in Delaware. In fact, because Alexander will be required to litigate related issues in Florida anyway due to the Florida Action, the requested stay would impose less travel burdens and expenses on Alexander (and its current and former employees who will be called as witnesses) by limiting the number of distant venues in which Alexander must litigate.

In addition, none of the transactions and other events giving rise to this lawsuit occurred in Delaware. Alexander and RoKa were present in North Carolina and Florida, respectively, when they negotiated and consummated the contracts at issue, and the non-conforming fabrics for which RoKa allegedly failed to pay Alexander were delivered to RoKa's supply chain management provider, Crowley Logistics, Inc., in Jacksonville, Florida.[3] Therefore, Alexander's purported claims likely arose in Florida and certainly are not governed by federal law. Furthermore, because RoKa's headquarters were at all relevant times located in Florida, litigating this matter in the Florida Action would be more convenient and less expensive not only to Alexander but also to RoKa and its current and former representatives, some of whom are likely to be called as witnesses in this matter. Finally, if Alexander's books and records are sufficiently portable to be transported from Alexander's home base in North Carolina to the

---

[3]    See invoices attached to Alexander's Complaint at Exhibit A

District of Delaware, there is no practical reason why those records cannot be re-routed to Florida.

The public interests implicated in the Third Circuit's transfer analysis also weigh in favor of a stay in this case. Because the Florida Action involves the same parties, goods, contracts, and core legal issues, judicial efficiency in the ease, speed, and expense of trial favors the requested stay, as does the judiciary's desire to conserve resources and avoid duplication. See Cashedge, Inc. v. Yodlee, Inc., 2006 WL 2038504, at *2 (D. Del. July 19, 2006);[4] see also Government Employees Ins. Co. v. Rando, 2007 WL 896254, at *3 (D. Del. March 22, 2007) (declining to exercise jurisdiction over defendant, even if plaintiff alleged sufficient facts to establish personal jurisdiction over defendant, because defendant's contacts with Delaware were so insignificant and litigation in other forum would be more convenient). In addition, unlike this Court, the Circuit Court in Duval County, Florida has a local interest in deciding this controversy since it involves a Florida resident (i e , RoKa), the delivery of alleged non-conforming good to Florida, and the only claims asserted by Alexander in the Delaware action involve the application of Florida state law. Moreover, the court in the Florida Action unquestionably is capable of granting the relief requested by Alexander in the instant action, which is, at heart, a straightforward collection case.

Considering the public and private interests implicated in this matter, the parallel litigation pending in Florida, and the fact that the only tenuous link Delaware has to this dispute is that RoKa was formed in Delaware, the interests of justice, judicial efficiency, and judicial economy would be best served by staying this case while the Florida Action proceeds. Finally, there exists a significant risk that piecemeal litigation and inconsistent results will occur if the

---

[4]    A copy of the Cashedge opinion is attached as Exhibit D.

7

instant lawsuit is permitted to go forward simultaneously with the Florida Action. As such, an adequate justification exists for staying the instant lawsuit pending the outcome of the Florida Action. See Cornerstone Technologies, LLC v. Conrad, 2003 WL 1787959, at *14 (Del. Ch. Ct. March 31, 2003) (staying action commenced in Delaware in favor of case filed in Pennsylvania based on court's inherent power to control its docket).

## IV.    CONCLUSION

For the foregoing reasons, defendant RoKa respectfully requests that this Court dismiss the instant action with prejudice for lack of subject matter jurisdiction. In the alternative, RoKa requests that the instant action be stayed pending the outcome of the Florida Action.

Respectfully submitted,

Dated: May 4, 2007                    By: _____
                                          John C. Phillips, Jr. (#110)
                                          PHILLIPS, GOLDMAN & SPENCE, P.A.
                                          1200 N. Broom Street
                                          Wilmington, Delaware 19806
                                          Tel. No. (302) 655-4200

                                          Of counsel:
                                          Barbara Slott Pegg
                                          Attorney at Law
                                          316 Sea Moss Lane
                                          Ponte Vedra Beach, Florida 32082
                                          Tel. No. (904) 285-8100

                                          Attorneys for Defendant,
                                          RoKa Apparel Products, LLC

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALEXANDER FABRICS, LLLP, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. |
| | : | |
| ROKA APPAREL PRODUCTS, LLC, | : | |
| Defendant. | : | |

## COMPLAINT

Plaintiff, Alexander Fabrics, LLLP ("Alexander"), by way of Complaint against Defendant, RoKa Apparel Products, LLC ("RoKa" or "Defendant"), states and alleges as follows:

### INTRODUCTION

1.    This action arises from Defendant's willful refusal to pay for goods sold and delivered by Alexander between February and April 2005, in violation of the terms of the parties' agreement.

### JURISDICTION AND VENUE

2    Alexander is a limited liability limited partnership formed under the laws of the State of North Carolina and having its principal place of business in the state of North Carolina.

3.    RoKa is a limited liability company formed under the laws of the State of Delaware, having its principal place of business in the State of Florida.

4    The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. §1332, and therefore the Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. §1332.

5.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a), (c), in that Defendant is a limited liability company formed under the laws of the State of Delaware.

## THE PARTIES

6.    Alexander is a North Carolina limited liability limited partnership with its principal place of business located at 1311 Industry Drive, Burlington, North Carolina. Alexander is involved in the textile industry, specializing in the sale of fabric to garment manufacturers.

7.    RoKa is a Delaware limited liability company with its principal place of business at 9487 Regency Square Boulevard North, Jacksonville, Florida. RoKa is a manufacturer of various types of textile garments and undergarments.

## FACTS COMMON TO ALL COUNTS

8.    Pursuant to multiple purchase orders issued by RoKa, Alexander shipped various styles and colors of a customized fabric (the "Fabric") to Defendant between February and April 2005 to be used in the manufacture of their products.

9.    All of the Fabric was accepted by Roka. RoKa has either sold the Fabric, or continues to retain the sole and exclusive possession of the Fabric.

10.    On several occasions, RoKa acknowledged the total debt owed to Alexander for the Fabric, but stated it could not make payment due to severe financial difficulties. RoKa informed Alexander that it was involved in negotiations with other trade creditors to pay off its debts at a fraction of what was owed and had retained a New York based management firm to assist them in negotiating these trade creditor settlements.

11.    Despite Alexander's demand for payment and RoKa's acknowledgment of the debt, RoKa has refused to pay for the Fabric delivered by Alexander.

2

## COUNT ONE – BREACH OF CONTRACT

12.    Alexander repeats and realleges each and every allegation contained in the prior paragraphs of its Complaint as if set forth fully herein.

13.    There is a valid and enforceable agreement between the parties, to wit, Alexander would deliver specified quantities of fabric to Defendant, and Defendant would make payment for said fabric to Alexander.

14.    To date, Defendant has failed and refused to pay for the Fabric delivered by Alexander, which Defendant has either sold or still holds in its possession

15.    Defendant's failure to pay for the Fabric sold and delivered constitutes a breach of the parties' agreement

16.    Currently, Defendant owes Alexander $152,238.55 for the Fabric sold and delivered.

17.    As a direct and proximate result of Defendant's breach of contract, Alexander has and will continue to suffer substantial monetary damages.

## COUNT TWO – BOOK ACCOUNT

18.    Alexander repeats and realleges each and every allegation contained in the prior paragraphs of its Complaint as if set forth fully herein.

19.    As reflected in Alexander's books and business records, there is presently due and owing from Defendant to Alexander the sum of $152,238.55. Invoices evidencing the shipments of Fabric to RoKa and amounts outstanding are attached hereto as Exhibit A.

20.    Alexander has made numerous demands for payment of the outstanding balance and Defendant has failed and refused to make payment.

21.    As a result of Defendant's failure to make payment to Alexander, Defendant owes Alexander an outstanding balance of $152,238.55

3

## COUNT THREE – UNJUST ENRICHMENT

22.    Alexander repeats and realleges each and every allegation contained in the prior paragraphs of its Complaint as if set forth fully herein

23.    Alexander delivered the Fabric to Roka with the reasonable expectation that it would be timely compensated for same by Roka.

24.    Roka understood that Alexander reasonably expected to be compensated for the Fabric it delivered.

25.    Despite Alexander's repeated demands for payment, Defendant has failed and refused to pay for the Fabric and continues to maintain possession and control over the Fabric or the proceeds from its sale.

WHEREFORE, Plaintiff, Alexander Fabrics, LLLP, hereby requests judgment against Defendant, RoKa Apparel Products, LLC, as follows:

A.    Damages in an amount to be determined at trial;

B.    Reasonable attorneys' fees;

C.    Pre- and post-judgment interest;

D.    Costs of suit; and

E.    Such other and further relief as the Court deems just and proper under the circumstances.

_____

Chad M. Shandler (#3796)
Steven J. Fineman (#4025)
Gregory E. Stuhlman (#4765)
Richards, Layton & Finger
One Rodney Square
P. O. Box 551
Wilmington, DE    19801
(302)651-7700

DATED:  March 26, 2007

*Attorneys for Plaintiff*
*Alexander Fabrics, LLLP*

5

# EXHIBIT A

# Alexander Fabrics

POST OFFICE BOX 147
BURLINGTON, NORTH CAROLINA 27216-0147
TELEPHONE: 336/229-9139
FACSIMILE..: 336/228-3332

COPY 1

## INVOICE

INVOICE NUMBER:  0022999

INVOICE DATE:  2/01/2005

PAGE:  1

| | | | |
|---|---|---|---|
| **SOLD TO** | ROKA APPAREL PRODUCTS, LLC<br>9487 REGENCY SQUARE BLVD  N<br>JACKSONVILLE, FL  322250000 | **SHIP TO** | ROKA APPAREL PRODUCTS<br>C/O CROWLEY LOGISTICS. INC.<br>4222 JAMES E. CASEY DR<br><br>JACKSONVILLE, FL  32219 |

| | | | |
|---|---|---|---|
| **BOL** | 0028987 | **PO NUMBER** | R357928 |
| **TERMS** | NET 60 | **PO DATE** | 12/22/2004 |
| **SHIP VIA** | WATKINS TRUCK | **CONTRACT #** | 0008564-000 |
| **SHIP DATE** | 2/01/2005 | **SALESMAN** | DAVID BLOOM |

| Product Information | Dye Lot/Order # | # Pieces | U/M | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| 3126 0        1209<br>01302 GPB PALE BLUSH GPB<br>GPB PALE BLUSH<br><br>SHADE: 10 | 0020449000000 | 25 | YD<br>SY<br>LB | 2462.0<br>6291.8<br>829.2 | 3.000 | 7386.00 |
| | SUBTOTAL | | | 2462.0 | | 7386.00 |
| | TOTAL | | | 2462.0 | | 7386.00 |

Send Remittance To:
ALEXANDER FABRICS
P O. BOX 751597
CHARLOTTE, NC  28275  CAN

# Alexander Fabrics

POST OFFICE BOX 147
BURLINGTON, NORTH CAROLINA 27216-0147
TELEPHONE: 336/229-9139
FACSIMILE..: 336/228-3332

COPY 1

## INVOICE

INVOICE NUMBER:  0023000

INVOICE DATE:  2/01/2005

PAGE:  1

| SOLD TO | ROKA APPAREL PRODUCTS, LLC<br>9487 REGENCY SQUARE BLVD  N<br>JACKSONVILLE, FL  322250000 | SHIP TO | ROKA APPAREL PRODUCTS<br>C/O CROWLEY LOGISTICS, INC<br>4222 JAMES E  CASEY DR<br><br>JACKSONVILLE, FL  32219 |
|---|---|---|---|

| BOL | 0028988 | PO NUMBER | R357926 |
|---|---|---|---|
| TERMS | NET 60 | PO DATE | 12/22/2004 |
| SHIP VIA | WATKINS TRUCK | CONTRACT # | 0008562-000 |
| SHIP DATE | 2/01/2005 | SALESMAN | DAVID BLOOM |

| Product Information | Dye Lot/Order # | # Pieces | U/M | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| 3126 0      5445<br>01302 AIV ANTIQUE IVORY AIV<br>AIV ANTIQUE IVORY<br><br>SHADE: 10 | 0020579000000 | 2 | YD<br>SY<br>LB | 124 0<br>316 9<br>37.4 | 3 000 | 372 00 |
| | SUBTOTAL | | | 124 0 | | 372 00 |
| | TOTAL | | | 124 0 | | 372 00 |

Send Remittance To:
ALEXANDER FABRICS
P O  BOX 751597
CHARLOTTE, NC  28275

Continuing Guaranty Under the Flammable Fabrics Act and Textile Fiber Products Identification filed with the Federal Trade Commission

# Alexander Fabrics

POST OFFICE BOX 147
BURLINGTON, NORTH CAROLINA 27216-0147
TELEPHONE: 336/229-9139
FACSIMILE..: 336/228-3332

COPY 1

## INVOICE

INVOICE NUMBER:  0023306

INVOICE DATE:  2/11/2005

PAGE:  1

| | | |
|---|---|---|
| **SOLD TO** | ROKA APPAREL PRODUCTS, LLC<br>9487 REGENCY SQUARE BLVD  N<br>JACKSONVILLE, FL  322250000 | **SHIP TO**   ROKA APPAREL PRODUCTS<br>C/O CROWLEY LOGISTICS, INC.<br>4222 JAMES E. CASEY DR<br><br>JACKSONVILLE, FL  32219 |

**BOL**  0029282
**TERMS**  NET 90
**SHIP VIA**  WATKINS TRUCK
**SHIP DATE**  2/11/2005

**PO NUMBER**  R358473
**PO DATE**  1/24/2005
**CONTRACT #**  0000813-000
**SALESMAN**  DAVID BLOOM

| Product Information | Dye Lot/Order # | # Pieces | U/M | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| 3126 0        8062<br>01302 ATW TRUE WHITE ATW<br>ATW TRUE WHITE<br><br>SHADE: 10 | 0020818000000 | 14 | YD<br>SY<br>LB | 1344 0<br>3434.7<br>426 0 | 3 000 | 4032 00 |
| | SUBTOTAL | | | 1344 0 | | 4032 00 |
| | TOTAL | | | 1344.0 | | 4032 00 |

Send Remittance To:
ALEXANDER FABRICS
P O  BOX 751597
CHARLOTTE, NC  28275

Continuing Guaranty Under the Flammable Fabrics Act and Textile Fiber Products Identification filed with the Federal Trade Commission

# Alexander Fabrics

POST OFFICE BOX 147
BURLINGTON, NORTH CAROLINA 27216-0147
TELEPHONE: 336/229-9139
FACSIMILE..: 336/228-3332

COPY 1

# INVOICE

INVOICE NUMBER:  0023307

INVOICE DATE:  2/11/2005

PAGE:  1

| SOLD TO | ROKA APPAREL PRODUCTS, LLC 9487 REGENCY SQUARE BLVD  N JACKSONVILLE, FL  322250000 | SHIP TO | ROKA APPAREL PRODUCTS C/O CROWLEY LOGISTICS, INC 4222 JAMES E. CASEY DR. JACKSONVILLE, FL  32219 |
|---|---|---|---|

| | | | |
|---|---|---|---|
| BOL | 0029283 | PO NUMBER | R357928 |
| TERMS | NET 60 | PO DATE | 12/22/2004 |
| SHIP VIA | WATKINS TRUCK | CONTRACT # | 0008564-000 |
| SHIP DATE | 2/11/2005 | SALESMAN | DAVID BLOOM |

| Product Information | Dye Lot/Order # | # Pieces | U/M | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| 3126 0       1209 01302 GPB PALE BLUSH GPB GPB PALE BLUSH  SHADE: 10 | 0020687000000 | 3 | YD SY LB | 213 0 544.3 78 2 | 3.000 | 639 00 |
| | SUBTOTAL | | | 213 0 | | 639 00 |
| | TOTAL | | | 213 0 | | 639 00 |

Send Remittance To:
ALEXANDER FABRICS
P.O BOX 751597
CHARLOTTE, NC  28275

Continuing Guaranty Under the Flammable Fabrics Act and Textile Fiber Products Identification filed with the Federal Trade Commission

# Alexander Fabrics

POST OFFICE BOX 147
BURLINGTON, NORTH CAROLINA 27216-0147
TELEPHONE: 336/229-9139
FACSIMILE..: 336/228-3332

COPY 1

# INVOICE

INVOICE NUMBER:  0023308

INVOICE DATE:  2/11/2005

PAGE:  1

| | | | |
|---|---|---|---|
| SOLD TO | ROKA APPAREL PRODUCTS, LLC<br>9487 REGENCY SQUARE BLVD N<br>JACKSONVILLE, FL  322250000 | SHIP TO | ROKA APPAREL PRODUCTS<br>C/O CROWLEY LOGISTICS, INC<br>4222 JAMES E  CASEY DR<br><br>JACKSONVILLE. FL  32219 |

| | | | |
|---|---|---|---|
| BOL | 0029284 | PO NUMBER | R357927 |
| TERMS | NET 60 | PO DATE | 12/22/2004 |
| SHIP VIA | WATKINS TRUCK | CONTRACT # | 0008563-000 |
| SHIP DATE | 2/11/2005 | SALESMAN | DAVID BLOOM |

| Product Information | Dye Lot/Order # | # Pieces | U/M | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| 3126 0      8062<br>01302 ATW TRUE WHITE ATW<br>ATW TRUE WHITE<br><br>SHADE: 10 | 0020934000000 | 17 | YD<br>SY<br>LB | 1585 0<br>4050 6<br>569 8 | 3 000 | 4755 00 |
| | SUBTOTAL | | | 1585 0 | | 4755 00 |
| | TOTAL | | | 1585 0 | | 4755 00 |

Send Remittance To:
ALEXANDER FABRICS
P O. BOX 751597
CHARLOTTE, NC  28275

Continuing Guaranty Under the Flammable Fabrics Act and Textile Fiber Products Identification filed with the Federal Trade Commission

# Alexander Fabrics

POST OFFICE BOX 147
BURLINGTON, NORTH CAROLINA 27216-0147
TELEPHONE: 336/229-9139
FACSIMILE..: 336/228-3332

COPY 1

# INVOICE

INVOICE NUMBER:  0023503

INVOICE DATE:  2/17/2005

PAGE:  1

| SOLD TO | ROKA APPAREL PRODUCTS, LLC | SHIP TO | ROKA APPAREL PRODUCTS |
|---|---|---|---|
| | 9487 REGENCY SQUARE BLVD N | | C/O CROWLEY LOGISTICS, INC |
| | JACKSONVILLE, FL  322250000 | | 4222 JAMES E  CASEY DR. |
| | | | JACKSONVILLE, FL  32219 |

| BOL | 0029461 | PO NUMBER | R358647 |
|---|---|---|---|
| TERMS | NET 60 | PO DATE | 1/31/2005 |
| SHIP VIA | WATKINS TRUCK | CONTRACT # | 0008910-000 |
| SHIP DATE | 2/17/2005 | SALESMAN | DAVID BLOOM |

| Product Information | Dye Lot/Order # | # Pieces | U/M | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| 3126 0        5816 | 0020943000001 | 5 | YD | 458 0 | 3 280 | 1502 24 |
| 01302 AUB RICH BLACK AUB | | | SY | 1170 4 | | |
| AUB RICH BLACK | | | LB | 154 1 | | |
| SHADE: 30 | | | | | | |
| | SUBTOTAL | | | 458 0 | | 1502 24 |
| | TOTAL | | | 458 0 | | 1502 24 |

Send Remittance To:
ALEXANDER FABRICS
P O. BOX 751597
CHARLOTTE, NC  28275

Continuing Guaranty Under the Flammable Fabrics Act and Textile Fiber Products Identification filed with the Federal Trade Commission

# Alexander Fabrics

POST OFFICE BOX 147
BURLINGTON, NORTH CAROLINA 27216-0147
TELEPHONE: 336/229-9139
FACSIMILE.: 336/228-3332

COPY 1

## INVOICE

INVOICE NUMBER:   0023504

INVOICE DATE:   2/17/2005

PAGE:   1

| SOLD TO | ROKA APPAREL PRODUCTS, LLC<br>9487 REGENCY SQUARE BLVD  N<br>JACKSONVILLE, FL  322250000 | SHIP TO | ROKA APPAREL PRODUCTS<br>C/O CROWLEY LOGISTICS, INC<br>4222 JAMES E  CASEY DR<br><br>JACKSONVILLE, FL  32219 |

| BOL | 0029463 | PO NUMBER | R356665 |
|---|---|---|---|
| TERMS | NET 60 | PO DATE | 2/17/2005 |
| SHIP VIA | WATKINS TRUCK | CONTRACT # | 0009123-000 |
| SHIP DATE | 2/17/2005 | SALESMAN | DAVID BLOOM |

| Product Information | Dye Lot/Order # | # Pieces | U/M | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| 3126 0      8062<br>01302 ATW TRUE WHITE ATW<br>ATW TRUE WHITE<br><br>SHADE: 10 | 0020977000000 | 13 | YD<br>SY<br>LB | 1268 0<br>3240 5<br>456 5 | 3 000 | 3804 00 |
| | SUBTOTAL | | | 1268 0 | | 3804.00 |
| | TOTAL | | | 1268 0 | | 3804 00 |

Send Remittance To:
ALEXANDER FABRICS
P.O. BOX 751597
CHARLOTTE, NC  28275

Continuing Guaranty Under the Flammable Fabrics Act and Textile Fiber Products Identification filed with the Federal Trade Commission

# Alexander Fabrics

POST OFFICE BOX 147
BURLINGTON, NORTH CAROLINA 27216-0147
TELEPHONE: 336/229-9139
FACSIMILE.: 336/228-3332

COPY 1

# INVOICE

INVOICE NUMBER:  0023776

INVOICE DATE:  2/25/2005

PAGE:  1

| SOLD TO | ROKA APPAREL PRODUCTS, LLC<br>9487 REGENCY SQUARE BLVD. N<br>JACKSONVILLE  FL  322250000 | SHIP TO | ROKA APPAREL PRODUCTS<br>C/O CROWLEY LOGISTICS  INC<br>4222 JAMES E  CASEY DR<br><br>JACKSONVILLE  FL  32219 |
|---|---|---|---|

| BOL | 0029640 | PO NUMBER | R357928 |
|---|---|---|---|
| TERMS | NET 60 | PO DATE | 12/22/2004 |
| SHIP VIA | WATKINS TRUCK | CONTRACT # | 0008564-000 |
| SHIP DATE | 2/25/2005 | SALESMAN | DAVID BLOOM |

| Product Information | Dye Lot/Order # | # Pieces | U/M | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| 3126 0      1209<br>01302 GPB PALE BLUSH GPB<br>GPB PALE BLUSH<br><br>SHADE: 10 | 0020760000000 | 3 | YD<br>SY<br>LB | 176 0<br>449 8<br>66 2 | 3 000 | 528.00 |
| | SUBTOTAL | | | 176 0 | | 528.00 |
| | TOTAL | | | 176 0 | | 528.00 |

Send Remittance To:
ALEXANDER FABRICS
P O  BOX 751597
CHARLOTTE  NC  28275

Continuing Guaranty Under the Flammable Fabrics Act and Textile Fiber Products Identification filed with the Federal Trade Commission.

# Alexander Fabrics

POST OFFICE BOX 147
BURLINGTON, NORTH CAROLINA 27216-0147
TELEPHONE: 336/229-9139
FACSIMILE.: 336/228-3332

COPY 1

## INVOICE

INVOICE NUMBER:  0023777

INVOICE DATE:  2/25/2005

PAGE:  1

| SOLD TO | ROKA APPAREL PRODUCTS, LLC<br>9487 REGENCY SQUARE BLVD  N<br>JACKSONVILLE  FL  322250000 | SHIP TO | ROKA APPAREL PRODUCTS<br>C/O CROWLEY LOGISTICS, INC.<br>4222 JAMES E  CASEY DR<br><br>JACKSONVILLE  FL  32219 |
|---|---|---|---|

| BOL | 0029641 | PO NUMBER | R358616 |
|---|---|---|---|
| TERMS | NET 60 | PO DATE | 1/31/2005 |
| SHIP VIA | WATKINS TRUCK | CONTRACT # | 0008909-000 |
| SHIP DATE | 2/25/2005 | SALESMAN | DAVID BLOOM |

| Product Information | Dye Lot/Order # | # Pieces | U/M | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| 3126 0      5445<br>01302 AIV ANTIQUE IVORY AIV<br>AIV ANTIQUE IVORY<br><br>SHADE: 10 | 0020944000000 | 17 | YD<br>SY<br>LB | 1551 0<br>3963 7<br>485 0 | 3 000 | 4653 00 |
|  | SUBTOTAL |  |  | 1551 0 |  | 4653 00 |
|  | TOTAL |  |  | 1551 0 |  | 4653 00 |

Send Remittance To:
ALEXANDER FABRICS
P O  BOX 751597
CHARLOTTE  NC  28275

Continuing Guaranty Under the Flammable Fabrics Act and Textile Fiber Products Identification filed with the Federal Trade Commission

# Alexander Fabrics

POST OFFICE BOX 147
BURLINGTON, NORTH CAROLINA 27216-0147
TELEPHONE: 336/229-9139
FACSIMILE..: 336/228-3332

COPY 1

# INVOICE

INVOICE NUMBER:  0024246

INVOICE DATE:  3/11/2005

PAGE:  1

| SOLD TO | ROKA APPAREL PRODUCTS. LLC<br>9487 REGENCY SQUARE BLVD  N<br>JACKSONVILLE, FL  322250000 | SHIP TO | ROKA APPAREL PRODUCTS<br>C/O CROWLEY LOGISTICS, INC<br>4222 JAMES E  CASEY DR<br><br>JACKSONVILLE, FL  32219 . |
|---|---|---|---|

| BOL | 0030158 |
|---|---|
| TERMS | NET 60 |
| SHIP VIA | WATKINS TRUCK |
| SHIP DATE | 3/11/2005 |

| PO NUMBER | R359162 |
|---|---|
| PO DATE | 2/14/2005 |
| CONTRACT # | 0009081-000 |
| SALESMAN | DAVID BLOOM |

| Product Information | Dye Lot/Order # | # Pieces | U/M | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| 4637 0      5816<br>43520 AUB RICH BLACK AUB<br>AUB RICH BLACK<br><br>SHADE: 30 | 0021180000000 | 2 | YD<br>SY<br>LB | 2225 0<br>3955 6<br>558 2 | 3 700 | 8232 50 |
| | SUBTOTAL | | | 2225 0 | | 8232 50 |
| | TOTAL | | | 2225 0 | | 8232 50 |

Send Remittance To:
ALEXANDER FABRICS
P O  BOX 751597
CHARLOTTE, NC  28275

Continuing Guaranty Under the Flammable Fabrics Act and Textile Fiber Products Identification filed with the Federal Trade Commission

# Alexander Fabrics
POST OFFICE BOX 147
BURLINGTON, NORTH CAROLINA 27216-0147
TELEPHONE: 336/229-9139
FACSIMILE..: 336/228-3332

COPY 1

## INVOICE

INVOICE NUMBER:  0024247

INVOICE DATE:  3/11/2005

PAGE:  1

| SOLD TO | ROKA APPAREL PRODUCTS, LLC<br>9487 REGENCY SQUARE BLVD. N<br>JACKSONVILLE, FL  322250000 | SHIP TO | ROKA APPAREL PRODUCTS<br>C/O CROWLEY LOGISTICS, INC.<br>4222 JAMES E CASEY DR.<br><br>JACKSONVILLE, FL  32219 |

| | | | |
|---|---|---|---|
| BOL | 0030159 | PO NUMBER | R359160 |
| TERMS | NET 60 | PO DATE | 2/14/2005 |
| SHIP VIA | WATKINS TRUCK | CONTRACT # | 0009080-000 |
| SHIP DATE | 3/11/2005 | SALESMAN | DAVID BLOOM |

| Product Information | Dye Lot/Order # | # Pieces | U/M | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| 4637 0       7960<br>43520 AH7 EGGSHELL AH7<br>AH7 EGGSHELL<br><br>SHADE: 10 | 0021181000000 | 1 | YD<br>SY<br>LB | 1006 0<br>1788 4<br>291 0 | 3 910 | 3933 46 |
| | SUBTOTAL | | | 1006 0 | | 3933 46 |
| | TOTAL | | | 1006 0 | | 3933 46 |

<u>Send Remittance To:</u>
ALEXANDER FABRICS
P O. BOX 751597
CHARLOTTE, NC  28275

Continuing Guaranty Under the Flammable Fabrics Act and Textile Fiber Products Identification filed with the Federal Trade Commission

# Alexander Fabrics

POST OFFICE BOX 147
BURLINGTON, NORTH CAROLINA 27216-0147
TELEPHONE: 336/229-9139
FACSIMILE..: 336/228-3332

COPY 1

## INVOICE

INVOICE NUMBER:  0024457

INVOICE DATE:  3/18/2005

PAGE:  1

|  |  |
|---|---|
| SOLD TO | ROKA APPAREL PRODUCTS, LLC<br>9487 REGENCY SQUARE BLVD  N<br>JACKSONVILLE, FL  322250000 |
| SHIP TO | ROKA APPAREL PRODUCTS<br>C/O CROWLEY LOGISTICS. INC<br>4222 JAMES E  CASEY DR<br><br>JACKSONVILLE, FL  32219 |

BOL          0030327
TERMS        NET 60
SHIP VIA     WATKINS TRUCK
SHIP DATE    3/18/2005

PO NUMBER   R359145
PO DATE       2/14/2005
CONTRACT #  0009079-000
SALESMAN    DAVID BLOOM

| Product Information | Dye Lot/Order # | # Pieces | U/M | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| 32J2/115 0    1209<br>01301 GPB PALE BLUSH GPB<br>GPB PALE BLUSH<br><br>SHADE: 10 | 0021410000000 | 24 | YD<br>SY<br>LB | 2359 0<br>7535 7<br>1005 6 | 3 170 | 7478 03 |
|  | SUBTOTAL |  |  | 2359 0 |  | 7478 03 |
|  | TOTAL |  |  | 2359 0 |  | 7478 03 |

Send Remittance To:
ALEXANDER FABRICS
P O  BOX 751597
CHARLOTTE. NC  28275

Continuing Guaranty Under the Flammable Fabrics Act and Textile Fiber Products Identification filed with the Federal Trade Commission

PROOF

# ALEXANDER FABRICS INC.

## INVOICE

INVOICE NUMBER:  0024546

INVOICE DATE:  3/22/2005

PAGE:   1

| SOLD TO | ROKA APPAREL PRODUCTS, LLC<br>9487 REGENCY SQUARE BLVD  N<br>JACKSONVILLE, FL  322250000 | SHIP TO | ROKA APPAREL PRODUCTS<br>C/O CROWLEY LOGISTICS, INC<br>4222 JAMES E  CASEY DR<br>JACKSONVILLE, FL  32219 |
|---|---|---|---|

| | | | |
|---|---|---|---|
| BOL | 0030427 | PO NUMBER | R358647 |
| TERMS | NET 60 | PO DATE | 1/31/2005 |
| SHIP VIA | WATKINS TRUCK | CONTRACT # | 0008910-000 |
| SHIP DATE | 3/22/2005 | SALESMAN | DB |

| Product Information | Dye Lot/Order # | # Pieces | U/M | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| 3126 0        5816<br>01302 AUB RICH BLACK AUB<br>AUB RICH BLACK<br><br>SHADE: MEDIUM | 0021507000000 | 6 | YD<br>SY<br>LB | 490 0<br>1252 2<br>157 5 | 3 210 | 1572 90 |
| | SUBTOTAL | | | 490 0 | | 1572 90 |
| | TOTAL | | | 490 0 | | 1572 90 |

Send Remittance To:
This account has been assigned to, is owned by
and is payable in par funds only to:

.

To whom notice must be given of any merchandise
return or claims for shortage, non-delivery or
for other grounds

PROOF

# ALEXANDER FABRICS INC.

## INVOICE

INVOICE NUMBER:  0024547

INVOICE DATE:  3/22/2005

PAGE:  1

| | |
|---|---|
| SOLD TO | ROKA APPAREL PRODUCTS, LLC<br>9487 REGENCY SQUARE BLVD N<br>JACKSONVILLE, FL 322250000 |
| SHIP TO | ROKA APPAREL PRODUCTS<br>C/O CROWLEY LOGISTICS, INC<br>4222 JAMES E CASEY DR.<br>JACKSONVILLE, FL 32219 |

| | |
|---|---|
| BOL | 0030428 |
| TERMS | NET 60 |
| SHIP VIA | WATKINS TRUCK |
| SHIP DATE | 3/22/2005 |

| | |
|---|---|
| PO NUMBER | R359144 |
| PO DATE | 2/14/2005 |
| CONTRACT # | 0009078-000 |
| SALESMAN | DB |

| Product Information | Dye Lot/Order # | # Pieces | U/M | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| 3232/115 0     5816<br>01301 AUB AUB<br>AUB RICH BLACK<br><br>SHADE: 30 | 0021413000000 | 39 | YD<br>SY<br>LB | 3899 0<br>12455 1<br>1686 7 | 3 540 | 13802 46 |
| | SUBTOTAL | | | 3899 0 | | 13802 46 |
| | TOTAL | | | 3899 0 | | 13802 46 |

Send Remittance To:
This account has been assigned to, is owned by
and is payable in par funds only to:

,

To whom notice must be given of any merchandise
return or claims for shortage. non-delivery or
for other grounds

# Alexander Fabrics

POST OFFICE BOX 147
BURLINGTON, NORTH CAROLINA 27216-0147
TELEPHONE: 336/229-9139
FACSIMILE..: 336/228-3332

COPY 1

# INVOICE

INVOICE NUMBER:  0024612

INVOICE DATE:  3/23/2005

PAGE:  1

| SOLD TO | ROKA APPAREL PRODUCTS, LLC<br>9487 REGENCY SQUARE BLVD . N<br>JACKSONVILLE, FL  322250000 | SHIP TO | ROKA APPAREL PRODUCTS<br>C/O CROWLEY LOGISTICS, INC<br>4222 JAMES E. CASEY DR<br><br>JACKSONVILLE, FL  32219 |
|---|---|---|---|

| BOL | 0030474 | PO NUMBER | R359145 |
|---|---|---|---|
| TERMS | NET 60 | PO DATE | 2/14/2005 |
| SHIP VIA | WATKINS TRUCK | CONTRACT # | 0009079-000 |
| SHIP DATE | 3/23/2005 | SALESMAN | DAVID BLOOM |

| Product Information | Dye Lot/Order # | # Pieces | U/M | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| 3232/115 0    1209<br>01301 GPB PALE BLUSH GPB<br>GPB PALE BLUSH<br><br>SHADE: 10 | 0021671000000 | 4 | YD<br>SY<br>LB | 412 0<br>1316 1<br>187 0 | 3 170 | 1306 04 |
|  | SUBTOTAL |  |  | 412 0 |  | 1306.04 |
|  | TOTAL |  |  | 412 0 |  | 1306 04 |

Send Remittance To:
ALEXANDER FABRICS
P O  BOX 751597
CHARLOTTE  NC  28275

Continuing Guaranty Under the Flammable Fabrics Act and Textile Fiber Products Identification filed with the Federal Trade Commission

# Alexander Fabrics
POST OFFICE BOX 147
BURLINGTON, NORTH CAROLINA 27216-0147
TELEPHONE: 336/229-9139
FACSIMILE..: 336/228-3332

COPY 1

# INVOICE

INVOICE NUMBER:  0024613

INVOICE DATE:  3/23/2005

PAGE:  1

| SOLD TO | ROKA APPAREL PRODUCTS, LLC<br>9487 REGENCY SQUARE BLVD N<br>JACKSONVILLE, FL 322250000 | SHIP TO | ROKA APPAREL PRODUCTS<br>C/O CROWLEY LOGISTICS, INC<br>4222 JAMES E CASEY DR<br><br>JACKSONVILLE  FL  32219 |

| | | | |
|---|---|---|---|
| BOL | 0030475 | PO NUMBER | R359432 |
| TERMS | NET 60 | PO DATE | 3/08/2005 |
| SHIP VIA | WATKINS TRUCK | CONTRACT # | 0009361-000 |
| SHIP DATE | 3/23/2005 | SALESMAN | DAVID BLOOM |

| Product Information | Dye Lot/Order # | # Pieces | U/M | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| 3232/115 0    5910<br>AIA PINK TUNE    01301<br>AIA PINK TUNE<br><br>SHADE: 10 | 0021688000000 | 11 | YD<br>SY<br>LB | 1036 0<br>3309 4<br>436 6 | 3 170 | 3284 12 |
| | SUBTOTAL | | | 1036 0 | | 3284 12 |
| | TOTAL | | | 1036 0 | | 3284 12 |

Send Remittance To:
ALEXANDER FABRICS
P O BOX 751597
CHARLOTTE, NC 28275

Continuing Guaranty Under the Flammable Fabrics Act and Textile Fiber Products Identification filed with the Federal Trade Commission

# Alexander Fabrics

POST OFFICE BOX 147
BURLINGTON, NORTH CAROLINA 27216-0147
TELEPHONE: 336/229-9139
FACSIMILE..: 336/228-3332

COPY 1

## INVOICE

INVOICE NUMBER:  0024867

INVOICE DATE:  4/01/2005

PAGE:  1

| | | |
|---|---|---|
| SOLD TO | ROKA APPAREL PRODUCTS, LLC<br>9487 REGENCY SQUARE BLVD  N<br>JACKSONVILLE, FL  322250000 | |
| SHIP TO | ROKA APPAREL PRODUCTS<br>C/O CROWLEY LOGISTICS, INC<br>4222 JAMES E  CASEY DR<br><br>JACKSONVILLE, FL  32219 | |

BOL           0030696
TERMS         NET 60
SHIP VIA      WATKINS TRUCK
SHIP DATE     4/01/2005

PO NUMBER   R359145
PO DATE     2/14/2005
CONTRACT # 0009079-000
SALESMAN    DAVID BLOOM

| Product Information | Dye Lot/Order # | # Pieces | U/M | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| 3232/115 0    1209<br>01301 GPB PALE BLUSH GPB<br>GPB PALE BLUSH<br><br>SHADE: 10 | 0021410000001 | 21 | YD<br>SY<br>LB | 2055 6<br>6566 5<br>900 8 | 3 170 | 6516 25 |
| | SUBTOTAL | | | 2055 6 | | 6516 25 |
| | TOTAL | | | 2055 6 | | 6516 25 |

Send Remittance To:
ALEXANDER FABRICS
P.O  BOX 751597
CHARLOTTE, NC  28275

Continuing Guaranty Under the Flammable Fabrics Act and Textile Fiber Products Identification filed with the Federal Trade Commission

# Alexander Fabrics

POST OFFICE BOX 147
BURLINGTON, NORTH CAROLINA 27216-0147
TELEPHONE: 336/229-9139
FACSIMILE..: 336/228-3332

COPY 1

## INVOICE

INVOICE NUMBER:  0024868

INVOICE DATE:  4/01/2005

PAGE:  1

| SOLD TO | ROKA APPAREL PRODUCTS, LLC<br>9487 REGENCY SQUARE BLVD . N<br>JACKSONVILLE, FL  322250000 | SHIP TO | ROKA APPAREL PRODUCTS<br>C/O CROWLEY LOGISTICS; INC<br>4222 JAMES E  CASEY DR<br><br>JACKSONVILLE, FL  32219 |

| BOL | 0030697 |
| TERMS | NET 60 |
| SHIP VIA | WATKINS TRUCK |
| SHIP DATE | 4/01/2005 |

| PO NUMBER | R359144 |
| PO DATE | 2/14/2005 |
| CONTRACT # | 0009078-000 |
| SALESMAN | DAVID BLOOM |

| Product Information | Dye Lot/Order # | # Pieces | U/M | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| 3232/115 0    5816<br>01301 AUB AUB<br>AUB RICH BLACK<br><br>SHADE: 30 | 0021413000001 | 14 | YD<br>SY<br>LB | 1192 0<br>3807 8<br>536 8 | 3 540 | 4219.68 |
| | SUBTOTAL | | | 1192 0 | | 4219 68 |
| | TOTAL | | | 1192 0 | | 4219.68 |

Send Remittance To:
ALEXANDER FABRICS
P O  BOX 751597
CHARLOTTE, NC  28275

Under the Flammable Fabrics Act and Textile Fiber Products Identification filed with the Federal Trade Commission.

# Alexander Fabrics

POST OFFICE BOX 147
BURLINGTON, NORTH CAROLINA 27216-0147
TELEPHONE: 336/229-9139
FACSIMILE..: 336/228-3332

COPY 1

## INVOICE

INVOICE NUMBER:  0024869

INVOICE DATE:  4/01/2005

PAGE:  1

| SOLD TO | | SHIP TO | |
|---|---|---|---|
| ROKA APPAREL PRODUCTS, LLC | | ROKA APPAREL PRODUCTS | |
| 9487 REGENCY SQUARE BLVD N | | C/O CROWLEY LOGISTICS, INC | |
| JACKSONVILLE, FL  322250000 | | 4222 JAMES E  CASEY DR. | |
| | | JACKSONVILLE, FL  32219 | |

| BOL | 0030698 | PO NUMBER | R359143 |
|---|---|---|---|
| TERMS | NET 60 | PO DATE | 2/14/2005 |
| SHIP VIA | WATKINS TRUCK | CONTRACT # | 0009077-000 |
| SHIP DATE | 4/01/2005 | SALESMAN | DAVID BLOOM |

| Product Information | Dye Lot/Order # | # Pieces | U/M | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| 3232/115 0    8062 | 0021415000001 | 21 | YD | 2002 4 | 3 170 | 6347 61 |
| 01301 ATW TRUE WHITE ATW | | | SY | 6396 6 | | |
| ATW TRUE WHITE | | | LB | 847 6 | | |
| SHADE: 10 | | | | | | |
| | SUBTOTAL | | | 2002 4 | | 6347 61 |
| | TOTAL | | | 2002 4 | | 6347 61 |

Send Remittance To:
ALEXANDER FABRICS
P O  BOX 751597
CHARLOTTE, NC  28275

Flammable Fabrics Act and Textile Fiber Products Identification filed with the Federal Trade Commission

# Alexander Fabrics

POST OFFICE BOX 147
BURLINGTON, NORTH CAROLINA 27216-0147
TELEPHONE: 336/229-9139
FACSIMILE..: 336/228-3332

COPY 1

# INVOICE

INVOICE NUMBER:  0025049

INVOICE DATE:  4/08/2005

PAGE:  1

| SOLD TO | ROKA APPAREL PRODUCTS, LLC<br>9487 REGENCY SQUARE BLVD  N<br>JACKSONVILLE, FL  322250000 | SHIP TO | ROKA APPAREL PRODUCTS<br>C/O CROWLEY LOGISTICS, INC<br>4222 JAMES E  CASEY DR.<br><br>JACKSONVILLE, FL  32219 |

| BOL | 0030885 | PO NUMBER | R358647 |
| TERMS | NET 60 | PO DATE | 1/31/2005 |
| SHIP VIA | WATKINS TRUCK | CONTRACT # | 0008910-000 |
| SHIP DATE | 4/08/2005 | SALESMAN | DAVID BLOOM |

| Product Information | Dys Lot/Order # | # Pieces | U/M | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| 3126 0      5816<br>01302 AUB RICH BLACK AUB<br>AUB RICH BLACK<br><br>SHADE: 30 | 0021921000000 | 5 | YD<br>SY<br>LB | 466 0<br>1190 9<br>166 8 | 3 280 | 1528 48 |
| | SUBTOTAL | | | 466 0 | | 1528 48 |
| | TOTAL | | | 466 0 | | 1528.48 |

Send Remittance To:
ALEXANDER FABRICS
P O  BOX 751597
CHARLOTTE, NC  28275

Continuing Guaranty Under the Flammable Fabrics Act and Textile Fiber Products Identification filed with the Federal Trade Commission

# Alexander Fabrics

POST OFFICE BOX 147
BURLINGTON, NORTH CAROLINA 27216-0147
TELEPHONE: 336/229-9139
FACSIMILE..: 336/228-3332

COPY 1

## INVOICE

INVOICE NUMBER:  0025050

INVOICE DATE:  4/08/2005

PAGE:  1

| SOLD TO | ROKA APPAREL PRODUCTS, LLC<br>9487 REGENCY SQUARE BLVD· N<br>JACKSONVILLE, FL  322250000 | SHIP TO | ROKA APPAREL PRODUCTS<br>C/O CROWLEY LOGISTICS, INC<br>4222 JAMES E  CASEY DR<br><br>JACKSONVILLE, FL  32219 |
|---|---|---|---|

| BOL | 0030887 | PO NUMBER | R359432 |
|---|---|---|---|
| TERMS | NET 60 | PO DATE | 3/08/2005 |
| SHIP VIA | WATKINS TRUCK | CONTRACT # | 0009361-000 |
| SHIP DATE | 4/08/2005 | SALESMAN | DAVID BLOOM |

| Product Information | Dye Lot/Order # | # Pieces | U/M | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| 3232/115 0     5910<br>AIA PINK TUNE     01301<br>AIA PINK TUNE<br><br>SHADE: 10 | 0021922000000 | 3 | YD<br>SY<br>LB | 323 0<br>1031.8<br>158 4 | 3 170 | 1023 91 |
| | SUBTOTAL | | | 323 0 | | 1023 91 |
| | TOTAL | | | 323 0 | | 1023 91 |

Send Remittance To:
ALEXANDER FABRICS
P O  BOX 751597
CHARLOTTE, NC  28275

Continuing Guaranty Under the Flammable Fabrics Act and Textile Fiber Products Identification filed with the Federal Trade Commission

# Alexander Fabrics

POST OFFICE BOX 147
BURLINGTON, NORTH CAROLINA 27216-0147
TELEPHONE: 336/229-9139
FACSIMILE..: 336/228-3332

COPY 1

# INVOICE

INVOICE NUMBER:  0025051

INVOICE DATE:  4/08/2005

PAGE:  1

| SOLD TO | ROKA APPAREL PRODUCTS, LLC<br>9487 REGENCY SQUARE BLVD  N<br>JACKSONVILLE, FL  322250000 | SHIP TO | ROKA APPAREL PRODUCTS<br>C/O CROWLEY LOGISTICS, INC.<br>4222 JAMES E  CASEY DR.<br><br>JACKSONVILLE. FL  32219 |
|---|---|---|---|

| | | | |
|---|---|---|---|
| BOL | 0030893 | PO NUMBER | R359144 |
| TERMS | NET 60 | PO DATE | 2/14/2005 |
| SHIP VIA | WATKINS TRUCK | CONTRACT # | 0009078-000 |
| SHIP DATE | 4/08/2005 | SALESMAN | DAVID BLOOM |

| Product Information | Dye Lot/Order # | # Pieces | U/M | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| 3232/115 0    5816<br>01301 AUB AUB<br>AUB RICH BLACK<br><br>SHADE: 30 | 0021414000000 | 13 | YD<br>SY<br>LB | 1253.0<br>4002.6<br>487.8 | 3.540 | 4435.62 |
| | SUBTOTAL | | | 1253.0 | | 4435.62 |
| | TOTAL | | | 1253.0 | | 4435.62 |

Send Remittance To:
ALEXANDER FABRICS
P.O  BOX 751597
CHARLOTTE, NC  28275

Continuing Guaranty Under the Flammable Fabrics Act and Textile Fiber Products Identification filed with the Federal Trade Commission

# Alexander Fabrics

POST OFFICE BOX 147
BURLINGTON, NORTH CAROLINA 27216-0147
TELEPHONE: 336/229-9139
FACSIMILE..: 336/228-3332

COPY 1

## INVOICE

INVOICE NUMBER:  0025052

INVOICE DATE:  4/08/2005

PAGE:  1

| SOLD TO | ROKA APPAREL PRODUCTS, LLC<br>9487 REGENCY SQUARE BLVD. N<br>JACKSONVILLE, FL  322250000 | SHIP TO | ROKA APPAREL PRODUCTS<br>C/O CRONLEY LOGISTICS, INC<br>4222 JAMES E CASEY DR<br><br>JACKSONVILLE, FL  32219 |

| | | | |
|---|---|---|---|
| BOL | 0030895 | PO NUMBER | R359144 |
| TERMS | NET 60 | PO DATE | 2/14/2005 |
| SHIP VIA | WATKINS TRUCK | CONTRACT # | 0009078-000 |
| SHIP DATE | 4/08/2005 | SALESMAN | DAVID BLOOM |

| Product Information | Dye Lot/Order # | # Pieces | U/M | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| 3232/115 0    5816<br>01301 AUB AUB<br>AUB RICH BLACK<br><br>SHADE: 30 | 0021414000001 | 3 | YD<br>SY<br>LB | 245.0<br>782.6<br>94.4 | 3.540 | 867.30 |
| | SUBTOTAL | | | 245.0 | | 867.30 |
| | TOTAL | | | 245.0 | | 867.30 |

Send Remittance To:
ALEXANDER FABRICS
P O. BOX 751597
CHARLOTTE. NC  28275

Continuing Guaranty Under the Flammable Fabrics Act and Textile Fiber Products Identification filed with the Federal Trade Commission

# Alexander Fabrics

POST OFFICE BOX 147
BURLINGTON, NORTH CAROLINA 27216-0147
TELEPHONE: 336/229-9139
FACSIMILE..: 336/228-3332

COPY 1

## INVOICE

INVOICE NUMBER:  0025760

INVOICE DATE:  4/29/2005

PAGE:   1

| SOLD TO | ROKA APPAREL PRODUCTS, LLC<br>9487 REGENCY SQUARE BLVD  N<br>JACKSONVILLE, FL  322250000 | SHIP TO | ROKA APPAREL PRODUCTS<br>C/O CROWLEY LOGISTICS, INC.<br>4222 JAMES E  CASEY DR.<br><br>JACKSONVILLE, FL  32219 |
|---|---|---|---|

| | | | |
|---|---|---|---|
| BOL | 0031532 | PO NUMBER | R358647 |
| TERMS | NET 60 | PO DATE | 1/31/2005 |
| SHIP VIA | WATKINS TRUCK | CONTRACT # | 0008910-000 |
| SHIP DATE | 4/29/2005 | SALESMAN | DAVID BLOOM |

| Product Information | Dye Lot/Order # | # Pieces | U/M | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| 3126 0        5816<br>01302 AUB RICH BLACK AUB<br>AUB RICH BLACK<br><br>SHADE: 30 | 0022157000000 | 4 | YD<br>SY<br>LB | 348 0<br>889 3<br>118 0 | 3 280 | 1141.44 |
| | SUBTOTAL | | | 348.0 | | 1141.44 |
| | TOTAL | | | 348 0 | | 1141.44 |

Send Remittance To:
ALEXANDER FABRICS
P O  BOX 751597
CHARLOTTE, NC  28275

Continuing Guaranty Under the Flammable Fabrics Act and Textile Fiber Products Identification filed with the Federal Trade Commission

# Alexander Fabrics

POST OFFICE BOX 147
BURLINGTON, NORTH CAROLINA 27216-0147
TELEPHONE: 336/229-9139
FACSIMILE..: 336/228-3332

COPY 1

# INVOICE

INVOICE NUMBER:  0025761

INVOICE DATE:  4/29/2005

PAGE:  1

| SOLD TO | ROKA APPAREL PRODUCTS, LLC<br>9487 REGENCY SQUARE BLVD N<br>JACKSONVILLE, FL  322250000 | SHIP TO | ROKA APPAREL PRODUCTS<br>C/O CROWLEY LOGISTICS, INC.<br>4222 JAMES E. CASEY DR<br><br>JACKSONVILLE, FL  32219 |
|---|---|---|---|

| | | | |
|---|---|---|---|
| BOL | 0031533 | PO NUMBER | R359142 |
| TERMS | NET 60 | PO DATE | 2/14/2005 |
| SHIP VIA | WATKINS TRUCK | CONTRACT # | 0009075-000 |
| SHIP DATE | 4/29/2005 | SALESMAN | DAVID BLOOM |

| Product Information | Dye Lot/Order # | # Pieces | U/M | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| 3232/115 O    5445<br>01301AIV AIV<br>AIV ANTIQUE IVORY<br><br>SHADE: 10 | 0021418000000 | 50 | YD<br>SY<br>LB | 4882.9<br>15598.2<br>1913.2 | 3.170 | 15478.79 |
| | SUBTOTAL | | | 4882.9 | | 15478.79 |
| | TOTAL | | | 4882.9 | | 15478.79 |

Send Remittance To:
ALEXANDER FABRICS
P O. BOX 751597
CHARLOTTE, NC  28275

Continuing Guaranty Under the Flammable Fabrics Act and Textile Fiber Products Identification filed with the Federal Trade Commission

# Alexander Fabrics

POST OFFICE BOX 147
BURLINGTON, NORTH CAROLINA 27216-0147
TELEPHONE: 336/229-9139
FACSIMILE .: 336/228-3332

COPY 1

## INVOICE

INVOICE NUMBER:  0025762

INVOICE DATE:  4/29/2005

PAGE:  1

| SOLD TO | ROKA APPAREL PRODUCTS, LLC<br>9487 REGENCY SQUARE BLVD  N<br>JACKSONVILLE, FL  322250000 | SHIP TO | ROKA APPAREL PRODUCTS<br>C/O CROWLEY LOGISTICS, INC<br>4222 JAMES E  CASEY DR<br><br>JACKSONVILLE, FL  32219 |

| BOL | 0031534 |
| TERMS | NET 60 |
| SHIP VIA | WATKINS TRUCK |
| SHIP DATE | 4/29/2005 |

| PO NUMBER | R359143 |
| PO DATE | 2/14/2005 |
| CONTRACT # | 0009077-000 |
| SALESMAN | DAVID BLOOM |

| Product Information | Dye Lot/Order # | # Pieces | U/M | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| 3232/115 0    8062<br>01301 ATW TRUE WHITE ATW<br>ATW TRUE WHITE<br><br>SHADE: 10 | 0021416000000 | 33 | YD<br>SY<br>LB | 3203 0<br>10231 8<br>1350 4 | 3 170 | 10153.51 |
| | SUBTOTAL | | | 3203 0 | | 10153.51 |
| | TOTAL | | | 3203 0 | | 10153.51 |

Send Remittance To:
ALEXANDER FABRICS
P O  BOX 751597
CHARLOTTE, NC  28275

Registration Currently Under the Flammable Fabrics Act and Textile Fiber Products Identification filed with the Federal Trade Commission

# Alexander Fabrics

POST OFFICE BOX 147
BURLINGTON, NORTH CAROLINA 27216-0147
TELEPHONE: 336/229-9139
FACSIMILE..: 336/228-3332

COPY 1

# INVOICE

INVOICE NUMBER:  0025763

INVOICE DATE:  4/29/2005

PAGE:  1

| SOLD TO | ROKA APPAREL PRODUCTS, LLC<br>9487 REGENCY SQUARE BLVD. N<br>JACKSONVILLE, FL  322250000 | SHIP TO | ROKA APPAREL PRODUCTS<br>C/O CROWLEY LOGISTICS, INC.<br>4222 JAMES E. CASEY DR.<br><br>JACKSONVILLE, FL  32219 |
|---|---|---|---|

| BOL | 0031535 |
|---|---|
| TERMS | NET 60 |
| SHIP VIA | WATKINS TRUCK |
| SHIP DATE | 4/29/2005 |

PO NUMBER  R359143
PO DATE  2/14/2005
CONTRACT #  0009077-000
SALESMAN  DAVID BLOOM

| Product Information | Dye Lot/Order # | # Pieces | U/M | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| 3232/115 0    8062<br>01301 ATW TRUE WHITE ATW<br>ATW TRUE WHITE<br><br>SHADE: 10 | 0021415000000 | 32 | YD<br>SY<br>LB | 3089 0<br>9867.6<br>1326 2 | 3 170 | 9792 13 |
| | SUBTOTAL | | | 3089 0 | | 9792.13 |
| | TOTAL | | | 3089 0 | | 9792.13 |

Send Remittance To:
ALEXANDER FABRICS
P O  BOX 751597
CHARLOTTE, NC  28275

... Textile Fabric Act and Textile Fiber Products Identification filed with the Federal Trade Commission.

# Alexander Fabrics

POST OFFICE BOX 147
BURLINGTON, NORTH CAROLINA 27216-0147
TELEPHONE: 336/229-9139
FACSIMILE..: 336/228-3332

COPY 1

# INVOICE

INVOICE NUMBER:  0025764

INVOICE DATE:  4/29/2005

PAGE:  1

| SOLD TO | ROKA APPAREL PRODUCTS, LLC<br>9487 REGENCY SQUARE BLVD  N<br>JACKSONVILLE, FL  322250000 | SHIP TO | ROKA APPAREL PRODUCTS<br>C/O CROWLEY LOGISTICS, INC<br>4222 JAMES E  CASEY DR.<br><br>JACKSONVILLE, FL  32219 |
|---|---|---|---|

| BOL | 0031536 | PO NUMBER | R359143 |
|---|---|---|---|
| TERMS | NET 60 | PO DATE | 2/14/2005 |
| SHIP VIA | WATKINS TRUCK | CONTRACT # | 0009077-000 |
| SHIP DATE | 4/29/2005 | SALESMAN | DAVID BLOOM |

| Product Information | Dye Lot/Order # | # Pieces | U/M | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| 3232/115 0    8062<br>01301 ATW TRUE WHITE ATW<br>ATW TRUE WHITE<br><br>SHADE: 10 | 0021584000000 | 17 | YD<br>SY<br>LB | 1565 0<br>4999 3<br>662 3 | 3 170 | 4961.05 |
| | SUBTOTAL | | | 1565 0 | | 4961 05 |
| | TOTAL | | | 1565-0 | | 4961 05 |

Send Remittance To:
ALEXANDER FABRICS
P.O  BOX 751597
CHARLOTTE, NC  28275

# Alexander Fabrics

POST OFFICE BOX 147
BURLINGTON, NORTH CAROLINA 27216-0147
TELEPHONE: 336/229-9139
FACSIMILE..: 336/228-3332

COPY 1

## INVOICE

INVOICE NUMBER: 0025765

INVOICE DATE: 4/29/2005

PAGE: 1

| SOLD TO | ROKA APPAREL PRODUCTS, LLC<br>9487 REGENCY SQUARE BLVD N<br>JACKSONVILLE, FL 322250000 | SHIP TO | ROKA APPAREL PRODUCTS<br>C/O CROWLEY LOGISTICS, INC.<br>4232 JAMES E. CASEY DR<br><br>JACKSONVILLE, FL 32219 |

| | | | |
|---|---|---|---|
| BOL | 0031537 | PO NUMBER | R359144 |
| TERMS | NET 60 | PO DATE | 2/14/2005 |
| SHIP VIA | WATKINS TRUCK | CONTRACT # | 0009078-000 |
| SHIP DATE | 4/29/2005 | SALESMAN | DAVID BLOOM |

| Product Information | Dye Lot/Order # | # Pieces | U/M | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| 3232/115 0    5816<br>01301 AUB AUB<br>AUB RICH BLACK<br><br>SHADE: 30 | 0022101000000 | 6 | YD<br>SY<br>LB | 619 0<br>1977 4<br>274 8 | 3 540 | 2191 26 |
| | SUBTOTAL | | | 619 0 | | 2191 26 |
| | TOTAL | | | 619 0 | | 2191.26 |

Send Remittance To:
ALEXANDER FABRICS
P O BOX 751597
CHARLOTTE, NC 28275

Registration Currently Under the Flammable Fabrics Act and Textile Fiber Products Identification filed with the Federal Trade Commission.

# Alexander Fabrics

POST OFFICE BOX 147
BURLINGTON, NORTH CAROLINA 27216-0147
TELEPHONE: 336/229-9139
FACSIMILE.: 336/228-3332

COPY 1

# INVOICE

INVOICE NUMBER:  0025766

INVOICE DATE:  4/29/2005

PAGE:  1

SOLD
TO

ROKA APPAREL PRODUCTS, LLC
9487 REGENCY SQUARE BLVD. N
JACKSONVILLE, FL  322250000

SHIP
TO

ROKA APPAREL PRODUCTS
C/O CROWLEY LOGISTICS, INC.
4222 JAMES E. CASEY DR.

JACKSONVILLE, FL  32219

BOL            0031538
TERMS          NET 60
SHIP VIA       WATKINS TRUCK
SHIP DATE      4/29/2005

PO NUMBER  R359145
PO DATE      2/14/2005
CONTRACT #  0009079-000
SALESMAN    DAVID BLOOM

| Product Information | Dye Lot/Order # | # Pieces | U/M | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| 3232/115 0    1209<br>01301 GPB PALE BLUSH GPB<br>GPB PALE BLUSH<br><br>SHADE: 10 | 0021411000001 | 22 | YD<br>SY<br>LB | 2161 9<br>6906 1<br>854 6 | 3 170 | 6853.22 |
| | SUBTOTAL | | | 2161 9 | | 6853.22 |
| | TOTAL | | | 2161 9 | | 6853.22 |

Send Remittance To:
ALEXANDER FABRICS
P.O. BOX 751597
CHARLOTTE, NC  28275

Product Identification filed with the Federal Trade Commission.

# Alexander Fabrics

POST OFFICE BOX 147
BURLINGTON, NORTH CAROLINA 27216-0147
TELEPHONE: 336/229-9139
FACSIMILE..: 336/228-3332

COPY 1

# INVOICE

INVOICE NUMBER:  0025767

INVOICE DATE:  4/29/2005

PAGE:  1

| SOLD TO | ROKA APPAREL PRODUCTS, LLC<br>9487 REGENCY SQUARE BLVD. N<br>JACKSONVILLE, FL  322250000 | SHIP TO | ROKA APPAREL PRODUCTS<br>C/O CROWLEY LOGISTICS, INC.<br>4222 JAMES E. CASEY DR.<br><br>JACKSONVILLE, FL  32219 |

| BOL | 0031539 |
| TERMS | NET 60 |
| SHIP VIA | WATKINS TRUCK |
| SHIP DATE | 4/29/2005 |

| PO NUMBER | R359145 |
| PO DATE | 2/14/2005 |
| CONTRACT # | 0009079-000 |
| SALESMAN | DAVID BLOOM |

| Product Information | Dye Lot/Order # | # Pieces | U/M | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| 3232/115 0     1209<br>01301 GPB PALE BLUSH GPB<br>GPB PALE BLUSH<br><br>SHADE: 10 | 0021411000000 | 30 | YD<br>SY<br>LB | 2980.3<br>9520.4<br>1167.0 | 3.170 | 9447.55 |
|  | SUBTOTAL |  |  | 2980.3 |  | 9447.55 |
|  | TOTAL |  |  | 2980.3 |  | 9447.55 |

Send Remittance To:
ALEXANDER FABRICS
P.O. BOX 751597
CHARLOTTE, NC  28275

Continuing Guaranty Under the Flammable Fabrics Act and Textile Fiber Products Identification filed with the Federal Trade Commission.

# EXHIBIT B

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

ROKA APPAREL PRODUCTS, LLC,
a Delaware limited liability
company,

        Plaintiff,

vs.

ALEXANDER FABRICS, LLLP,
a North Carolina limited liability
limited partnership,

        Defendant.

_____/

CASE NO: 16-2007 CA000151-XXX
DIVISION: CV - E

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ROKA APPAREL PRODUCTS, LLC, a Delaware limited liability company ("ROKA" or "Plaintiff") sues ALEXANDER FABRICS, LLLP, a North Carolina corporation ("ALEXANDER" or "Defendant") and alleges as follows:

### JURISDICTION AND VENUE

1.    This is an action for damages in excess of $15,000.00 and for equitable and related relief.

2.    One or more of the causes of action accrued in Duval County, Florida.

### PARTIES

3.  Plaintiff ROKA is a limited liability company formed in Delaware, which, at all material times herein, maintained an office to transact business in Duval County Florida. ROKA is a manufacturer of women's undergarments and swimwear.

4.    Defendant ALEXANDER is a limited liability limited partnership formed in North Carolina with its principal place of business in North Carolina. ALEXANDER

engaged in significant business with ROKA in the State of Florida from which the causes of action alleged herein arose. ALEXANDER is a merchant engaged in the business of producing and selling specialized fabrics and related materials.

## GENERAL ALLEGATIONS

5.  WARNACO GROUP, INC. ("Warnaco") is a multi-brand, multi-channel apparel company with world-wide distribution. Warnaco owns and licenses a portfolio of highly recognized brand names. In 2004 ROKA entered into a contract with Warnaco to manufacture a large quantity of women's undergarments named All The Right Moves ("ATRM") (the "Warnaco Contract").

6.  In April 2004 ALEXANDER provided Warnaco with sample fabric, which ALEXANDER, by affirmation and promises to Warnaco and ROKA, represented to be suitable for the purpose for which it was intended to be used. The ALEXANDER sample fabric was tested and approved by Warnaco for use as a cup liner in the ATRM products which ROKA was manufacturing to fulfill the Warnaco contract. ALEXANDER assigned to this specialized liner fabric an in-house identification Number 70717. It was identified at ROKA as Number 8101. Hereinafter the goods will be described as "the ALEXANDER Number 70717/8101 liner fabric."

7.  Thereafter Warnaco instructed ROKA to place orders with ALEXANDER for the approved specialized liner fabric for use in the cup lining of the ATRM products ROKA was manufacturing to fulfill the Warnaco contract. Over the next several months, ROKA placed multiple orders with ALEXANDER for the Number 70717/8101 liner fabric.

8.  Simultaneously, ROKA placed orders for other component fabrics needed to

2

manufacture the ATRM products from several other vendors at substantial cost and expense to ROKA.

9.  Between April and early August 2004 ROKA produced large quantities of ATRM products, lining the cups with the ALEXANDER Number 70717/8101 liner fabric delivered by ALEXANDER.

10.  In early August, 2004 Warnaco notified ROKA that the ATRM products ROKA had manufactured with the ALEXANDER Number 70717/8101 liner fabric were not performing due to the failure of the ALEXANDER Number 70717/8101 liner fabric to perform according to specifications and that it was not in conformity with the sample and affirmations provided by ALEXANDER. In particular the ALEXANDER Number 70717/8101 liner fabric did not stretch or mold as required and had both a different fabric content and appearance than ALEXANDER's affirmations and the sample provided and approved.

11.  Both Warnaco and ROKA promptly notified ALEXANDER, upon discovery of the nonconformity, that the ALEXANDER Number 70717/8101 liner fabric shipped to ROKA failed to conform to specifications and was not the same as that ALEXANDER had promised and had submitted to Warnaco for testing and approval.

12.  Efforts to resolve the issues with ALEXANDER regarding the ALEXANDER Number 70717/8101 liner fabric failed and in early October 2004, Warnaco instructed ROKA to cease using the ALEXANDER Number 70717/8101 liner fabric in manufacturing the ATRM products.

13.  At that point in time ROKA was forced to destroy over $40,000 of ATRM garments already laminated and cut which contained the ALEXANDER Number

3

70717/8101 liner fabric  In addition, ROKA then had in inventory over 100,000 yards of the ALEXANDER Number 70717/8101 liner fabric which ROKA had ordered to fulfill the Warnaco contract

14.    ROKA notified ALEXANDER that it was rejecting and revoking the goods delivered, demanding credit for payments already made, and returning the unused ALEXANDER Number 70717/8101 liner fabric.  ROKA also sought instructions from ALEXANDER as to the return of the 100,000 yards ROKA had at its warehouse at the time.

15.    ALEXANDER refused to provide ROKA a credit and also refused to provide ROKA a return authorization number.  Instead ALEXANDER continued to ship goods to ROKA and notified ROKA not to return the ALEXANDER Number 70717/8101 liner fabric, telling ROKA that it would refuse any attempt by ROKA to return the goods.  Thereafter ROKA ceased making payments to ALEXANDER on invoices related to purchase orders dated from late 2004 into early 2005

16.    Despite commercially reasonable efforts by ROKA to find other uses for the ALEXANDER Number 70717/8101 liner fabric in its inventory, it has been unable to do so with the exception of a few thousand yards

17.    At the time of the filing of this suit, ROKA's current inventory of the non-conforming and defective ALEXANDER Number 70717/8101 liner fabric is approximately of 83,229 yards with a delivered cost of $166,480.

18.    As a result of ALEXANDER's failure to deliver the fabric ordered according to specifications and affirmations and the failure of the ALEXANDER Number 70717/8101 liner fabric to conform to its intended use, of which ALEXANDER was

4

aware at the time ROKA placed its orders, ROKA had approximately 14,000 dozens of open orders or forecasted orders cancelled.

19.   This loss of business, involving substantial quantities of the other materials ROKA had purchased and which were in its inventory to complete the ATRM garments, created additional and foreseeable consequential and incidental damages to ROKA in excess of $700,000.

20.   ROKA has at all relevant times had an advantageous business relationship with Warnaco which is one of ROKA's most important customers.

21.   At all relevant times, ALEXANDER had knowledge of ROKA's advantageous business relationships with Warnaco and ALEXANDER knew that the ALEXANDER Number 70717/8101 liner fabric ordered by ROKA was intended for use in products ROKA was manufacturing for and to the specifications of Warnaco. ALEXANDER also knew that ROKA would be purchasing other component fabrics and trim at substantial cost to manufacture the ATRM products and that the merchantability and success of the garments depended on the proper functioning of the ALEXANDER Number 70717/8101 liner fabric which was an integral and essential part of each finished ATRM garment manufactured by ROKA.

22.   ALEXANDER's failure to deliver conforming goods to ROKA that met the specifications ordered by ROKA and required by Warnaco resulted in Warnaco's refusal to accept goods manufactured by ROKA with ALEXANDER's defective product and further resulted in Warnaco's cancellation of substantial orders it had placed with ROKA, causing substantial damage to Plaintiff, including loss of anticipated profits, and impairment of goodwill with one of ROKA's major customers.

5

23. All conditions precedent to the bringing of this action have been performed, have occurred, or have been waived.

## COUNT I
## BREACH OF CONTRACT

24. Plaintiff realleges in this count the allegations set forth hereinabove in paragraphs 1 through 23 of this Complaint.

25. ROKA and ALEXANDER entered into a series of contracts for the purchase and delivery of ALEXANDER Number 70717/8101 liner fabric. Because defendant, ALEXANDER is in possession of same, copies of the purchase orders are not attached, but are incorporated by reference. The fabric delivered to ROKA by ALEXANDER was defective, failed to conform to specifications and affirmations of ALEXANDER, and did not perform for its intended use. As a direct result of this material breach by ALEXANDER, there was a total failure of consideration and ROKA has sustained, and continues to sustain economic damages.

26. As a further result of the total failure of consideration, ALEXANDER's failure of performance, and other misconduct described above, ROKA has incurred and will continue to incur additional costs and expenses, including reasonable attorney's fees.

WHEREFORE, ROKA demands judgment in its favor, together with an award of costs, pre-judgment interest, and all such other and additional relief as this Court may deem just and proper including reasonable attorney's fees.

## COUNT II
## BREACH OF EXPRESS WARRANTIES

27. Plaintiff realleges in this count the allegations set forth hereinabove in

paragraphs 1 through 23 of this Complaint.

28.    ALEXANDER created express warranties by affirmation, promise, description and sample provided by ALEXANDER to both Warnaco and ROKA that the ALEXANDER Number 70717/8101 liner fabric would perform for its intended use as a cup liner for the ATRM products and would conform to the express warranties.

29.    The goods delivered to ROKA by ALEXANDER breached the express warranties created by ALEXANDER. Among other things, the ALEXANDER Number 70717/8101 liner fabric was not fit for the purpose for which it was to be used, failed to conform to specifications, did not stretch or mold as required, and was not the same as that ALEXANDER had promised and had submitted to Warnaco for testing and approval.

30.    As a further result of ALEXANDER's breach of express warranties and other misconduct described herein, ROKA has incurred and will continue to incur additional costs and expenses, including reasonable attorney's fees.

WHEREFORE, ROKA demands judgment in its favor, together with an award of costs, pre-judgment interest, and all such other and additional relief as this Court may deem just and proper, including reasonable attorney's fees.

## COUNT III
## BREACH OF IMPLIED WARRANTIES

31.    Plaintiff realleges in this count the allegations set forth hereinabove in paragraphs 1 through 23 of this Complaint.

32.    A warranty that the ALEXANDER Number 70717/8101 liner fabric ordered by ROKA and delivered by ALEXANDER be merchantable is implied in each of the

contracts entered into between ROKA and ALEXANDER for the purchase of the ALEXANDER Number 70717/8101 liner fabric.

33. The ALEXANDER Number 70717/8101 goods delivered to ROKA were not merchantable. Among other things, the ALEXANDER Number 70717/8101 liner fabric was not fit for the purpose for which it was to be used and did not conform to specifications, affirmations by ALEXANDER nor the sample provided.

34. As a further result of ALEXANDER's breach of implied warranties and other misconduct described herein, ROKA has incurred and will continue to incur additional costs and expenses, including reasonable attorney's fees.

WHEREFORE, ROKA demands judgment in its favor, together with an award of costs, pre-judgment interest, and all such other and additional relief as this Court may deem just and proper including reasonable attorney's fees.

## DEMAND FOR JURY TRIAL

Pursuant to Florida Rule of Civil Procedure 1.430, ROKA demands a trial by jury of all issues so triable.

By: _____

BARBARA SLOTT PEGG

Florida Bar No. 275352
New York Bar No. 2140468
316 Sea Moss Lane
Ponte Vedra Beach, Florida 32082
Telephone No. (904) 285-8100
Facsimile No. (904) 285-8890

ATTORNEY FOR PLAINTIFF

# EXHIBIT C

Westlaw.

Not Reported in F.Supp.2d                                                        Page 1

Not Reported in F.Supp.2d, 2001 WL 940909 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

**C**
Ketterson v. Wolf
D.Del.,2001.
Only the Westlaw citation is currently available.
United States District Court, D. Delaware.
Quentin KETTERSON, et al., Plaintiffs,
v.
Douglas H. WOLF, et al., Defendants.
**No. Civ.A. 99-689-JJF.**

Aug. 14, 2001.

Charlene Davis, and Richard L. Abbott, of the
Bayard Firm, Wilmington, Delaware, Z. Lance
Samay, Morristown, New Jersey, for Plaintiffs, of
counsel.
R. Franklin Balotti, and Catherine G. Dearlove, of
Richards, Layton & Finger, P.A., Wilmington,
Delaware, Richard J. Idell, of Idell, Berman &
Seitel, San Francisco, California, for Defendant
Douglas H. Wolf, of counsel.
R. Franklin Balotti, and Catherine G. Dearlove, of
Richards, Layton & Finger, P.A., Wilmington,
Delaware, Richard B. Cooper, and Erik W. Kvam,
of Cooper, Brown & Behrle, P.C., New York, New
York, for Defendant Richard G. Buckingham, of
counsel.
Andre G. Bouchard, and Joel Friedlander, of
Bouchard Margules & Friedlander, Wilmington,
Delaware, Robert L. Fila, Columbia, Maryland, for
Defendant W. Lawrence Patrick, of counsel.

*MEMORANDUM OPINION*
FARNAN, J.
**\*1** Presently before the Court is Defendants
Douglas H. Wolf's and Richard G. Buckingham's
Motion to Dismiss for Lack of Diversity
Jurisdiction (D.I.75), and Defendant W. Lawrence
Patrick's Motion to Dismiss (D.I.79), pursuant to
Rule 12(b)(1) of the Federal Rules of Civil
Procedure. For the reasons discussed below, the
Court will grant the motions.

BACKGROUND

The Amended Complaint filed in this action alleges
the following facts. Plaintiff Quentin Ketterson ("
Mr.Ketterson") is an investment banker based in
New Jersey who is engaged in the business of
facilitating transactions in the broadcast and
computer software industries. Mr. Ketterson created
Plaintiff Triangle Broadcasting Company, L.L.C. ("
Triangle")(collectively "Plaintiffs"), which is a
Delaware limited liability company, in the fall of
1995 "for the express purpose of specializing in
acquiring control of, or in any way facilitating the
sale of, the stock of broadcasting companies, which
own groups of TV and/or radio stations." Defendant
Douglas H. Wolf ("Mr.Wolf"), from San Francisco,
California, and Defendant Richard G. Buckingham ("
Mr.Buckingham"), from New York, are both
attorneys and businessmen who specialize in "
facilitating tax-driven business transactions."
Defendant W. Lawrence Patrick ("Mr.Patrick") is a
Maryland attorney who owns Patrick
Communications Corporation, a radio and
television station brokerage firm (the individual
defendants are collectively "Defendants").

Mr. Ketterson and Mr. Patrick, who were
introduced by a mutual friend in early 1995, agreed
to become equal partners in a business of "soliciting
broadcast station sellers, buyers and brokers." In
July of 1995, as a result of their initial work on this
venture, Mr. Ketterson and Mr. Patrick were
introduced to Mr. Buckingham, who at the time was
affiliated with Mr. Wolf in an unincorporated
association. Mr. Ketterson and Mr. Patrick were
impressed with some of Mr. Buckingham's business
proposals and sought to work with him in the future.
In anticipation of working with Mr. Buckingham
and Mr. Wolf, on or about August 1, 1995, Mr.
Ketterson and Mr. Patrick executed a letter
agreement establishing a partnership in which they
would equally share any compensation earned as a
part of their dealings with Mr. Buckingham and Mr.
Wolf. At the end of October 1995, after several

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2001 WL 940909 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 2

weeks of frequent communications among all four individuals, Mr. Ketterson and Mr. Patrick agreed with Mr. Buckingham and Mr. Wolf to formalize their business relationship by executing an agreement to create Triangle, a Delaware limited liability company, in which each individual would have a 25% interest. According to the terms of the agreement, Triangle's existence was effectuated on November 20, 1995. The purpose of Triangle was to "pursue and facilitate broadcast station sales transactions."

During the ensuing months, Mr. Ketterson and Mr. Patrick began working on Triangle's behalf, when, in February of 1996, they learned that Mr. Buckingham and Mr. Wolf had recently completed a $165 million broadcast station stock sale separate from Triangle's business operations. Mr. Ketterson and Mr. Patrick continued to learn of other independent business activities in which Mr. Buckingham and Mr. Wolf had been engaging, and the controversy among the four escalated in July of 1996 when Mr. Wolf expressed reluctance "to honor his contractual commitment to share equally Triangle's earnings with [Mr. Ketterson and Mr. Patrick]."

**\*2** Despite their concerns about Mr. Buckingham and Mr. Wolf, Mr. Ketterson and Mr. Patrick continued to work in securing transactions for Triangle, and they regularly sent Mr. Buckingham and Mr. Wolf update letters to detail their progress. In response to one of these letters, in August of 1996, Mr. Buckingham and Mr. Wolf informed Mr. Ketterson and Mr. Patrick of their desire to "redefine" their relationship. Rather than resisting and possibly irreparably damaging their relationship with Mr. Buckingham and Mr. Wolf, Mr. Ketterson and Mr. Patrick drafted a modification of their agreement reducing their respective share of Triangle's profits.

In October 1996, Mr. Ketterson received a copy of a letter authored by Mr. Patrick that indicated that Mr. Ketterson had been completely excluded from a number of completed and pending Triangle transactions. On November 11, 1996, Mr. Ketterson received a letter from Mr. Buckingham and Mr. Wolf in which the two "purported to 'withdraw'

from Triangle retroactively to August 1996." Mr. Ketterson quickly objected in writing to "the impropriety of the action of [Mr. Buckingham and Mr. Wolf in totally usurping Triangle's business and circumventing the LLC Agreement." In December 1996, Mr. Buckingham and Mr. Wolf informed Mr. Patrick that he could maintain his financial relationship with them, and could be indemnified by them, only if Mr. Patrick agreed to (1) withdraw from Triangle, (2) accept $140,000 as his share of earnings for all of his contributions to Triangle to that date, (3) exclude Mr. Ketterson from any future broadcast station transaction, and (4) deprive Mr. Ketterson of any monies owed to him and of any legal rights that he may have possessed. Mr. Patrick eventually sent a letter to Mr. Ketterson on December 24, 1996, that expressed his desire to formally end his business relationship with Mr. Ketterson and stating that he would continue doing business with Mr. Buckingham and Mr. Wolf. On May 27, 1997, Mr. Ketterson authored a letter to Mr. Buckingham and Mr. Wolf which demanded an accounting of all of Triangle's profits, but Mr. Ketterson received no response. His follow-up phone calls in late 1997 and early 1998 also went unanswered.

On November 10, 1998, Plaintiffs (Mr. Ketterson and Triangle) filed an action in the United States District Court for the District of New Jersey. (D.I. 88 at 1). Plaintiffs' Amended Complaint asserts claims for (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) breach of fiduciary duties, (4) conversion, (5) oppressive conduct, (6) fraud and conspiracy to defraud, (7) unjust enrichment, and (8) tortious interference with business opportunities, and it also demands an accounting of all of Triangle's profits. On October 14, 1999, the New Jersey court transferred the action to this Court because of improper venue. (D.I. 88 at 2). Defendants filed the instant motions on March 10, 2000, seeking dismissal of Plaintiffs' Amended Complaint due to lack of subject matter jurisdiction. (D.I. 88 at 2).

### DISCUSSION

**\*3** In order for the Court to have subject matter

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                  Page 3

Not Reported in F.Supp.2d, 2001 WL 940909 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

jurisdiction of an action containing only state law claims, there must be "complete diversity [of citizenship] between all plaintiffs and all defendants." *Development Fin. Corp. v. Alpha Hous. & Health Care, Inc.*, 54 F.3d 156, 158 (3d Cir.1995). The burden to establish jurisdiction is on the plaintiff. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, in this case, if Plaintiffs fail to establish that the citizenship of every Defendant is different than the citizenship of every Plaintiff, the Court lacks jurisdiction and it must grant Defendants' motions.

### A. Citizenship of a Delaware Limited Liability Company

In order to resolve Defendants' motions, the Court must resolve the issue of a Delaware limited liability company's citizenship for diversity of jurisdiction purposes. After a review of the available case law, the Court concludes that a limited liability company is a citizen of the states of which its individual members are citizens. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 187-192 (1990)(holding that only corporations, and not other business entities such as limited partnerships, are considered citizens of the state which created it); *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir.2000)(holding that limited liability companies have the citizenship of all of its members).

Since Plaintiff Triangle is a Delaware limited liability company and Defendants were all indisputably members of Triangle, the only way for there to be complete diversity in the instant case is if each Defendant effectively withdrew from Triangle, and that after such withdrawal, each Defendant was a citizen of a different state than each Plaintiff. However, as explained below, the Court concludes that Plaintiffs have failed to adequately allege such facts.

### B. Defendants' Motions Raise Facial Challenges to the Court's Jurisdiction

Two types of Rule 12(b)(1) motions to dismiss for

lack of subject matter jurisdiction may be brought by a defendant. One is a facial challenge to the Court's jurisdiction. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir.2000). When asserting a facial challenge, a defendant contends that the complaint alleges facts that, even if true, would not be sufficient to establish the court's jurisdiction. *Id.* In deciding a facial challenge, a Court "must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Id.* However, a defendant can also assert a factual challenge to the court's subject matter jurisdiction, which contends that the allegations in the complaint establishing jurisdiction are not sufficiently supported by the facts. *Id.* When considering a factual challenge, a court can consider evidence outside of the pleadings. *Id.*

In the instant case, Defendants' motions present facial challenges to the Court's jurisdiction. In their motions, Defendants contend that Plaintiffs refuse to allege in their Amended Complaint that Defendants effectively withdrew from Triangle. (D.I. 96 at 7)(noting that the Amended Complaint repeatedly refers to Defendants' "purported" withdrawal). Thus, the Court concludes that it can only review and consider the Amended Complaint and its attached documents when resolving Defendants' motions.

**\*4** After reviewing Plaintiffs' Amended Complaint, it is clear that Plaintiffs do not allege that Defendants effectively withdrew from Triangle. Thus, Plaintiffs have failed to satisfy their burden of pleading the basis for the Court's jurisdiction, and Defendants' motions to dismiss must be granted.

### C. Plaintiffs Do Not Even Contend that the Amended Complaint Sufficiently Pleads the Basis of the Court's Jurisdiction

Plaintiffs contend that the Court should not construe Defendants' challenge as a facial challenge because there is a dispute of material fact as to whether or not Defendants effectively withdrew from Triangle. In particular, Plaintiffs cite to a complaint and its attached documents that Defendants filed in the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d, 2001 WL 940909 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Delaware Court of Chancery ("Chancery Court") seeking a declaratory judgment that Defendants had effectively withdrawn from Triangle in 1996.[FN1] (D.I. 88 at 2, 11-12). Because Defendants' present motions raise facial challenges to the Court's jurisdiction, the Court concludes that whether or not Defendants actually withdrew is irrelevant. What is relevant is whether Plaintiffs have pleaded facts that establish that Defendants withdrew. Plaintiffs have not, and therefore, their contentions in opposition to Defendants' motions are unsupported.[FN2]

> FN1. The Chancery Court action has been stayed pending resolution of the instant action. (D.I. 88 at 2).

> FN2. It appears that Plaintiffs have made certain tactical decisions when drafting their pleadings, but the Court is limited by the facts pleaded when deciding Defendants' motions. *Chemical Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.,* 177 F.3d 210, 222 n. 13 (3d Cir.1999) (stating that, even if the parties do not dispute that diversity of citizenship exists, the complaint still must allege facts establishing diversity, or dismissal is warranted).

Plaintiffs contend that the Chancery Court complaint can be considered by the Court in resolving the instant motions, despite the Court's conclusion that Defendants' motions raise facial challenges, because the complaint is a public record. (D.I. 88 at 11)(citing *Pension Benefit Guar. Corp v. White Consol Indus., Inc.,* 998 F.2d 1192, 1196-97 (3d Cir.1993)). However, the cases that have allowed consideration of public records involved Rule 12(b)(6) motions to dismiss, and the Court concludes that to allow consideration of public records on a Rule 12(b)(1) facial challenge would be to disregard the facial challenge/factual challenge distinction. *See Gould,* 220 F.3d at 176 n. 6 (extending *Pension Benefit* to allow consideration of documents attached to a complaint when deciding a Rule 12(b)(1) facial attack, but not discussing whether or not it would also allow consideration of public records); *Bell Atl.-Pa., Inc.*

*v. Pennsylvania Pub. Util. Comm'n,* 107 F.Supp.2d 653, 658-59 (E.D.Pa.2000)(discussing how Courts can consider public records when analyzing Rule 12(b)(6) motions to dismiss, but recognizing that Rule 12(b)(1) motions to dismiss are analyzed under a different standard than Rule 12(b)(6) motions, and further, that can courts can consider documents outside the pleadings when analyzing Rule 12(b)(1) motions only if the motion presents a factual challenge).[FN3]

> FN3. One court has held that public records can be considered by a court in deciding a Rule 12(b)(1) facial challenge. *Hunter v. United States,* 2000 WL 1880257, at *3 (M.D.Pa. Dec. 15, 2000). The court noted that, when discussing what materials may be considered by a court in determining a Rule 12(b)(1) facial challenge, the *Gould* court cited *Pension Benefit,* which involved a Rule 12(b)(6) motion. *Id.* Since the *Pension Benefit* court allowed consideration of public records, the court in *Hunter* reasoned that *Gould* implicitly allows for the consideration of public records when deciding a Rule 12(b)(1) facial attack. *Id.* The court reasoned that this conclusion "comports with the fact that both a Rule 12(b)(6) motion and a Rule 12(b)(1) facial attack argue that the propriety of dismissal is apparent from the face of the complaint." *Id.*
> The Court concludes that the reasoning in *Hunter* is not helpful for two reasons. First, the Court believes *Hunter* inaccurately characterizes the *Gould* court's citation of *Pension Benefit. Gould* merely cited *Pension Benefit* for the proposition that the Third Circuit could "think of no principled reason why a court, in resolving a 12(b)(1) facial attack should not also consider documents *attached to the complaint." Gould,* 220 F.3d at 176 n. 6 (emphasis added). *Gould* did not hold that public records can be considered in resolving a Rule 12(b)(1) facial challenge. Second, even if *Gould* had intended to suggest that

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2001 WL 940909 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

public records could be considered in resolving a Rule 12(b)(1) facial attack, the Court concludes that the instant circumstances present a "principled reason" why they should not be considered. Plaintiffs hope to avoid dismissal on jurisdictional grounds by relying on public records, but Plaintiffs also do not want to be "bound" by the allegations in the public records for other issues, such as damages. It would be unfair to Defendants to allow Plaintiffs to rely on public records for purposes of jurisdiction, yet avoid having to plead the same facts in their Complaint because they may adversely affect other issues in the case.

Plaintiffs also contend that the Court should deny Defendants' motions because (1) it would be an abuse of discretion to rule on the jurisdictional issue without affording them an opportunity to conduct jurisdictional discovery, and (2) the decision resolving the jurisdictional issue should be postponed until trial because the jurisdictional issue is so intertwined with the merits of the case. (D.I. 88 at 13-16). As to Plaintiffs' first contention, because the Court concludes that Plaintiffs' Amended Complaint is facially deficient, the deficiency could not be cured by discovery. As to Plaintiffs' second contention, the Court concludes that it would be inappropriate to accept jurisdiction and consider the case on its merits where the challenge to the Court's jurisdiction is facial in nature. *See Society Hill Towers Owners, Ass'n v. Rendell,* 210 F.3d 168, 175 (3d Cir.2000)(noting that the Supreme Court "has recently cautioned against the practice of assuming jurisdiction and reaching the merits of a dispute," because issuing a decision based on such "hypothetical jurisdiction" is essentially an advisory opinion)(quoting *Steel Co. v. Citizens for Better Env't,* 523 U.S. 83, 93 (1998)).

**\*5** In sum, the Court concludes that Plaintiffs fail to meet their burden to affirmatively plead facts necessary to establish the basis of the Court's jurisdiction. Thus, the Court concludes that Defendants' motions should be granted.

CONCLUSION

For the reasons discussed, the Court will grant Defendants' motions to dismiss for lack of subject matter jurisdiction.

An appropriate Order will be entered.

*ORDER*

At Wilmington this 14 day of August, 2001, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:
1. Defendants Douglas H. Wolf's and Richard G. Buckingham's Motion to Dismiss for Lack of Diversity Jurisdiction (D.I.75) is *GRANTED.*
2. Defendant W. Lawrence Patrick's Motion to Dismiss (D.I.79) is *GRANTED.*
3. Motion of Defendants Wolf and Buckingham to Compel Discovery (D.I.73) is *DENIED AS MOOT.*

D.Del.,2001.
Ketterson v. Wolf
Not Reported in F.Supp.2d, 2001 WL 940909 (D.Del.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT D

Westlaw.

Not Reported in F.Supp.2d                                                                                          Page 1

Not Reported in F.Supp.2d, 2006 WL 2038504 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

**H**
Cashedge, Inc. v. Yodlee, Inc.
D.Del.,2006.
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
CASHEDGE, INC., Plaintiff,
v.
YODLEE, INC., Defendant.
**No. Civ.A.06-170 JJF.**

July 19, 2006.

Arthur G. Connolly, III, of Connolly Bove Lodge &
Hutz LLP, Wilmington, Delaware, Drew M.
Wintringham, III, and Mark W. Rueh, of Clifford
Chance Rogers & Wells LLP, New York City, New
York, for Plaintiff, of Counsel.
William J. Marsden, Jr., and Kyle Wagner Compton
, of Fish & Richardson, P.C., Wilmington,
Delaware, David M. Barken, and Craig R. Compton
, of Fish & Richardson, P.C., Redwood City,
California, for Defendant, of Counsel.

*MEMORANDUM OPINION*
FARNAN, J.
*1 Pending before the Court is Defendant's Motion
To Transfer (D.I.12). For the reasons discussed, the
Motion will be granted.

### I. BACKGROUND

Plaintiff was issued United States Patent No.
7,013,310 ("the '310 patent"), entitled "Method
And Apparatus For Retrieving And Processing Data
" on March 14, 2006. That same day, Plaintiff filed
its Complaint in this Court, alleging infringement of
the '310 patent. (D.I.1). Defendant filed its Answer
and Counterclaim on April 4, 2006, and stated its
intent to file a motion to transfer. (D.I.5). On May
4, 2006, Defendant filed its Motion to Transfer. (D
.I.12).

Defendant's Motion to Transfer is based on a
pending action in the Northern District of
California, Case No. C-05-1550-SI. On April 14,
2005, Defendant filed a patent infringement action
in the Northern District of California, alleging that
Plaintiff infringed several of its U.S. Patents. In
response, Plaintiff filed an action in the same court,
seeking         a         declaratory         judgment         of
non-infringement, invalidity, and unenforceability
of the patents asserted in Defendant's case and
additional patents. Those two actions were
consolidated into one nine-patent case ("the
California action"). The California court conducted
a Markman hearing on April 26, 2006.

### II. PARTIES' CONTENTIONS

By its Motion, Defendant contends that, pursuant to
28 U.S.C. § 1404(a), the Court should transfer this
action to the Northern District of California. In
support of this contention, Defendant argues that
Plaintiff's allegations of infringement of the '310
patent are related to the allegations in the California
action. Further, Defendant contends that certain
patents in the California action are prior art to
Plaintiff's '310 patent and form the basis of
Defendant's inequitable conduct defense.[FN1] In
response, Plaintiff contends that the Court should
deny the Motion because Plaintiff chose Delaware,
the California action is unrelated, and judicial
economy would not be served by transfer.

> FN1. Defendant alleges that, at a
> minimum, United States Patent Nos.
> 6,317,783 ("the '783 patent"), 6,199,077 ("
> the '077 patent"), and 6,412,073 ("the '073
> patent") are material prior art to Plaintiff's
> '310 patent. (D.I. 5 at ¶ 23).

### III. DISCUSSION

Under 28 U.S.C. § 1404(a), "[f]or the convenience

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                              Page 2

Not Reported in F.Supp.2d, 2006 WL 2038504 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Since it is undisputed that Plaintiff could have brought the instant action in the Northern District of California, the Court's only task is to determine whether the factors enumerated in Section 1404(a) warrant a transfer under the circumstances.

The Third Circuit has set forth a list of factors for district courts to consider when deciding whether or not to transfer venue. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3d Cir.1995). These factors include six private interests: (1) the plaintiff's forum preference as evidenced by his or her original choice, (2) the defendant's preference, (3) whether the claim arose elsewhere, (4) the convenience of the parties due to their relative physical and financial condition, (5) the convenience of the expected witnesses, but only so far as the witnesses might be unavailable for trial if the trial is conducted in a certain forum, and (6) the location of books and records, to the extent that the books and records could not be produced in a certain forum. *Id.* at 879. The factors also include six public interests for courts to consider: (1) the enforceability of the judgment, (2) practical considerations regarding the ease, speed, or expense of trial, (3) the administrative difficulty due to court congestion, (4) the local interest in deciding local controversies in the home forum, (5) the public policies of the two fora, and (6) the trial judge's familiarity with the applicable state law in diversity cases. *Id.* at 879-80. District courts must balance all of the relevant factors and determine whether a transfer of venue would best serve all the aforementioned interests. *Id.* at 883. The burden is on the movant to establish that the balance of the interests weighs in favor of the requested transfer, and a transfer will be denied if the factors are evenly balanced or weigh only slightly in favor of the transfer. *Continental Cas. Co. v. Am. Home Assurance Co.*, 61 F.Supp.2d 128, 131 (D.Del.1999).

## A. *PRIVATE INTERESTS*

**\*2** Although the plaintiff's choice of forum is

entitled to substantial deference and should not be lightly disturbed, *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir.1920), when the plaintiff lacks a rational and legitimate reason to litigate in the forum, the transfer of a case to a more appropriate forum is less inconvenient. *Brunswick Corp. v. Precor Inc.*, 2000 U.S. Dist. LEXIS 22222, at \*7 (D.Del. Dec. 12, 2000); *See Waste Distillation Tech., Inc. v. Pan Am. Res., Inc.*, 775 F.Supp. 759, 764 (D.Del.1991). A corporation's decision to incorporate in a particular state is a rational and legitimate reason to choose to litigate in that state. *Stratos Lightwave, Inc. v. E2O Communs., Inc.*, 2002 U.S. Dist. LEXIS 5653, C.A. No. 01-309 JJF, at \*7 (D.Del. March 26, 2002). Accordingly, the first factor weighs against transfer, and Defendant must demonstrate that the other *Jumara* factors strongly favor a transfer to California.

The Court concludes that the other private interest factors weigh in favor of transfer. Here, both parties are Delaware corporations with principal places of business outside Delaware. Plaintiff is headquartered in New York City, and Defendant is headquartered in Redwood City, California. Both parties maintain offices in the Northern District of California. Also, there are likely witnesses, such as former employees, that still reside in the Northern District of California. The location of books and records is neutral as neither party has argued that it would be unable to produce documents in either forum.

Importantly, the same parties are currently litigating in the Northern District of California. Although the Court understands that the California action and this action are different,[FN2] the technologies at issue all relate to data extraction, retrieval, or presentation through Internet technologies, such as web sites and web pages. The Northern District of California is more convenient for the parties because the parties and potential witnesses are located in that district, the parties have proven capable to litigate there, and the court is already familiar with the parties and their technologies.

FN2. This action requires claim construction of the claim language of the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2006 WL 2038504 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 3

'310 patent, which is not part of the California action. However, Defendant's patents-in-suit in the California action are relevant to its defenses and counterclaim in this action.

### B. *PUBLIC INTERESTS*

The Court also concludes that the public interest factors weigh in favor of transfer. Where related lawsuits exist, "it is in the interests of justice to permit suits involving the same parties and issues to proceed before one court." *Brunswick,* 2000 U.S. Dist. LEXIS 22222, at *8. Factors supporting a decision to transfer include whether the litigation in the target forum involves: (1) the same parties, (2) related or similar technologies for the judge to become familiar with, and (3) a common field of prior art.

In this case, judicial efficiency regarding the ease, speed, or expense of trial strongly weigh in favor of transfer. The California action involves the same parties, similar technologies, and related patents-in-suit. The parties in the California action have already conducted a two-hour technology tutorial on April 19, 2006, argued Markman issues in nine patents on April 26, 2006, and commenced discovery on seemingly related products and technologies. Additionally, the Court concludes that public interests such as enforceability of the judgment, familiarity with state law in diversity actions, local interests in deciding local controversies, and court congestion are neutral or non-applicable factors in this case. *Jumara,* 55 F.3d at 879-880. Accordingly, the interests of judicial efficiency and justice are best served by transferring this case to the Northern District of California.

### IV. CONCLUSION

**\*3** In sum, for the reasons discussed, the Court concludes that the balance of the private and public interest factors support transferring this case to the Northern District of California where related litigation is pending. Accordingly, the Court will grant Defendant's Motion To Transfer (D.I.12).

An appropriate Order will be entered.

### *ORDER*

At Wilmington, the *19* day of July 2006, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that the Defendant's Motion To Transfer (D.I.12) is *GRANTED.*

D.Del.,2006.
Cashedge, Inc. v. Yodlee, Inc.
Not Reported in F.Supp.2d, 2006 WL 2038504 (D.Del.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## CERTIFICATE OF SERVICE

I, John C. Phillips, Jr., hereby certify that, on May 4, 2007, the foregoing Memorandum

of Law in Support of Defendant RoKa Apparel Products, LLC's Motion to Dismiss for Lack of

Jurisdiction Over the Subject Matter or, in the Alternative, to Stay was hand delivered to the

following person and was electronically filed with the Clerk of Court using CM/ECF, which will

send notification that such filing is available for viewing and downloading from CM/ECF to the

following:

Chad Michael Shandler, Esquire
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

_____
John C. Phillips, Jr. (#110)