# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALEXANDER FABRICS, LLLP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 07-174-GMS |
| v. | ) | |
| | ) | |
| ROKA APPAREL PRODUCTS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF ALEXANDER FABRICS, LLLP'S ANSWERING BRIEF IN OPPOSITION TO DEFENDANT ROKA APPAREL PRODUCTS, LLC'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY

Chad M. Shandler (#3796)
Steven J. Fineman (#4025)
shandler@rlf.com
fineman@rlf.com
Richards, Layton & Finger
One Rodney Square
P. O. Box 551
Wilmington, DE   19801
(302)651-7700
Attorneys for Plaintiff Alexander Fabrics, LLLP

Dated: June 1, 2007

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................ ii

NATURE AND STAGE OF THE PROCEEDING ........................................................... 1

SUMMARY OF ARGUMENT ........................................................................................ 1

STATEMENT OF FACTS ............................................................................................... 2

ARGUMENT .................................................................................................................... 3

I.     THIS COURT HAS SUBJECT MATTER OVER THIS DISPUTE. ................................ 3

II.    A STAY OF THIS ACTION IS NOT WARRANTED IN FAVOR OF A
SECOND-FILED FLORIDA STATE COURT ACTION. .................................................. 5

    A.  The First-Filed Delaware Action Should Proceed -- Not The Florida
Action. ............................................................................................................... 5

    B.  Defendant Has Offered No Reasoned Basis Why The Present Action
Should Be Stayed In Favor Of The Florida Action. ........................................... 7

        1.  The Private *Jumara* Factors Strongly Weigh In Favor Of
Proceeding In Delaware. ............................................................................. 8

        2.  The Public *Jumara* Factors Militate In Favor Of Delaware. ................. 11

III.   THE COURT SHOULD ENJOIN ROKA FROM PROCEEDING IN
FLORIDA. ..................................................................................................................... 12

CONCLUSION. ............................................................................................................... 12

i

## TABLE OF AUTHORITIES

### CASES

*APV N. Am., Inc. v. Sig Simonazzi N. Am., Inc.,*
295 F. Supp. 2d 393 (D. Del. 2002)..................................................................................6, 8

*Asten Inc. v. Weavexx Corp.,*
C.A. No. 99-593-GMS, 2000 WL 1728354 (D. Del. Feb. 11, 2000) ...............................6

*Bering Diagnostics GmbH v. Biosite Diagnostics, Inc.,*
C.A. No. 97-501-MMS, 1998 WL 24354 (D. Del. Jan. 6, 1998) ....................................8

*Colorado River Water Conservation Dist. v. U.S.,*
424 U.S. 800 (1976) .......................................................................................................7, 8

*Datex-Ohmeda, Inc. v. Hill-Rom Servs., Inc.,*
185 F. Supp. 2d 407 (D. Del. 2002)..................................................................................12

*Dippold-Harmon Enterprises, Inc. v. Lowe's Cos., Inc.,*
C.A. No. 01-532-GMS, 2001 WL 1414868 (D. Del. Nov. 13, 2001) ..............................6

*E.E.O.C. v. Univ. of Pennsylvania,*
850 F.2d 969 (3d Cir. 1988)...............................................................................................6

*Gould Elecs. Inc. v. U.S.,*
220 F.3d 169 (3d Cir. 2000)................................................................................................4

*Jumara v. State Farm Ins. Co.,*
55 F.3d 873 (3d Cir. 1995)......................................................................................8, 9, 11

*Moore v. Little Giant Indus., Inc.,*
513 F. Supp. 1043 (D. Del. 1981).......................................................................................8

*Mortensen v. First Fed. Sav. & Loan Ass'n,*
549 F.2d 884 (3d Cir. 1977)................................................................................................4

*Motorola Inc. v. PC-Tel, Inc.,*
58 F. Supp. 2d 349 (D. Del. 1999)....................................................................................10

*Salperto v. Pohlad,*
C.A. No. 93-167-MMS, 1994 WL 794756 (D. Del. Jan. 6, 1994) .................................10

*Schering Corp. v. Amgen Inc.,*
969 F. Supp. 258 (D. Del. 1997).......................................................................................11

*Shutte v. Armco Steel Corp.*,
431 F.2d 22 (3d Cir. 1970)..............................................................................................9

*Stratos Lightwave, Inc. v. E2O Commc'ns, Inc.*,
C.A. No. 01-309-JJF, 2002 U.S. Dist. LEXIS 5653 (D. Del. Mar. 26, 2002) ...................9

*Tuff Torq Corp. v. Hydro-Gear Ltd. P'Ship*,
882 F. Supp. 359 (D. Del. 1994)................................................................................9, 10

*United States v. Cargill, Inc.*,
508 F. Supp. 734 (D. Del. 1981)......................................................................................7

*Wesley-Jessen Corp. v. Pilkington Visioncare, Inc.*,
157 F.R.D. 215 (D. Del. 1993) ........................................................................................9

## STATUTES

28 U.S.C. § 1332.................................................................................................... 3, 4

28 U.S.C. § 1391(a) ...................................................................................................3

Fed. R. Civ. P. 15 .....................................................................................................4

## NATURE AND STAGE OF THE PROCEEDING

On March 26, 2007, Plaintiff Alexander Fabrics LLLP ("Plaintiff" or "Alexander") commenced the present proceedings against Roka Apparel Products, LLC ("Roka"). Through this action, Alexander seeks relief for Roka's refusal to pay for goods sold and delivered by Alexander to Roka. On April 19, 2007, after the time for responding to the complaint had passed, Roka sought from Alexander an extension of time in which to respond to the complaint. Alexander agreed to an extension, however, Roka did not seek the approval of the Court nor did Roka answer the complaint. Instead, Roka used the time to prepare and file a complaint in the Circuit Court, Fourth Judicial Circuit in and for Duval County, Florida, Case No. 16-2007-CA-000151 (the "Florida Action"). On May 4, 2007, Defendant filed a motion to dismiss for lack of subject matter jurisdiction or, in the alternative, to stay this action in favor of the second-filed Florida Action (the "Motion to Dismiss").

On May 15, 2007, Alexander requested that Roka identify the citizenship of its members. Roka never responded. On May 31, 2007, Alexander again requested that Roka identify the citizenship of its members. To date, Roka has failed to identify the citizenship of its members. This is Alexander's answering brief in opposition to Roka's Motion to Dismiss.

## SUMMARY OF ARGUMENT

1.     Roka does not argue that the Court lacks subject matter jurisdiction over the present dispute. Instead, Roka has asserted that Alexander has not properly pled diversity between the parties. Although Alexander maintains that it has properly alleged diversity jurisdiction, Alexander has filed an amended complaint contemporaneously with the filing of this brief to cure any alleged deficiency.

2.     Roka's efforts to stay or dismiss the present action in favor of the Florida action is a classic case of forum shopping and should not be countenanced by this Court. The present

1

action is the first-filed action and should proceed in lieu of the second-filed Florida state action. Roka only filed the Florida state action in response to the present action (after it secured an extension in the present action), and Roka has not identified any justifiable basis on which this Court should stay or dismiss.

## STATEMENT OF FACTS

Between February and April 2005, Roka issued multiple purchase orders for the purchase of various styles and colors of customized fabric (the "Fabric") from Alexander to be used in the manufacture of its products. Compl. ¶ 8.[1]  None of the negotiations for the sale of the Fabric took place in Florida. Perry Decl. ¶2[2]. No sales calls between Alexander and Roka took place in Florida. Perry Decl. ¶2. No payment was tendered in Florida. Perry Decl. ¶2  None of the Fabric was manufactured in Florida. Perry Decl. ¶2.

Alexander delivered all of the Fabric ordered by Roka. Compl. ¶ 8. Title to the Fabric transferred to Roka in the State of North Carolina upon delivery by Alexander to a delivery company in the State of North Carolina. Perry Decl. ¶3. Thereafter, upon Roka's direction, the delivery company shipped the Fabric to a logistics company in Florida that would, in turn, ship the Fabric to Roka's manufacturing facilities in Central America. Perry Decl. ¶3. To date, Roka has either sold the Fabric, or continues to retain the sole and exclusive possession of the goods. Compl. ¶ 9.

On several occasions, Roka acknowledged that it owed the sum of $152,238.55 to Alexander for the Fabric, but stated that it could not make those payments due to financial difficulties. Compl. ¶¶ 10, 16. Roka informed Alexander that it had retained a New York-based

---

[1] References to the First Amended Complaint filed on June 1, 2007, by Alexander Fabrics, LLLP, are cited herein as "Compl. ¶ ___."

[2] The Declaration of Christopher Perry has been filed contemporaneously herewith and is cited herein as "Perry Decl. ¶___."

management firm to assist it in negotiations with other trade creditors like Alexander to pay off its debts at a fraction of what was owed. *Id.* However, no deal could be reached given the cut-rate proposal offered by Roka. Despite Alexander's numerous demands for payment, Roka has refused to pay for the Fabric as required by the agreement between the parties. Compl. ¶¶ 11, 20. To date, Roka has not paid for all or any portion of the money owed to Alexander. Compl. ¶ 14.

## ARGUMENT

### I.    THIS COURT HAS SUBJECT MATTER OVER THIS DISPUTE.

In its opening brief, Roka never alleges that this Court lacks subject matter jurisdiction. Indeed, at no point has Roka ever stated that there is a lack of diversity between Alexander and Roca. To the contrary, Roca has admitted to this Court that diversity jurisdiction is proper. *See* OB at 5[3] ("this suit could have been brought against Roka in Florida the United States District Court for the Middle District of Florida under 28 U.S.C. § 1391(a)"). Of course, such an action could not have been commenced in the Middle District of Florida, as Roka asserts, unless there was subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Nonetheless, Roka urges this Court to dismiss for lack of subject matter jurisdiction.

Roka was afforded every opportunity to bring forth any evidence that there is a lack of subject matter jurisdiction. If Roka and Alexander lacked diversity, Roka could have argued as much in its opening brief -- but it did not. Instead, Roka asserted a "facial attack" on the pleadings. This "facial attack" is without merit and constitutes a waste of judicial resources.

As a preliminary matter, Roka's "facial attack" is belied by the unambiguous assertion of subject matter jurisdiction contained in the complaint filed on March 26, 2007. Contrary to

---

[3] References to the Memorandum of Law in Support of Defendant Roka Apparel Products, LLC's Motion to Dismiss for Lack of Jurisdiction Over Subject Matter or, in the Alternative, to Stay (D.I. 6) filed May 4, 2007, are cited herein as "OB at ___."

Roka's assertions (OB at 3), the complaint does contain an averment as to the existence of diversity of citizenship. Paragraphs two and three of the Complaint state that Alexander was formed under the laws of North Carolina, and that Roka was formed under the laws of the State of Delaware. *See* Compl. ¶¶ 2-3. Paragraph 4 of the complaint alleges that "[t]he matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. §1332, and therefore, the Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332." Compl. ¶ 4. Because Defendant is making a facial attack on the Complaint, this Court must accept all factual allegations contained in the Complaint as true. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977) ("[T]he court must consider the allegations of the complaint as true."); *see also Gould Elecs. Inc. v. U.S.*, 220 F.3d 169, 176 (3d Cir. 2000). Roka has failed to rebut the assertion that there is a complete diversity of jurisdiction.

Assuming *arguendo*, that the present allegations in the complaint have not sufficiently alleged a diversity of jurisdiction, such a deficiency is simply cured.[4] Alexander has filed contemporaneously herewith an amended complaint that specifically alleges that there is a complete diversity of jurisdiction between each of the partners of Alexander and the members of Roka. A copy of the Amended Complaint is attached at Exhibit A. Accordingly, Alexander has met its burden of pleading the existence of this Court's jurisdiction for purposes of a diversity action, and Roka's motion to dismiss should be denied.

Tellingly, in its brief filed on May 4, 2007, Roka opted not to reveal the citizenship of its members. On May 15, 2007 Alexander inquired of Roca as to the citizenship of its members in an effort to defuse any argument regarding subject matter jurisdiction, and Roka did not respond.

---

[4] Because Roka has not yet filed a responsive pleading to the Complaint, pursuant to Rule 15 of the Federal Rules of Civil Procedure, Alexander may amend its complaint as of right. *See* Fed. R. Civ. P. 15.

4

Again, on May 31, 2007 Alexander inquired of Roka regarding the citizenship of its members. Roka did not respond. *See* Exhibit B. Given that Roka was afforded three opportunities to identify whether there is a lack of diversity jurisdiction, and Roka opted not to do so, Alexander believes that diversity exists.[5]

Rather than setting forth the information that would allow the Court to conduct a complete analysis of the propriety of subject matter jurisdiction, Roca invites error by sidestepping the issue, using vague statements and failing to provide any facts that any of its members share citizenship with the Alexander partners. This lends credence to Alexander's position that Roka only filed this motion in furtherance of its forum shopping efforts.

## II.    A STAY OF THIS ACTION IS NOT WARRANTED IN FAVOR OF A SECOND-FILED FLORIDA STATE COURT ACTION.

Alexander filed its Complaint in this Court on March 26, 2007. After the time for responding had passed, Roka requested an extension and Alexander did not oppose the request. However, Roka used that extension to file an action in Florida state court on April 30, 2007, based on the same underlying facts. Now, Roka is asking the Court to stay or dismiss this case in favor of its second-filed Florida Action. Such a request is inapposite to well-established case law which gives priority to a first-filed action.

### A.    The First-Filed Delaware Action Should Proceed -- Not The Florida Action.

In its brief, Roka completely ignores the fact that Alexander filed its Complaint more than a month before Roka initiated the Florida Action. This is not surprising in light of the relevance of the first-filed rule to this case. Under the first-filed rule, "priority is given to an

---

[5] Since the State of Delaware does not require that a limited liability company publicly identify its members in its filings with the Secretary of State, Roka is the sole holder of this information. It comes with ill grace for Roka to argue in its brief that Alexander failed to allege diversity with specificity while refusing to disclose the identify of its members and their citizenship.

earlier filed action, such that any subsequently filed action involving the same parties and the same issues should be stayed and/or transferred to the court in which the earlier filed action is pending." *APV N. Am., Inc. v. Sig Simonazzi N. Am., Inc.*, 295 F. Supp. 2d 393, 396 (D. Del. 2002). It is clear that this Action was filed first; accordingly, "'the court which first has possession of the subject must decide it.'" *E.E.O.C. v. Univ. of Pennsylvania*, 850 F.2d 969, 971 (3d Cir. 1988) (quoting *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 929 (3d Cir. 1941)). And only in "rare or extraordinary circumstances" should the first-filed action give way to one filed later. *E.E.O.C.*, 850 F.2d at 971; *see APV*, 295 F. Supp. 2d at 396 (stating that "invocation of the first-filed rule 'will usually be the norm, not the exception'") (quotations omitted). Roka has not, and cannot, show that this exception to the rule applies here.

Nor can Roka avoid the application of the first-filed rule to this case by arguing that these two actions involve different parties or issues. First, the parties in both actions are identical. Second, both of these actions concern purchases of certain fabric by Roka from Alexander. This Court has previously held that where, as is the case here, the claims filed in two different forums address different facets of a business relationship between the parties, there are not different issues and the first-filed rule applies. *See Dippold-Harmon Enters., Inc. v. Lowe's Cos., Inc.*, C.A. No. 01-532-GMS, 2001 WL 1414868, at *5 (D. Del. Nov. 13, 2001) (holding that two actions concerning the same business relationship involved the same issues, and that "[t]o have two separate trials on these issues would defeat the purposes of the 'first-filed' rule").

Here, the claims asserted by Roka in the Florida Action should be raised as an affirmative defense or as counterclaims in this action. *See Asten Inc. v. Weavexx Corp.*, C.A. No. 99-593-GMS, 2000 WL 1728354, at *3 (D. Del. Feb. 11, 2000) (denying stay of Delaware proceedings where second-filed action in North Carolina could be brought as a counterclaim in the Delaware

6

action).  The issues in these two actions are the same for purposes of the first-filed rule. Accordingly, there is no basis for staying or dismissing this Action in favor of a second-filed one, and Roka's motion to stay, or in the alternative dismiss, should be denied.

**B.    Defendant Has Offered No Reasoned Basis Why The Present Action Should Be Stayed In Favor Of The Florida Action.**

Roka requests that this Court stay this Action in favor of a second-filed Florida state court action, arguing that the *Jumara* private and public interest factors favor such a result.  Roca is mistaken.

Roka selectively cites decisions of this Court and the Third Circuit, multiple times taking language out of context and omitting the holding of those courts.  For example, Defendant cites this Court's decision in *United States v. Cargill, Inc.* for the proposition that "[F]ederal district courts have the inherent discretionary power to stay proceedings pending the disposition of parallel proceedings in a second court."  508 F. Supp. 734, 747 (D. Del. 1981).  However, two sentences later, the Court instructed that "the district court's discretion in this regard is narrowly circumscribed, and in general only with the presence of exceptional circumstances will the existence of concurrent state proceedings warrant the abdication of the 'virtually unflagging obligation of the federal courts to exercise the jurisdiction given them.'" *Id.* at 748 (*quoting Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817-818 (1976)).  And two paragraphs later, the Court explained that "[Defendant] must demonstrate the existence of exceptional circumstances or a clear case of hardship or inequity in being required to go forward before a district court may stay its hand." *Id.* (quotation omitted).

Roka also cites the Supreme Court's decision in *Colorado River Water Conservation District v. U.S.*, yet completely omits the Court's discussion of the overarching rule governing situations such as the one at bar: "Generally, as between state and federal courts, the rule is that

7

the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." 424 U.S. at 817 (internal citation omitted). Defendant has misinterpreted the governing body of law.

Further, even a cursory review of the relevant private and public interest factors dictate that this case should proceed in this Court. And, as repeatedly stated by this Court, "courts should not override plaintiffs' choice of forum unless the balance of convenience is 'strongly in favor of (the) defendant.'" *Moore v. Little Giant Indus., Inc.*, 513 F. Supp. 1043, 1050 (D. Del. 1981) (*quoting Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970)). Moreover, the heavy burden of establishing the need for a stay of this action in favor of the second-filed Florida Action rests squarely with Roka. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995); *Bering Diagnostics GmbH v. Biosite Diagnostics, Inc.*, C.A. No. 97-501-MMS, 1998 WL 24354, at *3 (D. Del. Jan. 6, 1998). This burden has not been met. Indeed, a motion of the type submitted by Roka should be denied where the factors are evenly balanced or weigh only slightly in favor of transfer. *APV*, 295 F. Supp. 2d at 398. To the contrary, and as fully illustrated below, the relevant factors strongly indicate that this Court should adjudicate this case.

       1.    **The Private *Jumara* Factors Strongly Weigh In Favor Of Proceeding In Delaware.**

The private interest factors strongly support a finding that this action should proceed in this Court. Those factors are as follows: 1) plaintiff's forum preference; 2) defendant's preference; 3) whether the claim arose elsewhere; 4) the convenience of the parties as evidenced by their relative physical and financial condition; 5) the convenience of the witnesses, but only to the extent that the witnesses may be unavailable for trial in one of the fora; and 6) the location of the books and records, but only to the extent that the files could not be produced in the alternative forum. *Jumara*, 55 F.3d at 879.

8

First, Alexander, by choosing to file suit here, has clearly expressed that its choice of forum is Delaware. This choice is entitled to great deference; indeed, of all the factors to be considered, this is the weightiest. *See Shutte*, 431 F.2d at 25 (stating that "a plaintiff's choice of a proper forum is a paramount consideration").

Second, while Defendant, a *Delaware* limited liability company, may prefer to litigate on its home turf in Florida, this alone is not sufficient to warrant a stay of this Action. This Court has consistently held that by choosing to form an entity in Delaware and seeking the benefits of Delaware law, a defendant should expect to respond to litigation both in its principal place of business and its state of formation or incorporation. *See, cf. Wesley-Jessen Corp. v. Pilkington Visioncare, Inc.*, 157 F.R.D. 215, 218 (D. Del. 1993) (stating that defendant corporations "should not be successful in arguing that litigation in their state of incorporation is inconvenient"); *Tuff Torq Corp. v. Hydro-Gear Ltd. P'Ship*, 882 F. Supp. 359, 363 (D. Del. 1994) ("The fact that [defendant] incorporated in Delaware should not be regarded lightly …. [Defendant] chose Delaware as its legal home and should not now complain that another corporation has decided to sue [it] there."). Thus, Alexander had a "rational and legitimate reason for choosing to [bring suit in this Court]." *Stratos Lightwave, Inc. v. E2O Commc'ns, Inc.*, C.A. No. 01-309-JJF, 2002 U.S. Dist. LEXIS 5653, at *7 (D. Del. Mar. 26, 2002).

Third, Alexander's claim did not arise in Florida. None of the negotiations occurred in Florida; no sales calls were made in Florida; the Fabric was not manufactured in Florida; payments were not tendered in Florida; and title to the Fabric transferred in North Carolina. Perry Decl. ¶¶2, 3.

Fourth, as to the convenience of the parties, both parties are relatively sophisticated business entities with adequate resources to prosecute or defend an action in this Court.

9

Additionally, RoKa's assertion that staying the case in favor of the Florida Action would not be any more inconvenient to Alexander than trying the action in Delaware, but would substantially reduce the burden to RoKa, OB at 6, is of no consequence in determining whether to stay this Action. This Court rejected an identical argument in *Tuff Torq Corp. v. Hydro-Gear L.P.* holding that the assertion that Delaware was equally inconvenient "simply does not meet the burden of establishing factors which strongly favor transferring the case." 882 F. Supp. at 363. Further, a party who asserts inconvenience on a motion to transfer must come forward with information to establish: "how many witnesses are involved, the materiality of these witnesses to the case, how far these witnesses are from the transferee Court as compared with this Court, how long they will be required at the trial, and whether they are persons whose time is vitally important to the defendant's business." *Salperto v. Pohlad*, C.A. No. 93-167-MMS, 1994 WL 794756, at *2-3 (D. Del. Jan. 6, 1994). RoKa's broad, conclusory statements of witness inconvenience should be entitled to no weight. *See Motorola Inc. v. PC-Tel, Inc.*, 58 F. Supp. 2d 349, 359 (D. Del. 1999); *cf. Tuff Torq Corp.*, 882 F. Supp. at 363 (stating that "[d]efendant is a Delaware Corporation ... and as a corporate citizen of Delaware, both the corporation and its managers must anticipate the possibility of being hauled into court here").

Finally, with regard to the fifth and sixth private interest factors, Roka has not asserted that witnesses will be unavailable for trial in Delaware, nor has Roka alleged that books and records could not be produced in Delaware.[6] In sum, the private interest factors strongly militate in favor of this Court adjudicating this first-filed action.

---

[6] Roka cannot now make such an assertion because it is not proper to reserve such material for a reply brief. *See* Delaware District Court Local Rule 7.1.4(G)(2) ("The party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief.").

2.    **The Public *Jumara* Factors Militate In Favor Of Delaware.**

The public interest factors identified are as follows: 1) the ability of the Court to enforce the judgment; 2) practical considerations making the trial easy, expeditious or inexpensive; 3) the relative congestion of the two dockets in the respective fora; 4) the local interest in deciding local controversies at home; 5) the public policies of the fora; and 6) the familiarity of the trial judge with the applicable state law in diversity cases. *Jumara*, 55 F.3d at 879-880. All of these factors weigh in favor of adjudicating this dispute in Delaware.

Roka, while reciting the relevant public interest factors in its brief, proffers only generalized statements that those factors favor a stay of this Action. Roka fails to provide any specific support for its argument. In any event, the public interest factors weigh in favor of this Court.

Delaware has an interest in deciding this controversy. Roka's claim that its incorporation in Delaware is a "tenuous link" to this jurisdiction is a misapprehension. Delaware courts have repeatedly expressed the interest Delaware has in deciding legal disputes involving a business entity formed under Delaware law. *See Schering Corp. v. Amgen Inc.*, 969 F. Supp. 258, 269 (D. Del. 1997). Roka has sought the benefits and protections of Delaware law and should not now be heard to complain about defending a claim in Delaware.

The remaining factors, ignored by Roka, do not support Roka's position. Roka has not established that it would be unduly difficult for this Court to hear this action, nor has it identified any public policies that might be harmed by this Court hearing matters relating to contract law.[7] Additionally, there are no concerns over the enforceability of this Court's judgment. On a motion to transfer, it is the moving party's burden to demonstrate that these factors strongly

---

[7] Notwithstanding Roka's bald assertion (OB at 7), there is no evidence to support Roka's contention that Florida law would govern this dispute.

weigh in favor of a transfer of venue. *See Datex-Ohmeda, Inc. v. Hill-Rom Servs., Inc.*, 185 F. Supp. 2d 407, 412-13 (D. Del. 2002). Roka has failed to make any showing, let alone, satisfied the heavy burden it bears.

## III.   THE COURT SHOULD ENJOIN ROKA FROM PROCEEDING IN FLORIDA.

For all of the reasons set forth above, the dispute between Alexander and Roka should proceed in Delaware. This Court should enjoin Roka from moving forward with the second-filed state court action.[8] If Roka is not enjoined, not only would Alexander be compelled to simultaneously prosecute and defend two actions, but there would also be a risk of inconsistent judgments. Such a result would not be just, particularly where the cause is Roka's blatant forum shopping.

## CONCLUSION

For the foregoing reasons, the Court should deny Roka's motion to stay or dismiss, and enjoin Roka from proceeding in Florida.

Chad M. Shandler (#3796)
Steven J. Fineman (#4025)
shandler@rlf.com
fineman@rlf.com
Richards, Layton & Finger
One Rodney Square
P. O. Box 551
Wilmington, DE   19801
302-651-7700

Dated:  June 1, 2007                    Attorneys for Plaintiff Alexander Fabrics, LLLP

---

[8] Contemporaneously with the filing of this brief, Alexander is moving to dismiss the Florida Action for insufficiency of service of process, lack of personal jurisdiction and failure to state a claim.

12

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE**

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2007 I electronically filed the foregoing document with

the Clerk of Court using CM/ECF which will send notification of such filing(s) and Hand

Delivered to the following:

> John C. Phillips, Jr., Esquire
> Phillips, Goldman & Spence, P.A.
> 1200 North Broom Street
> Wilmington, DE  19806

> Steven J. Fineman (#4025)
> Richards, Layton & Finger, P.A.
> One Rodney Square
> P.O. Box 551
> Wilmington, Delaware 19899
> (302) 651-7700
> fineman@rlf.com

EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ALEXANDER FABRICS, LLLP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-174-GMS |
| | ) | |
| ROKA APPAREL PRODUCTS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## FIRST AMENDED COMPLAINT

Plaintiff, Alexander Fabrics, LLLP ("Alexander"), by way of Complaint against Defendant, RoKa Apparel Products, LLC ("RoKa" or "Defendant"), states and alleges as follows:

### INTRODUCTION

1.    This action arises from Defendant's willful refusal to pay for goods sold and delivered by Alexander between February and April 2005, in violation of the terms of the parties' agreement.

### THE PARTIES AND JURISDICTION

2.    Alexander is a North Carolina limited liability limited partnership formed under the laws of the State of North Carolina, with its principal place of business located at 1311 Industry Drive, Burlington, North Carolina.  Alexander is involved in the textile industry, specializing in the sale of fabric to garment manufacturers.

3.    Chris Perry Investments, LLC ("Perry") and Chris Perry Investments II, LLC ("Perry II") are the sole partners in Alexander.  Both of these entities are formed under the laws of Pennsylvania and have their principal place of business in Hawthorne, New Jersey.  Perry and Perry II only have two members one of which resides in New York and the other in New Jersey.

4.      RoKa is a Delaware limited liability company with its current principal place of business at 9487 Regency Square Boulevard North, Jacksonville, Florida.  RoKa is a manufacturer of various types of textile garments and undergarments.

5.      Upon information and belief, Larry L. Stone is the managing member of RoKa who resided in the State of Connecticut and now resides in the State of Florida.

6.      Upon information and belief, there is a complete diversity of jurisdiction between the partners of Alexander and the members of RoKa.

7.      The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. §1332, and therefore the Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. §1332.

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a), (c), in that Defendant is a limited liability company formed under the laws of the State of Delaware.

### FACTS COMMON TO ALL COUNTS

9.      Pursuant to multiple purchase orders issued by RoKa, Alexander shipped various styles and colors of a customized fabric (the "Fabric") to Defendant between February and April 2005 to be used in the manufacture of their products.

10.     All of the Fabric was accepted by RoKa.  RoKa has either sold the Fabric, or continues to retain the sole and exclusive possession of the Fabric.

11.     On several occasions, RoKa acknowledged the total debt owed to Alexander for the Fabric, but stated it could not make payment due to severe financial difficulties.  RoKa informed Alexander that it was involved in negotiations with other trade creditors to pay off its debts at a fraction of what was owed and had retained a New York based management firm to assist them in negotiating these trade creditor settlements.

2

12.    Despite Alexander's demand for payment and RoKa's acknowledgment of the debt, RoKa has refused to pay for the Fabric delivered by Alexander.

## COUNT ONE – BREACH OF CONTRACT

13.    Alexander repeats and realleges each and every allegation contained in the prior paragraphs of its Complaint as if set forth fully herein.

14.    There is a valid and enforceable agreement between the parties, to wit, Alexander would sell specified quantities of fabric to Defendant, and Defendant would make payment for said fabric to Alexander.

15.    To date, Defendant has failed and refused to pay for the Fabric delivered by Alexander, which Defendant has either sold or still holds in its possession.

16.    Defendant's failure to pay for the Fabric sold and delivered constitutes a breach of the parties' agreement.

17.    Currently, Defendant owes Alexander $152,238.55 for the Fabric sold and delivered.

18.    As a direct and proximate result of Defendant's breach of contract, Alexander has and will continue to suffer substantial monetary damages.

## COUNT TWO – BOOK ACCOUNT

19.    Alexander repeats and realleges each and every allegation contained in the prior paragraphs of its Complaint as if set forth fully herein.

20.    As reflected in Alexander's books and business records, there is presently due and owing from Defendant to Alexander the sum of $152,238.55. Invoices evidencing the shipments of Fabric to RoKa and amounts outstanding are attached hereto as Exhibit A.

21.    Alexander has made numerous demands for payment of the outstanding balance and Defendant has failed and refused to make payment.

3

22.    As a result of Defendant's failure to make payment to Alexander, Defendant owes Alexander an outstanding balance of $152,238.55.

## COUNT THREE – UNJUST ENRICHMENT

23.    Alexander repeats and realleges each and every allegation contained in the prior paragraphs of its Complaint as if set forth fully herein.

24.    Alexander delivered the Fabric to RoKa with the reasonable expectation that it would be timely compensated for same by RoKa.

25.    RoKa understood that Alexander reasonably expected to be compensated for the Fabric it delivered.

26.    Despite Alexander's repeated demands for payment, Defendant has failed and refused to pay for the Fabric and continues to maintain possession and control over the Fabric or the proceeds from its sale.

WHEREFORE, Plaintiff, Alexander Fabrics, LLLP, hereby requests judgment against Defendant, RoKa Apparel Products, LLC, as follows:

A.    Damages in an amount to be determined at trial;

B.    Reasonable attorneys' fees;

C.    Pre- and post-judgment interest;

D.    Costs of suit; and

E.    Such other and further relief as the Court deems just and proper under the circumstances.

4

Chad M. Shandler (#3796)
Steven J. Fineman (#4025)
shandler@rlf.com
fineman@rlf.com
Richards, Layton & Finger
One Rodney Square
P. O. Box 551
Wilmington, DE   19801
302-651-7700
*Attorneys for Plaintiff Alexander Fabrics, LLLP*

Dated:  June 1, 2007

# EXHIBIT A

# Alexander Fabrics

POST OFFICE BOX 147
BURLINGTON, NORTH CAROLINA 27216-0147
TELEPHONE: 336/229-9139
FACSIMILE..: 336/228-3332

COPY 1

## INVOICE

INVOICE NUMBER:  **0022999**

INVOICE DATE:  2/01/2005

PAGE:  1

| SOLD TO | ROKA APPAREL PRODUCTS, LLC<br>9487 REGENCY SQUARE BLVD  N<br>JACKSONVILLE, FL  322250000 | SHIP TO | ROKA APPAREL PRODUCTS<br>C/O CROWLEY LOGISTICS  INC<br>4222 JAMES E  CASEY DR<br><br>JACKSONVILLE, FL  32219 |

| | | | |
|---|---|---|---|
| BOL | 0028987 | PO NUMBER | R35792B |
| TERMS | NET 60 | PO DATE | 12/22/2004 |
| SHIP VIA | WATKINS TRUCK | CONTRACT # | 0008564-000 |
| SHIP DATE | 2/01/2005 | SALESMAN | DAVID BLOOM |

| Product Information | Dye Lot/Order # | # Pieces | U/M | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| 3126 0      1209<br>01302 GPB PALE BLUSH GPB<br>GPB PALE BLUSH<br><br>SHADE: 10 | 0020449000000 | 25 | YD<br>SY<br>LB | 2462.0<br>6291.8<br>829 2 | 3 000 | 7386 00 |
| | SUBTOTAL | | | 2462.0 | | 7386 00 |
| | TOTAL | | | 2462 0 | | 7386 00 |

Send Remittance To:
ALEXANDER FABRICS
P O  BOX 751597
CHARLOTTE, NC  28275  CAN

# Alexander Fabrics

POST OFFICE BOX 147
BURLINGTON, NORTH CAROLINA 27216-0147
TELEPHONE: 336/229-9139
FACSIMILE..: 336/228-3332

COPY 1

## INVOICE

INVOICE NUMBER:  0023000

INVOICE DATE:  2/01/2005

PAGE:  1

| SOLD TO | ROKA APPAREL PRODUCTS, LLC<br>9487 REGENCY SQUARE BLVD  N<br>JACKSONVILLE, FL  322250000 | SHIP TO | ROKA APPAREL PRODUCTS<br>C/O CROWLEY LOGISTICS, INC<br>4222 JAMES E  CASEY DR<br><br>JACKSONVILLE. FL  32219 |

| | | | |
|---|---|---|---|
| BOL | 0028988 | PO NUMBER | R357926 |
| TERMS | NET 60 | PO DATE | 12/22/2004 |
| SHIP VIA | WATKINS TRUCK | CONTRACT # | 0008562-000 |
| SHIP DATE | 2/01/2005 | SALESMAN | DAVID BLOOM |

| Product Information | Dye Lot/Order # | # Pieces | U/M | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| 3126 0       5445<br>01302 AIV ANTIQUE IVORY AIV<br>AIV ANTIQUE IVORY<br><br>SHADE: 10 | 0020579000000 | 2 | YD<br>SY<br>LB | 124 0<br>316 9<br>37.4 | 3 000 | 372 00 |
| | SUBTOTAL | | | 124 0 | | 372 00 |
| | TOTAL | | | 124 0 | | 372 00 |

Send Remittance To:
ALEXANDER FABRICS
P O  BOX 751597
CHARLOTTE, NC  28275

Continuing Guaranty Under the Flammable Fabrics Act and Textile Fiber Products Identification filed with the Federal Trade Commission

# Alexander Fabrics
POST OFFICE BOX 147
BURLINGTON, NORTH CAROLINA 27216-0147
TELEPHONE: 336/229-9139
FACSIMILE..: 336/228-3332

COPY 1

## INVOICE

INVOICE NUMBER:  0023306

INVOICE DATE:  2/11/2005

PAGE:  1

| | |
|---|---|
| **SOLD TO** | ROKA APPAREL PRODUCTS, LLC<br>9487 REGENCY SQUARE BLVD  N<br>JACKSONVILLE, FL  322250000 |

| | |
|---|---|
| **SHIP TO** | ROKA APPAREL PRODUCTS<br>C/O CROWLEY LOGISTICS, INC.<br>4222 JAMES E. CASEY DR<br><br>JACKSONVILLE, FL  32219 |

**BOL** 0029282
**TERMS** NET 90
**SHIP VIA** WATKINS TRUCK
**SHIP DATE** 2/11/2005

**PO NUMBER** R358473
**PO DATE** 1/24/2005
**CONTRACT #** 0008813-000
**SALESMAN** DAVID BLOOM

| Product Information | Dye Lot/Order # | # Pieces | U/M | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| 3126 0        8062<br>01302 ATW TRUE WHITE ATW<br>ATW TRUE WHITE<br><br>SHADE: 10 | 0020818000000 | 14 | YD<br>SY<br>LB | 1344 0<br>3434 7<br>426 0 | 3 000 | 4032 00 |
| | SUBTOTAL | | | 1344 0 | | 4032 00 |
| | TOTAL | | | 1344 0 | | 4032.00 |

Send Remittance To:
ALEXANDER FABRICS
P O  BOX 751597
CHARLOTTE, NC  28275

Continuing Guaranty Under the Flammable Fabrics Act and Textile Fiber Products Identification filed with the Federal Trade Commission

# Alexander Fabrics

POST OFFICE BOX 147
BURLINGTON, NORTH CAROLINA 27216-0147
TELEPHONE: 336/229-9139
FACSIMILE.: 336/228-3332

COPY 1

# INVOICE

INVOICE NUMBER:  0023307

INVOICE DATE:  2/11/2005

PAGE:  1

| SOLD TO | ROKA APPAREL PRODUCTS, LLC<br>9487 REGENCY SQUARE BLVD N<br>JACKSONVILLE, FL 322250000 | SHIP TO | ROKA APPAREL PRODUCTS<br>C/O CROWLEY LOGISTICS, INC<br>4222 JAMES E. CASEY DR<br><br>JACKSONVILLE, FL 32219 |

| BOL | 0029283 |
| TERMS | NET 60 |
| SHIP VIA | WATKINS TRUCK |
| SHIP DATE | 2/11/2005 |

| PO NUMBER | R357928 |
| PO DATE | 12/22/2004 |
| CONTRACT # | 0008564-000 |
| SALESMAN | DAVID BLOOM |

| Product Information | Dye Lot/Order # | # Pieces | U/M | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| 3126 0     1209<br>01302 GPB PALE BLUSH GPB<br>GPB PALE BLUSH<br><br>SHADE: 10 | 0020687000000 | 3 | YD<br>SY<br>LB | 213 0<br>544.3<br>78 2 | 3 000 | 639 00 |
| | SUBTOTAL | | | 213 0 | | 639 00 |
| | TOTAL | | | 213 0 | | 639 00 |

Send Remittance To:
ALEXANDER FABRICS
P O BOX 751597
CHARLOTTE, NC 28275

Continuing Guaranty Under the Flammable Fabrics Act and Textile Fiber Products Identification filed with the Federal Trade Commission

# Alexander Fabrics

POST OFFICE BOX 147
BURLINGTON, NORTH CAROLINA 27216-0147
TELEPHONE: 336/229-9139
FACSIMILE.: 336/228-3332

COPY 1

# INVOICE

INVOICE NUMBER:  0023308

INVOICE DATE:  2/11/2005

PAGE:  1

| | |
|---|---|
| **SOLD TO** | ROKA APPAREL PRODUCTS, LLC<br>9487 REGENCY SQUARE BLVD  N<br>JACKSONVILLE, FL  322250000 |
| **SHIP TO** | ROKA APPAREL PRODUCTS<br>C/O CROWLEY LOGISTICS, INC<br>4222 JAMES E  CASEY DR<br><br>JACKSONVILLE, FL  32219 |

**BOL** 0029284
**TERMS** NET 60
**SHIP VIA** WATKINS TRUCK
**SHIP DATE** 2/11/2005

**PO NUMBER** R357927
**PO DATE** 12/22/2004
**CONTRACT #** 0008563-000
**SALESMAN** DAVID BLOOM

| Product Information | Dye Lot/Order # | # Pieces | U/M | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| 3126 0        8062<br>01302 ATW TRUE WHITE ATW<br>ATW TRUE WHITE<br><br>SHADE: 10 | 0020934000000 | 17 | YD<br>SY<br>LB | 1585 0<br>4050 6<br>569 8 | 3 000 | 4755 00 |
| | SUBTOTAL | | | 1585 0 | | 4755 00 |
| | TOTAL | | | 1585 0 | | 4755 00 |

Send Remittance To:
ALEXANDER FABRICS
P O. BOX 751597
CHARLOTTE, NC  28275

Continuing Guaranty Under the Flammable Fabrics Act and Textile Fiber Products Identification filed with the Federal Trade Commission

# Alexander Fabrics

POST OFFICE BOX 147
BURLINGTON, NORTH CAROLINA 27216-0147
TELEPHONE: 336/229-9139
FACSIMILE..: 336/228-3332

COPY 1

# INVOICE

INVOICE NUMBER:  0023503

INVOICE DATE:  2/17/2005

PAGE:   1

| | | |
|---|---|---|
| **SOLD TO** | ROKA APPAREL PRODUCTS, LLC<br>9487 REGENCY SQUARE BLVD  N<br>JACKSONVILLE, FL  322250000 | |

| | |
|---|---|
| **SHIP TO** | ROKA APPAREL PRODUCTS<br>C/O CROWLEY LOGISTICS, INC<br>4222 JAMES E  CASEY DR.<br><br>JACKSONVILLE, FL  33219 |

| | |
|---|---|
| **BOL** | 0029461 |
| **TERMS** | NET 60 |
| **SHIP VIA** | WATKINS TRUCK |
| **SHIP DATE** | 2/17/2005 |

| | |
|---|---|
| **PO NUMBER** | R358647 |
| **PO DATE** | 1/31/2005 |
| **CONTRACT #** | 0008910-000 |
| **SALESMAN** | DAVID BLOOM |

| Product Information | Dye Lot/Order # | # Pieces | U/M | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| 3126 0       5816<br>01302 AUB RICH BLACK AUB<br>AUB RICH BLACK<br><br>SHADE: 30 | 0020943000001 | 5 | YD<br>SY<br>LB | 458 0<br>1170 4<br>154 1 | 3 280 | 1502 24 |
| | SUBTOTAL | | | 458 0 | | 1502 24 |
| | TOTAL | | | 458 0 | | 1502 24 |

Send Remittance To:
ALEXANDER FABRICS
P O  BOX 751597
CHARLOTTE, NC  28275

Continuing Guaranty Under the Flammable Fabrics Act and Textile Fiber Products Identification filed with the Federal Trade Commission

# Alexander Fabrics

POST OFFICE BOX 147
BURLINGTON, NORTH CAROLINA 27216-0147
TELEPHONE: 336/229-9139
FACSIMILE..: 336/228-3332

COPY 1

## INVOICE

INVOICE NUMBER:  0023504

INVOICE DATE:  2/17/2005

PAGE:  1

| | |
|---|---|
| **SOLD TO** | ROKA APPAREL PRODUCTS, LLC<br>9487 REGENCY SQUARE BLVD  N<br>JACKSONVILLE, FL  322250000 |
| **SHIP TO** | ROKA APPAREL PRODUCTS<br>C/O CROWLEY LOGISTICS, INC<br>4222 JAMES E  CASEY DR<br><br>JACKSONVILLE, FL  32219 |

| | | | |
|---|---|---|---|
| **BOL** | 0029463 | **PO NUMBER** | R356665 |
| **TERMS** | NET 60 | **PO DATE** | 2/17/2005 |
| **SHIP VIA** | WATKINS TRUCK | **CONTRACT #** | 0009123-000 |
| **SHIP DATE** | 2/17/2005 | **SALESMAN** | DAVID BLOOM |

| Product Information | Dye Lot/Order # | # Pieces | U/M | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| 3126 0        8062<br>01302 ATW TRUE WHITE ATW<br>ATW TRUE WHITE<br><br>SHADE: 10 | 0020977000000 | 13 | YD<br>SY<br>LB | 1268 0<br>3240 5<br>456 5 | 3 000 | 3804 00 |
| | SUBTOTAL | | | 1268 0 | | 3804.00 |
| | TOTAL | | | 1268 0 | | 3804.00 |

Send Remittance To:
ALEXANDER FABRICS
P O. BOX 751597
CHARLOTTE, NC  28275

Continuing Guaranty Under the Flammable Fabrics Act and Textile Fiber Products Identification filed with the Federal Trade Commission

# Alexander Fabrics

POST OFFICE BOX 147
BURLINGTON, NORTH CAROLINA 27216-0147
TELEPHONE: 336/229-9139
FACSIMILE.: 336/228-3332

COPY 1

# INVOICE

INVOICE NUMBER:  0023776

INVOICE DATE:  2/25/2005

PAGE:  1

| SOLD TO | ROKA APPAREL PRODUCTS, LLC<br>9487 REGENCY SQUARE BLVD. N<br>JACKSONVILLE FL 322250000 | SHIP TO | ROKA APPAREL PRODUCTS<br>C/O CROWLEY LOGISTICS INC<br>4222 JAMES E CASEY DR.<br><br>JACKSONVILLE FL 32219 |
|---|---|---|---|

| BOL | 0029640 |
|---|---|
| TERMS | NET 60 |
| SHIP VIA | WATKINS TRUCK |
| SHIP DATE | 2/25/2005 |

| PO NUMBER | R357928 |
|---|---|
| PO DATE | 12/22/2004 |
| CONTRACT # | 0008564-000 |
| SALESMAN | DAVID BLOOM |

| Product Information | Dye Lot/Order # | # Pieces | U/M | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| J136 0       1209<br>01302 GPB PALE BLUSH GPB<br>GPB PALE BLUSH<br><br>SHADE: 10 | 0020760000000 | 3 | YD<br>SY<br>LB | 176 0<br>449 8<br>66 2 | 3 000 | 528.00 |
| | SUBTOTAL | | | 176 0 | | 528.00 |
| | TOTAL | | | 176 0 | | 528.00 |

Send Remittance To:
ALEXANDER FABRICS
P O  BOX 751597
CHARLOTTE  NC  28275

Continuing Guaranty Under the Flammable Fabrics Act and Textile Fiber Products Identification filed with the Federal Trade Commission.

# Alexander Fabrics

POST OFFICE BOX 147
BURLINGTON, NORTH CAROLINA 27216-0147
TELEPHONE: 336/229-9139
FACSIMILE..: 336/228-3332

COPY 1

# INVOICE

INVOICE NUMBER:  0023777

INVOICE DATE:  2/25/2005

PAGE:  1

| SOLD TO | ROKA APPAREL PRODUCTS, LLC<br>9487 REGENCY SQUARE BLVD  N<br>JACKSONVILLE  FL  322250000 | SHIP TO | ROKA APPAREL PRODUCTS<br>C/O CROWLEY LOGISTICS, INC.<br>4222 JAMES E  CASEY DR<br><br>JACKSONVILLE  FL  32219 |
|---|---|---|---|

| BOL | 0029641 | PO NUMBER | R358616 |
|---|---|---|---|
| TERMS | NET 60 | PO DATE | 1/31/2005 |
| SHIP VIA | WATKINS TRUCK | CONTRACT # | 0008909-000 |
| SHIP DATE | 2/25/2005 | SALESMAN | DAVID BLOOM |

| Product Information | Dye Lot/Order # | # Pieces | U/M | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| 3126 0      5445<br>01302 AIV ANTIQUE IVORY AIV<br>AIV ANTIQUE IVORY<br><br>SHADE: 10 | 0020944000000 | 17 | YD<br>SY<br>LB | 1551 0<br>3963 7<br>485 0 | 3 000 | 4653 00 |
|  | SUBTOTAL |  |  | 1551 0 |  | 4653 00 |
|  | TOTAL |  |  | 1551 0 |  | 4653 00 |

Send Remittance To:
ALEXANDER FABRICS
P O  BOX 751597
CHARLOTTE  NC  28275

Continuing Guaranty Under the Flammable Fabrics Act and Textile Fiber Products Identification filed with the Federal Trade Commission

# Alexander Fabrics

POST OFFICE BOX 147
BURLINGTON, NORTH CAROLINA 27216-0147
TELEPHONE: 336/229-9139
FACSIMILE..: 336/228-3332

COPY 1

## INVOICE

INVOICE NUMBER:  0024246

INVOICE DATE:  3/11/2005

PAGE:  1

| SOLD TO | ROKA APPAREL PRODUCTS LLC<br>9487 REGENCY SQUARE BLVD N<br>JACKSONVILLE, FL 322250000 | SHIP TO | ROKA APPAREL PRODUCTS<br>C/O CROWLEY LOGISTICS, INC<br>4222 JAMES E CASEY DR<br><br>JACKSONVILLE, FL 32219 . |

| | | | |
|---|---|---|---|
| **BOL** | 0030158 | **PO NUMBER** | R359162 |
| **TERMS** | NET 60 | **PO DATE** | 2/14/2005 |
| **SHIP VIA** | WATKINS TRUCK | **CONTRACT #** | 0009081-000 |
| **SHIP DATE** | 3/11/2005 | **SALESMAN** | DAVID BLOOM |

| Product Information | Dye Lot/Order # | # Pieces | U/M | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| 4637 0     5816<br>43520 AUB RICH BLACK AUB<br>AUB RICH BLACK<br><br>SHADE: 30 | 0021180000000 | 2 | YD<br>SY<br>LB | 2225 0<br>3955 6<br>558 2 | 3 700 | 8232 50 |
| | SUBTOTAL | | | 2225 0 | | 8232 50 |
| | TOTAL | | | 2225 0 | | 8232 50 |

Send Remittance To:
ALEXANDER FABRICS
P O BOX 751597
CHARLOTTE, NC  28275

Continuing Guaranty Under the Flammable Fabrics Act and Textile Fiber Products Identification filed with the Federal Trade Commission

# Alexander Fabrics

POST OFFICE BOX 147
BURLINGTON, NORTH CAROLINA 27216-0147
TELEPHONE: 336/229-9139
FACSIMILE..: 336/228-3332

COPY 1

## INVOICE

INVOICE NUMBER:  0024247

INVOICE DATE:  3/11/2005

PAGE:  1

| | | |
|---|---|---|
| SOLD TO | ROKA APPAREL PRODUCTS, LLC<br>9487 REGENCY SQUARE BLVD. N<br>JACKSONVILLE, FL  322250000 | |
| SHIP TO | ROKA APPAREL PRODUCTS<br>C/O CROWLEY LOGISTICS. INC.<br>4222 JAMES E  CASEY DR.<br><br>JACKSONVILLE, FL  32219 | |

BOL        0030159
TERMS      NET 60
SHIP VIA   WATKINS TRUCK
SHIP DATE  3/11/2005

PO NUMBER  R359160
PO DATE    2/14/2005
CONTRACT # 0009080-000
SALESMAN   DAVID BLOOM

| Product Information | Dye Lot/Order # | # Pieces | U/M | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| 4637 0      7960<br>43520 AH7 EGGSHELL AH7<br>AH7 EGGSHELL<br><br>SHADE: 10 | 0021181000000 | 1 | YD<br>SY<br>LB | 1006 0<br>1788 4<br>291 0 | 3 910 | 3933 46 |
| | SUBTOTAL | | | 1006 0 | | 3933 46 |
| | TOTAL | | | 1006 0 | | 3933 46 |

Send Remittance To:
ALEXANDER FABRICS
P O. BOX 751597
CHARLOTTE, NC  28275

Continuing Guaranty Under the Flammable Fabrics Act and Textile Fiber Products Identification filed with the Federal Trade Commission

# Alexander Fabrics

POST OFFICE BOX 147
BURLINGTON, NORTH CAROLINA 27216-0147
TELEPHONE: 336/229-9139
FACSIMILE..: 336/228-3332

COPY 1

## INVOICE

INVOICE NUMBER:  0024457

INVOICE DATE:  3/18/2005

PAGE:   1

| | | |
|---|---|---|
| **SOLD TO** | ROKA APPAREL PRODUCTS, LLC<br>9487 REGENCY SQUARE BLVD  N<br>JACKSONVILLE, FL  322250000 | |
| **SHIP TO** | ROKA APPAREL PRODUCTS<br>C/O CROWLEY LOGISTICS  INC<br>4222 JAMES E  CASEY DR<br><br>JACKSONVILLE, FL  32219 | |

| | | |
|---|---|---|
| **BOL** | 0030327 | |
| **TERMS** | NET 60 | |
| **SHIP VIA** | WATKINS TRUCK | |
| **SHIP DATE** | 3/18/2005 | |

**PO NUMBER**  R359145
**PO DATE**  2/14/2005
**CONTRACT #** 0009079-000
**SALESMAN**  DAVID BLOOM

| Product Information | Dye Lot/Order # | # Pieces | U/M | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| 3232/115 0    1209<br>01301 GPB PALE BLUSH GPB<br>GPB PALE BLUSH<br><br>SHADE: 10 | 0021410000000 | 24 | YD<br>SY<br>LB | 2359 0<br>7535 7<br>1005 6 | 3 170 | 7478 03 |
| | SUBTOTAL | | | 2359 0 | | 7478 03 |
| | TOTAL | | | 2359 0 | | 7478 03 |

Send Remittance To:
ALEXANDER FABRICS
P O  BOX 751597
CHARLOTTE. NC  28275

Continuing Guaranty Under the Flammable Fabrics Act and Textile Fiber Products Identification filed with the Federal Trade Commission

PROOF

# ALEXANDER FABRICS INC.

# INVOICE

INVOICE NUMBER:    0024546

INVOICE DATE:    3/22/2005

PAGE:    1

SOLD TO
ROKA APPAREL PRODUCTS, LLC
9487 REGENCY SQUARE BLVD  N
JACKSONVILLE, FL  322250000

SHIP TO
ROKA APPAREL PRODUCTS
C/O CROWLEY LOGISTICS, INC
4222 JAMES E  CASEY DR
JACKSONVILLE, FL  32219

BOL           0030427
TERMS         NET 60
SHIP VIA      WATKINS TRUCK
SHIP DATE     3/22/2005

PO NUMBER   R358647
PO DATE     1/31/2005
CONTRACT #  0008910-000
SALESMAN    DB

| Product Information | Dye Lot/Order # | # Pieces | U/M | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| 3126 0      5816 | 0021507000000 | 6 | YD | 490 0 | 3 210 | 1572 90 |
| 01302 AUB RICH BLACK AUB | | | SY | 1252 2 | | |
| AUB RICH BLACK | | | LB | 157 5 | | |
| | | | | | | |
| SHADE: MEDIUM | | | | | | |
| | SUBTOTAL | | | 490 0 | | 1572 90 |
| | TOTAL | | | 490 0 | | 1572 90 |

Send Remittance To:
This account has been assigned to, is owned by
and is payable in par funds only to:

,

To whom notice must be given of any merchandise
return or claims for shortage, non-delivery or
for other grounds

PROOF

## ALEXANDER FABRICS INC.

## INVOICE

INVOICE NUMBER:  0024547

INVOICE DATE:  3/22/2005

PAGE:  1

| SOLD TO | ROKA APPAREL PRODUCTS, LLC<br>9487 REGENCY SQUARE BLVD  N<br>JACKSONVILLE, FL  322250000 | SHIP TO | ROKA APPAREL PRODUCTS<br>C/O CROWLEY LOGISTICS, INC<br>4222 JAMES E  CASEY DR<br>JACKSONVILLE, FL  32219 |
|---|---|---|---|

| BOL | 0030428 |
|---|---|
| TERMS | NET 60 |
| SHIP VIA | WATKINS TRUCK |
| SHIP DATE | 3/22/2005 |

| PO NUMBER | R359144 |
|---|---|
| PO DATE | 2/14/2005 |
| CONTRACT # | 0009078-000 |
| SALESMAN | DB |

| Product Information | Dye Lot/Order # | # Pieces | U/M | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| 3232/115 0    5816<br>01301 AUB AUB<br>AUB RICH BLACK<br><br>SHADE: 30 | 0021413000000 | 39 | YD<br>SY<br>LB | 3899 0<br>12455 1<br>1686 7 | 3 540 | 13802 46 |
| | SUBTOTAL | | | 3899 0 | | 13802 46 |
| | TOTAL | | | 3899 0 | | 13802 46 |

Send Remittance To:
This account has been assigned to, is owned by
and is payable in par funds only to:

'

To whom notice must be given of any merchandise
return or claims for shortage. non-delivery or
for other grounds

# Alexander Fabrics

POST OFFICE BOX 147
BURLINGTON, NORTH CAROLINA 27216-0147
TELEPHONE: 336/229-9139
FACSIMILE..: 336/228-3332

COPY 1

## INVOICE

INVOICE NUMBER:  0024612

INVOICE DATE:  3/23/2005

PAGE:  1

| SOLD TO | ROKA APPAREL PRODUCTS, LLC<br>9487 REGENCY SQUARE BLVD. N<br>JACKSONVILLE, FL  322250000 | SHIP TO | ROKA APPAREL PRODUCTS<br>C/O CROWLEY LOGISTICS, INC<br>4222 JAMES E. CASEY DR<br><br>JACKSONVILLE, FL  32219 |
|---|---|---|---|

| | | | |
|---|---|---|---|
| BOL | 0030474 | PO NUMBER | R359145 |
| TERMS | NET 60 | PO DATE | 2/14/2005 |
| SHIP VIA | WATKINS TRUCK | CONTRACT # | 0009079-000 |
| SHIP DATE | 3/23/2005 | SALESMAN | DAVID BLOOM |

| Product Information | Dye Lot/Order # | # Pieces | U/M | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| 3232/115 0     1209<br>01301 GPB PALE BLUSH GPB<br>GPB PALE BLUSH<br><br>SHADE: 10 | 0021671000000 | 4 | YD<br>SY<br>LB | 412 0<br>1316 1<br>187 0 | 3 170 | 1306 04 |
| | SUBTOTAL | | | 412 0 | | 1306.04 |
| | TOTAL | | | 412 0 | | 1306 04 |

Send Remittance To:
ALEXANDER FABRICS
P O BOX 751597
CHARLOTTE  NC  28275

Continuing Guaranty Under the Flammable Fabrics Act and Textile Fiber Products Identification filed with the Federal Trade Commission

# Alexander Fabrics

POST OFFICE BOX 147
BURLINGTON, NORTH CAROLINA 27216-0147
TELEPHONE: 336/229-9139
FACSIMILE..: 336/228-3332

COPY 1

# INVOICE

INVOICE NUMBER:  0024613

INVOICE DATE:  3/23/2005

PAGE:  1

| SOLD TO | ROKA APPAREL PRODUCTS, LLC<br>9487 REGENCY SQUARE BLVD. N<br>JACKSONVILLE, FL  322250000 | SHIP TO | ROKA APPAREL PRODUCTS<br>C/O CROWLEY LOGISTICS, INC<br>4222 JAMES E  CASEY DR.<br><br>JACKSONVILLE  FL  32219 |
|---|---|---|---|

| | | | |
|---|---|---|---|
| **BOL** | 0030475 | **PO NUMBER** | R359432 |
| **TERMS** | NET 60 | **PO DATE** | 3/08/2005 |
| **SHIP VIA** | WATKINS TRUCK | **CONTRACT #** | 0009361-000 |
| **SHIP DATE** | 3/23/2005 | **SALESMAN** | DAVID BLOOM |

| Product Information | Dye Lot/Order # | # Pieces | U/M | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| 3232/115 0     5910<br>AIA PINK TUNE     01301<br>AIA PINK TUNE<br><br>SHADE: 10 | 0021688000000 | 11 | YD<br>SY<br>LB | 1036 0<br>3309 4<br>436 6 | 3 170 | 3284 12 |
| | SUBTOTAL | | | 1036 0 | | 3284 12 |
| | TOTAL | | | 1036.0 | | 3284 12 |

Send Remittance To:
ALEXANDER FABRICS
P O BOX 751597
CHARLOTTE, NC  28275

Continuing Guaranty Under the Flammable Fabrics Act and Textile Fiber Products Identification filed with the Federal Trade Commission.

# Alexander Fabrics

POST OFFICE BOX 147
BURLINGTON, NORTH CAROLINA 27216-0147
TELEPHONE: 336/229-9139
FACSIMILE..: 336/228-3332

COPY 1

## INVOICE

INVOICE NUMBER:  0024867

INVOICE DATE:  4/01/2005

PAGE:   1

| | |
|---|---|
| **SOLD TO** | ROKA APPAREL PRODUCTS, LLC<br>9487 REGENCY SQUARE BLVD  N<br>JACKSONVILLE, FL  322250000 |
| **SHIP TO** | ROKA APPAREL PRODUCTS<br>C/O CROWLEY LOGISTICS, INC<br>4222 JAMES E  CASEY DR<br><br>JACKSONVILLE, FL  32219 |

**BOL**        0030696
**TERMS**      NET 60
**SHIP VIA**   WATKINS TRUCK
**SHIP DATE**  4/01/2005

**PO NUMBER**  R359145
**PO DATE**    2/14/2005
**CONTRACT #** 0009079-000
**SALESMAN**   DAVID BLOOM

| Product Information | Dye Lot/Order # | # Pieces | U/M | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| 3232/115 0    1209<br>01301 GPB PALE BLUSH GPB<br>GPB PALE BLUSH<br><br>SHADE: 10 | 0021410000001 | 21 | YD<br>SY<br>LB | 2055 6<br>6566 5<br>900 8 | 3 170 | 6516 25 |
| | SUBTOTAL | | | 2055 6 | | 6516 25 |
| | TOTAL | | | 2055 6 | | 6516.25 |

Send Remittance To:
ALEXANDER FABRICS
P O  BOX 751597
CHARLOTTE, NC  28275

Continuing Guaranty Under the Flammable Fabrics Act and Textile Fiber Products Identification filed with the Federal Trade Commission

# Alexander Fabrics
POST OFFICE BOX 147
BURLINGTON, NORTH CAROLINA 27216-0147
TELEPHONE: 336/229-9139
FACSIMILE: 336/228-3332

COPY 1

# INVOICE

INVOICE NUMBER:  0024868

INVOICE DATE:  4/01/2005

PAGE:  1

| SOLD TO | | SHIP TO | |
|---|---|---|---|
| ROKA APPAREL PRODUCTS, LLC<br>9487 REGENCY SQUARE BLVD. N<br>JACKSONVILLE, FL 322250000 | | ROKA APPAREL PRODUCTS<br>C/O CROWLEY LOGISTICS, INC<br>4222 JAMES E CASEY DR<br><br>JACKSONVILLE, FL 32219 | |

| | | | |
|---|---|---|---|
| BOL | 0030697 | PO NUMBER | R359144 |
| TERMS | NET 60 | PO DATE | 2/14/2005 |
| SHIP VIA | WATKINS TRUCK | CONTRACT # | 0009078-000 |
| SHIP DATE | 4/01/2005 | SALESMAN | DAVID BLOOM |

| Product Information | Dye Lot/Order # | # Pieces | U/M | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| 3232/115 0    5816<br>01301 AUB AUB<br>AUB RICH BLACK<br><br>SHADE: 30 | 0021413000001 | 14 | YD<br>SY<br>LB | 1192 0<br>3007 8<br>536 8 | 3 540 | 4219.68 |
| | SUBTOTAL | | | 1192 0 | | 4219.68 |
| | TOTAL | | | 1192 0 | | 4219.68 |

Send Remittance To:
ALEXANDER FABRICS
P O BOX 751597
CHARLOTTE, NC 28275

Under the Flammable Fabrics Act and Textile Fiber Products Identification filed with the Federal Trade Commission.

# Alexander Fabrics

POST OFFICE BOX 147
BURLINGTON, NORTH CAROLINA 27216-0147
TELEPHONE: 336/229-9139
FACSIMILE..: 336/228-3332

COPY 1

## INVOICE

INVOICE NUMBER:  0024869

INVOICE DATE:  4/01/2005

PAGE:   1

| SOLD TO | ROKA APPAREL PRODUCTS, LLC<br>9487 REGENCY SQUARE BLVD  N<br>JACKSONVILLE, FL  322250000 | SHIP TO | ROKA APPAREL PRODUCTS<br>C/O CROWLEY LOGISTICS, INC<br>4222 JAMES E  CASEY DR.<br><br>JACKSONVILLE, FL  32219 |

BOL             0030698
TERMS           NET 60
SHIP VIA        WATKINS TRUCK
SHIP DATE       4/01/2005

PO NUMBER   RJ59143
PO DATE      2/14/2005
CONTRACT # 0009077-000
SALESMAN     DAVID BLOOM

| Product Information | Dye Lot/Order # | # Pieces | U/M | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| 3232/115 0     8062<br>01301 ATW TRUE WHITE ATW<br>ATW TRUE WHITE<br><br>SHADE: 10 | 0021415000001 | 21 | YD<br>SY<br>LB | 2002 4<br>6396 6<br>847 6 | 3 170 | 6347 61 |
| | SUBTOTAL | | | 2002 4 | | 6347 61 |
| | TOTAL | | | 2002 4 | | 6347 61 |

Send Remittance To:
ALEXANDER FABRICS
P O  BOX 751597
CHARLOTTE, NC  28275

Under the Flammable Fabrics Act and Textile Fiber Products Identification filed with the Federal Trade Commission

# Alexander Fabrics

POST OFFICE BOX 147
BURLINGTON, NORTH CAROLINA 27216-0147
TELEPHONE: 336/229-9139
FACSIMILE..: 336/228-3332

COPY 1

# INVOICE

INVOICE NUMBER:  0025049

INVOICE DATE:  4/08/2005

PAGE:  1

| SOLD TO | ROKA APPAREL PRODUCTS, LLC<br>9487 REGENCY SQUARE BLVD  N<br>JACKSONVILLE, FL  322250000 | SHIP TO | ROKA APPAREL PRODUCTS<br>C/O CROWLEY LOGISTICS, INC.<br>4222 JAMES E  CASEY DR.<br><br>JACKSONVILLE, FL  32219 |
|---|---|---|---|

| BOL | 0030885 |
|---|---|
| TERMS | NET 60 |
| SHIP VIA | WATKINS TRUCK |
| SHIP DATE | 4/08/2005 |

| PO NUMBER | R358647 |
|---|---|
| PO DATE | 1/31/2005 |
| CONTRACT # | 0008910-000 |
| SALESMAN | DAVID BLOOM |

| Product Information | Dye Lot/Order # | # Pieces | U/M | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| 3126 0      5816<br>01302 AUB RICH BLACK AUB<br>AUB RICH BLACK<br><br>SHADE: 30 | 0021921000000 | 5 | YD<br>SY<br>LB | 466 0<br>1190 9<br>166 8 | 3 280 | 1528 48 |
| | SUBTOTAL | | | 466 0 | | 1528 48 |
| | TOTAL | | | 466 0 | | 1528 48 |

Send Remittance To:
ALEXANDER FABRICS
P O  BOX 751597
CHARLOTTE, NC  28275

Continuing Guaranty Under the Flammable Fabrics Act and Textile Fiber Products Identification filed with the Federal Trade Commission

# Alexander Fabrics

POST OFFICE BOX 147
BURLINGTON, NORTH CAROLINA 27216-0147
TELEPHONE: 336/229-9139
FACSIMILE..: 336/228-3332

COPY 1

## INVOICE

INVOICE NUMBER:  0025050

INVOICE DATE:  4/08/2005

PAGE:  1

| | | | |
|---|---|---|---|
| SOLD TO | ROKA APPAREL PRODUCTS, LLC<br>9487 REGENCY SQUARE BLVD. N<br>JACKSONVILLE, FL  322250000 | SHIP TO | ROKA APPAREL PRODUCTS<br>C/O CROWLEY LOGISTICS, INC<br>4222 JAMES E  CASEY DR.<br><br>JACKSONVILLE, FL  32219 |

| | | | |
|---|---|---|---|
| BOL | 0030887 | PO NUMBER | R359432 |
| TERMS | NET 60 | PO DATE | 3/08/2005 |
| SHIP VIA | WATKINS TRUCK | CONTRACT # | 0009361-000 |
| SHIP DATE | 4/08/2005 | SALESMAN | DAVID BLOOM |

| Product Information | Dye Lot/Order # | # Pieces | U/M | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| 3232/115 0    5910<br>AIA PINK TUNE    01301<br>AIA PINK TUNE<br><br>SHADE: 10 | 0021922000000 | 3 | YD<br>SY<br>LB | 323 0<br>1031.8<br>158 4 | 3 170 | 1023 91 |
| | SUBTOTAL | | | 323 0 | | 1023 91 |
| | TOTAL | | | 323 0 | | 1023 91 |

Send Remittance To:
ALEXANDER FABRICS
P O  BOX 751597
CHARLOTTE, NC  28275

Continuing Guaranty Under the Flammable Fabrics Act and Textile Fiber Products Identification filed with the Federal Trade Commission

# Alexander Fabrics

POST OFFICE BOX 147
BURLINGTON, NORTH CAROLINA 27216-0147
TELEPHONE: 336/229-9139
FACSIMILE..: 336/228-3332

COPY 1

## INVOICE

INVOICE NUMBER:  0025051

INVOICE DATE:  4/08/2005

PAGE:  1

| | | |
|---|---|---|
| **SOLD TO** | ROKA APPAREL PRODUCTS, LLC<br>9487 REGENCY SQUARE BLVD. N<br>JACKSONVILLE, FL  322250000 | |
| **SHIP TO** | ROKA APPAREL PRODUCTS<br>C/O CROWLEY LOGISTICS, INC.<br>4222 JAMES E  CASEY DR.<br><br>JACKSONVILLE, FL  32219 | |

| | |
|---|---|
| **BOL** 0030893 | **PO NUMBER** R359144 |
| **TERMS** NET 60 | **PO DATE** 2/14/2005 |
| **SHIP VIA** WATKINS TRUCK | **CONTRACT #** 0009078-000 |
| **SHIP DATE** 4/08/2005 | **SALESMAN** DAVID BLOOM |

| Product Information | Dye Lot/Order # | # Pieces | U/M | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| 3232/115 0    5816<br>01301 AUB AUB<br>AUB RICH BLACK<br><br>SHADE: 30 | 0021414000000 | 13 | YD<br>SY<br>LB | 1253 0<br>4002 6<br>487 8 | 3  540 | 4435 62 |
| | SUBTOTAL | | | 1253 0 | | 4435 62 |
| | TOTAL | | | 1253 0 | | 4435 62 |

Send Remittance To:
ALEXANDER FABRICS
P.O  BOX 751597
CHARLOTTE, NC  28275

Continuing Guaranty Under the Flammable Fabrics Act and Textile Fiber Products Identification filed with the Federal Trade Commission

# Alexander Fabrics

POST OFFICE BOX 147
BURLINGTON, NORTH CAROLINA 27216-0147
TELEPHONE: 336/229-9139
FACSIMILE..: 336/228-3332

COPY 1

# INVOICE

INVOICE NUMBER:  0025052

INVOICE DATE:  4/08/2005

PAGE:  1

|  | |  | |
|---|---|---|---|
| SOLD TO | ROKA APPAREL PRODUCTS, LLC<br>9487 REGENCY SQUARE BLVD N<br>JACKSONVILLE, FL 322250000 | SHIP TO | ROKA APPAREL PRODUCTS<br>C/O CROWLEY LOGISTICS, INC<br>4222 JAMES E CASEY DR<br><br>JACKSONVILLE, FL 32219 |

| BOL | 0030895 | PO NUMBER | R359144 |
|---|---|---|---|
| TERMS | NET 60 | PO DATE | 2/14/2005 |
| SHIP VIA | WATKINS TRUCK | CONTRACT # | 0009078-000 |
| SHIP DATE | 4/08/2005 | SALESMAN | DAVID BLOOM |

| Product Information | Dye Lot/Order # | # Pieces | U/M | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| 3232/115 0    5816<br>01301 AUB AUB<br>AUB RICH BLACK<br><br>SHADE: 30 | 0021414000001 | 3 | YD<br>SY<br>LB | 245.0<br>782.6<br>94.4 | 3.540 | 867.30 |
|  | SUBTOTAL |  |  | 245.0 |  | 867.30 |
|  | TOTAL |  |  | 245.0 |  | 867.30 |

Send Remittance To:
ALEXANDER FABRICS
P O. BOX 751597
CHARLOTTE. NC 28275

Registration Currently Under the Flammable Fabrics Act and Textile Fiber Products Identification filed with the Federal Trade Commission

# Alexander Fabrics

POST OFFICE BOX 147
BURLINGTON, NORTH CAROLINA 27216-0147
TELEPHONE: 336/229-9139
FACSIMILE..: 336/228-3332

COPY 1

# INVOICE

INVOICE NUMBER:  **0025760**

INVOICE DATE:  4/29/2005

PAGE:  1

| SOLD TO | ROKA APPAREL PRODUCTS, LLC<br>9487 REGENCY SQUARE BLVD  N<br>JACKSONVILLE, FL  322250000 | SHIP TO | ROKA APPAREL PRODUCTS<br>C/O CROWLEY LOGISTICS, INC<br>4222 JAMES E  CASEY DR<br><br>JACKSONVILLE, FL  32219 |

| | | | |
|---|---|---|---|
| BOL | 0031532 | PO NUMBER | R358647 |
| TERMS | NET 60 | PO DATE | 1/31/2005 |
| SHIP VIA | WATKINS TRUCK | CONTRACT # | 0008910-000 |
| SHIP DATE | 4/29/2005 | SALESMAN | DAVID BLOOM |

| Product Information | Dye Lot/Order # | # Pieces | U/M | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| 3126 0    5816<br>01302 AUB RICH BLACK AUB<br>AUB RICH BLACK<br><br>SHADE: 30 | 0022157000000 | 4 | YD<br>SY<br>LB | 348 0<br>889 3<br>118 0 | 3 280 | 1141.44 |
| | SUBTOTAL | | | 348.0 | | 1141.44 |
| | TOTAL | | | 348 0 | | 1141.44 |

Send Remittance To:
ALEXANDER FABRICS
P O  BOX 751597
CHARLOTTE, NC  28275

Continuing Guaranty Under the Flammable Fabrics Act and Textile Fiber Products Identification filed with the Federal Trade Commission

# Alexander Fabrics

POST OFFICE BOX 147
BURLINGTON, NORTH CAROLINA 27216-0147
TELEPHONE: 336/229-9139
FACSIMILE..: 336/228-3332

COPY 1

## INVOICE

INVOICE NUMBER:   0025761

INVOICE DATE:   4/29/2005

PAGE:   1

| SOLD TO | ROKA APPAREL PRODUCTS, LLC 9487 REGENCY SQUARE BLVD - N JACKSONVILLE, FL 322250000 | SHIP TO | ROKA APPAREL PRODUCTS C/O CROWLEY LOGISTICS, INC. 4222 JAMES E. CASEY DR  JACKSONVILLE, FL 32219 |

| | | | |
|---|---|---|---|
| BOL | 0031533 | PO NUMBER | R359142 |
| TERMS | NET 60 | PO DATE | 2/14/2005 |
| SHIP VIA | WATKINS TRUCK | CONTRACT # | 0009075-000 |
| SHIP DATE | 4/29/2005 | SALESMAN | DAVID BLOOM |

| Product Information | Dye Lot/Order # | # Pieces | U/M | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| 3232/115 O    5445 01301AIV AIV AIV ANTIQUE IVORY  SHADE: 10 | 0021418000000 | 50 | YD SY LB | 4882 9 15598 2 1913 2 | 3 170 | 15478 79 |
| | SUBTOTAL | | | 4882.9 | | 15478 79 |
| | TOTAL | | | 4882 9 | | 15478.79 |

Send Remittance To:
ALEXANDER FABRICS
P O BOX 751597
CHARLOTTE, NC  28275

Continuing Guaranty Under the Flammable Fabrics Act and Textile Fiber Products Identification filed with the Federal Trade Commission

# Alexander Fabrics
POST OFFICE BOX 147
BURLINGTON, NORTH CAROLINA 27216-0147
TELEPHONE: 336/229-9139
FACSIMILE .: 336/228-3332

COPY 1

## INVOICE

INVOICE NUMBER:  0025762

INVOICE DATE:  4/29/2005

PAGE:  1

| SOLD TO | ROKA APPAREL PRODUCTS, LLC<br>9487 REGENCY SQUARE BLVD  N<br>JACKSONVILLE, FL  322250000 | SHIP TO | ROKA APPAREL PRODUCTS<br>C/O CROWLEY LOGISTICS, INC<br>4222 JAMES E  CASEY DR<br><br>JACKSONVILLE, FL  33219 |
|---|---|---|---|

| | | | |
|---|---|---|---|
| **BOL** | 0031534 | **PO NUMBER** | R359143 |
| **TERMS** | NET 60 | **PO DATE** | 2/14/2005 |
| **SHIP VIA** | WATKINS TRUCK | **CONTRACT #** | 0009077-000 |
| **SHIP DATE** | 4/29/2005 | **SALESMAN** | DAVID BLOOM |

| Product Information | Dye Lot/Order # | # Pieces | U/M | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| 3232/115 0    B062<br>01301 ATW TRUE WHITE ATW<br>ATW TRUE WHITE<br><br>SHADE: 10 | 0021416000000 | 33 | YD<br>SY<br>LB | 3203 0<br>10231 8<br>1350 4 | 3 170 | 10153.51 |
| | SUBTOTAL | | | 3203 0 | | 10153.51 |
| | TOTAL | | | 3203 0 | | 10153.51 |

Send Remittance To:
ALEXANDER FABRICS
P O  BOX 751597
CHARLOTTE, NC  28275

Under the Flammable Fabrics Act and Textile Fiber Products Identification filed with the Federal Trade Commission

# Alexander Fabrics

POST OFFICE BOX 147
BURLINGTON, NORTH CAROLINA 27216-0147
TELEPHONE: 336/229-9139
FACSIMILE..: 336/228-3332

COPY 1

## INVOICE

INVOICE NUMBER:  0025763

INVOICE DATE:  4/29/2005

PAGE:  1

| | | | |
|---|---|---|---|
| SOLD TO | ROKA APPAREL PRODUCTS, LLC<br>9487 REGENCY SQUARE BLVD. N<br>JACKSONVILLE, FL  322250000 | SHIP TO | ROKA APPAREL PRODUCTS<br>C/O CROWLEY LOGISTICS, INC<br>4222 JAMES E  CASEY DR.<br><br>JACKSONVILLE, FL  32219 |

BOL        0031535
TERMS      NET 60
SHIP VIA   WATKINS TRUCK
SHIP DATE  4/29/2005

PO NUMBER  R359143
PO DATE    2/14/2005
CONTRACT # 0009077-000
SALESMAN   DAVID BLOOM

| Product Information | Dye Lot/Order # | # Pieces | U/M | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| 3232/115 0    8062<br>01301 ATW TRUE WHITE ATW<br>ATW TRUE WHITE<br><br>SHADE: 10 | 0021415000000 | 32 | YD<br>SY<br>LB | 3089.0<br>9867 6<br>1326 2 | 3 170 | 9792 13 |
| | SUBTOTAL | | | 3089 0 | | 9792 13 |
| | TOTAL | | | 3089 0 | | 9792.13 |

Send Remittance To:
ALEXANDER FABRICS
P O  BOX 751597
CHARLOTTE, NC  28275

ble Fabrics Act and Textile Fiber Products Identification filed with the Federal Trade Commission

# Alexander Fabrics

POST OFFICE BOX 147
BURLINGTON, NORTH CAROLINA 27216-0147
TELEPHONE: 336/229-9139
FACSIMILE..: 336/228-3332

COPY 1

## INVOICE

INVOICE NUMBER:  0025764

INVOICE DATE:  4/29/2005

PAGE:  1

| SOLD TO | ROKA APPAREL PRODUCTS, LLC<br>9487 REGENCY SQUARE BLVD. N<br>JACKSONVILLE, FL  322250000 | SHIP TO | ROKA APPAREL PRODUCTS<br>C/O CROWLEY LOGISTICS, INC.<br>4222 JAMES E  CASEY DR.<br><br>JACKSONVILLE, FL  32219 |

| BOL | 0031536 |
|-----|---------|
| TERMS | NET 60 |
| SHIP VIA | WATKINS TRUCK |
| SHIP DATE | 4/29/2005 |

| PO NUMBER | R359143 |
|-----------|---------|
| PO DATE | 2/14/2005 |
| CONTRACT # | 0009077-000 |
| SALESMAN | DAVID BLOOM |

| Product Information | Dye Lot/Order # | # Pieces | U/M | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| 3232/115 0    8062<br>01301 ATW TRUE WHITE ATW<br>ATW TRUE WHITE<br><br>SHADE: 10 | 0021584000000 | 17 | YD<br>SY<br>LB | 1565 0<br>4999 3<br>662 3 | 3 170 | 4961.05 |
| | SUBTOTAL | | | 1565 0 | | 4961.05 |
| | TOTAL | | | 1565.0 | | 4961 05 |

Send Remittance To:
ALEXANDER FABRICS
P.O BOX 751597
CHARLOTTE, NC  28275

# Alexander Fabrics

POST OFFICE BOX 147
BURLINGTON, NORTH CAROLINA 27216-0147
TELEPHONE: 336/229-9139
FACSIMILE..: 336/228-3332

COPY 1

## INVOICE

INVOICE NUMBER:  0025765

INVOICE DATE:  4/29/2005

PAGE:  1

| SOLD TO | ROKA APPAREL PRODUCTS, LLC<br>9487 REGENCY SQUARE BLVD  N<br>JACKSONVILLE, FL  322250000 | SHIP TO | ROKA APPAREL PRODUCTS<br>C/O CROWLEY LOGISTICS, INC<br>4222 JAMES E. CASEY DR<br><br>JACKSONVILLE, FL  32219 |
|---|---|---|---|

| BOL | 0031537 |
|---|---|
| TERMS | NET 60 |
| SHIP VIA | WATKINS TRUCK |
| SHIP DATE | 4/29/2005 |

| PO NUMBER | R359144 |
|---|---|
| PO DATE | 2/14/2005 |
| CONTRACT # | 0009078-000 |
| SALESMAN | DAVID BLOOM |

| Product Information | Dye Lot/Order # | # Pieces | U/M | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| 3232/115 0    5816<br>01301 AUB AUB<br>AUB RICH BLACK<br><br>SHADE: 30 | 0022101000000 | 6 | YD<br>SY<br>LB | 619 0<br>1977 4<br>274 8 | 3 540 | 2191 26 |
|  | SUBTOTAL |  |  | 619 0 |  | 2191 26 |
|  | TOTAL |  |  | 619 0 |  | 2191 26 |

Send Remittance To:
ALEXANDER FABRICS
P O  BOX 751597
CHARLOTTE, NC  28275

Continuing Guaranty Under the Flammable Fabrics Act and Textile Fiber Products Identification filed with the Federal Trade Commission.

# Alexander Fabrics
POST OFFICE BOX 147
BURLINGTON, NORTH CAROLINA 27216-0147
TELEPHONE: 336/229-9139
FACSIMILE..: 336/228-3332

COPY 1

## INVOICE

INVOICE NUMBER:  0025766

INVOICE DATE:  4/29/2005

PAGE:  1

| SOLD TO | ROKA APPAREL PRODUCTS, LLC
9487 REGENCY SQUARE BLVD. N
JACKSONVILLE, FL 322250000 | SHIP TO | ROKA APPAREL PRODUCTS
C/O CROWLEY LOGISTICS, INC.
4222 JAMES E CASEY DR

JACKSONVILLE, FL 32219 |

| | | | |
|---|---|---|---|
| BOL | 0031538 | PO NUMBER | R359145 |
| TERMS | NET 60 | PO DATE | 2/14/2005 |
| SHIP VIA | WATKINS TRUCK | CONTRACT # | 0009079-000 |
| SHIP DATE | 4/29/2005 | SALESMAN | DAVID BLOOM |

| Product Information | Dye Lot/Order # | # Pieces | U/M | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| 3232/115 0    1209
01301 GPB PALE BLUSH GPB
GPB PALE BLUSH

SHADE: 10 | 0021411000001 | 22 | YD
SY
LB | 2161 9
6906 1
854 6 | 3.170 | 6853.22 |
| | SUBTOTAL | | | 2161 9 | | 6853 22 |
| | TOTAL | | | 2161 9 | | 6853.22 |

Send Remittance To:
ALEXANDER FABRICS
P.O. BOX 751597
CHARLOTTE, NC  28275

# Alexander Fabrics

POST OFFICE BOX 147
BURLINGTON, NORTH CAROLINA 27216-0147
TELEPHONE: 336/229-9139
FACSIMILE..: 336/228-3332

COPY 1

# INVOICE

INVOICE NUMBER:  0025767

INVOICE DATE:  4/29/2005

PAGE:  1

| SOLD TO | ROKA APPAREL PRODUCTS, LLC<br>9487 REGENCY SQUARE BLVD. N<br>JACKSONVILLE, FL  322250000 | SHIP TO | ROKA APPAREL PRODUCTS<br>C/O CROWLEY LOGISTICS, INC.<br>4222 JAMES E. CASEY DR<br><br>JACKSONVILLE, FL  32219 |
|---|---|---|---|

| BOL | 0031539 |
|---|---|
| TERMS | NET 60 |
| SHIP VIA | WATKINS TRUCK |
| SHIP DATE | 4/29/2005 |

| PO NUMBER | R359145 |
|---|---|
| PO DATE | 2/14/2005 |
| CONTRACT # | 0009079-000 |
| SALESMAN | DAVID BLOOM |

| Product Information | Dye Lot/Order # | # Pieces | U/M | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| 3232/115 O    1209<br>01301 GPB PALE BLUSH GPB<br>GPB PALE BLUSH<br><br>SHADE: 10 | 0021411000000 | 30 | YD<br>SY<br>LB | 2980.3<br>9530.4<br>1167.0 | 3.170 | 9447.55 |
| | SUBTOTAL | | | 2980.3 | | 9447.55 |
| | TOTAL | | | 2980.3 | | 9447.55 |

Send Remittance To:
ALEXANDER FABRICS
P.O. BOX 751597
CHARLOTTE, NC  28275

Continuing Guaranty Under the Flammable Fabrics Act and Textile Fiber Products Identification filed with the Federal Trade Commission

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 1, 2007 I electronically filed the foregoing document with

the Clerk of Court using CM/ECF which will send notification of such filing(s) and Hand

Delivered to the following:

> John C. Phillips, Jr., Esquire
> Phillips, Goldman & Spence, P.A.
> 1200 North Broom Street
> Wilmington, DE  19806

> Steven J. Fineman (#4025)
> Richards, Layton & Finger, P.A.
> One Rodney Square
> P.O. Box 551
> Wilmington, Delaware 19899
> (302) 651-7700
> fineman@rlf.com

EXHIBIT B

RICHARDS, LAYTON & FINGER
A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX: (302) 651-7701
WWW.RLF.COM

STEVEN J FINEMAN

DIRECT DIAL NUMBER
302-651-7592
FINEMAN@RLF COM

May 31, 2007

**BY ELECTRONIC MAIL**
John C. Phillips, Jr., Esquire
Phillips, Goldman & Spence, P A.
1200 North Broom Street
Wilmington, DE 19806

Re:     *Alexander Fabrics, LLLP v  Roka Apparel Products, LLC*
        C.A. No. 07-174-GMS

Dear Jack:

On Tuesday, May 15, 2007, I asked that you please identify the citizenship of the members of Roka Apparel Products, LLC ("Roka").  At that time, you stated that you would consult with your co-counsel.  To date, I have not received any response.

We have no interest in wasting the Court's resources on a question of subject matter jurisdiction that should be resolved among counsel, if possible.  As I mentioned to you on the 15th, Roka's "facial attack" is easily cured by amendment of the pleadings as a matter of right. In this respect, we would prefer not to burden the Court with briefing on this issue if it can be avoided.  Please let me know by the close of business today the identity and citizenship of the members of Roka.  If we have not heard from you, we will simply address the matter in our papers -- a seemingly unnecessary and inefficient consequence.

Thank you in advance for your attention to this matter.  I look forward to hearing from you.

Very truly yours,

Steven J. Fineman (#4025)

SJF/lll

cc:     Patrick P. Coll, Esquire (By Electronic Mail)
        Barbara Slott Pegg, Esquire (By Electronic Mail)

RLF1-3158501-1