IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ALEXANDER FABRICS, LLLP, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 1:07-cv-00174 GMS |
| | : | |
| ROKA APPAREL PRODUCTS, LLC | : | |
| | : | |
| Defendant. | : | |
| | : | |

**DEFENDANT ROKA APPAREL PRODUCTS, LLC'S MOTION FOR
ENLARGEMENT OF TIME TO RESPOND TO FIRST AMENDED COMPLAINT**

Defendant RoKa Apparel Products, LLC ("Defendant"), by and through its undersigned counsel, hereby moves this Honorable Court under Fed. R. Civ. Pro. 6(b) for an enlargement of time to respond to the First Amended Complaint filed by Plaintiff on June 1, 2007.  In support thereof, Defendant states as follows:

1.     On March 26, 2007, by filing a Complaint with this Court, plaintiff Alexander Fabrics, LLLP ("Plaintiff") initiated this collection action, which involves goods manufactured by Plaintiff in North Carolina, shipped to Defendant "FOB Jacksonville, Florida," and delivered to Defendant in "Jacksonville, Florida."

2.     In its Complaint, alleging diversity jurisdiction under 28 U.S.C. § 1332 as its sole basis for subject matter jurisdiction, Plaintiff alleged that it is a North Carolina limited liability partnership with a principal place of business in North Carolina, and that Defendant is a Delaware limited liability company with a principal place of business in Florida.  See Complaint at ¶¶ 2-3.  Because Plaintiff did not allege the citizenship of its partners or the members of the

Defendant limited liability company, Plaintiff failed to allege in its Complaint sufficient facts to support this Court's subject matter jurisdiction.

3.      On May 4, 2007, after Defendant had initiated a related action against Plaintiff in the Circuit Court in Duval County, [Jacksonville] Florida (where Plaintiff shipped the subject goods "FOB" to Defendant and from where Defendant made payments), Defendant filed with this Court its Motion to Dismiss for Lack of Jurisdiction over the Subject Matter or, In the Alternative, to Stay.  Defendant argued therein that, because the only tenuous link Delaware has to this controversy is that Defendant was formed there and, in light of the interests implicated in this matter and the parallel litigation pending in the Florida state court, this Court should either dismiss this case with prejudice or stay it pending the outcome of the related lawsuit in Duval County, Florida (the "Florida Action").

4.      On June 1, 2007, Plaintiff filed a First Amended Complaint and a Motion to Enjoin Defendant from Proceeding in the Florida Action.  Defendant intends to timely reply to Plaintiff's Motion to Enjoin, but requests an enlargement of time to respond to the First Amended Complaint until such time as this Court has ruled on Defendant's pending Motion to Dismiss or Stay and Plaintiff's pending Motion to Enjoin.

5.      Because this Court's ruling on the parties' pending motions may well alleviate any need for Defendant to respond to the First Amended Complaint, the interests of justice, judicial efficiency, and judicial economy will be served by granting the requested enlargement. This is particularly true since the claims already filed by Defendant against Plaintiff in the Florida Action appear to constitute compulsory counterclaims under Fed. R. Civ. Pro. 13(a).  Not only does this fact further support the stay requested by Defendant, it demonstrates why the requested enlargement should be granted.  The entire dispute can and should be resolved in

Florida where the goods were sold to Defendant, where they were shipped by the Plaintiff to Defendant "FOB," where they were delivered, and from where payments were made.

6.      Pursuant to Fed. R. Civ. P 6(b), Defendant's Motion for Enlargement of Time is made before June 15, 2007, which is the deadline for Defendant to serve and file its response to Plaintiff's First Amended Complaint.

7.      Defendant's counsel is not seeking this extension to delay these proceedings, but rather for good cause.

8.      A district court has the discretion to enlarge any time prescribed by the Federal Rules, local rules, or court order.  Fed. R. Civ. P. 6(b).

WHEREFORE, Defendant respectfully requests that the Court enter an order granting Defendant's motion for enlargement of time to respond to First Amended Complaint.

Respectfully submitted,

Dated:  June 13, 2007

By:  /s/John C. Phillips, Jr.
John C. Phillips, Jr. (#110)
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 N. Broom Street
Wilmington, Delaware 19806
Tel. No. (302) 655-4200

Of counsel:
Barbara Slott Pegg
Attorney at Law
316 Sea Moss Lane
Ponte Vedra Beach, FL 3 2082
Tel. No. (904) 285-8100

Attorneys for Defendant,
RoKa Apparel Products, LLC

### **Rule 7.1.1 Certification**

      The undersigned hereby certifies that counsel for plaintiff denied defendant's request for an extension of time to respond to the First Amended Complaint.

<u>/s/John C. Phillips, Jr.</u>
John C. Phillips, Jr. (#110)

## <u>CERTIFICATE OF SERVICE</u>

I, John C. Phillips, Jr., hereby certify that, on June 13, 2007, the foregoing Motion

for Enlargement of Time to Respond to the First Amended Complaint was hand delivered

to the following person and was electronically filed with the Clerk of Court using

CM/ECF, which will send notification that such filing is available for viewing and

downloading from CM/ECF to the following:


Chad Michael Shandler, Esquire
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899


<u>/s/John C. Phillips, Jr.</u>
John C. Phillips, Jr. (#110)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALEXANDER FABRICS, LLLP, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 1:07-cv-00174 GMS |
| | : | |
| ROKA APPAREL PRODUCTS, LLC | : | |
| | : | |
| Defendant. | : | |
| | : | |

## __ORDER__

AND NOW, this _____ day of_____, 2007, upon consideration of

defendant RoKa Apparel Products, LLC's Motion for Enlargement of Time to Respond

to the First Amended Complaint (the "Motion");

IT IS HEREBY ORDERED that the Motion is GRANTED.


_____
The Hon. Gregory M. Sleet