IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALEXANDER FABRICS, LLLP, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 07-174-GMS ) |
| ROKA APPAREL PRODUCTS, LLC, | ) ) ) |
| Defendant. | ) |

**PLAINTIFF ALEXANDER FABRICS, LLLP'S OPPOSITION TO DEFENDANT ROKA APPAREL PRODUCTS, LLC'S MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO FIRST AMENDED COMPLAINT**

Plaintiff Alexander Fabrics, LLLP ("Plaintiff" or "Alexander"), by and through its undersigned counsel, opposes Defendant Roka Apparel Products, LLC's Motion For Enlargement Of Time To Respond To First Amended Complaint. In support of this opposition, Alexander states as follows:

**PRELIMINARY STATEMENT**

The issue presently before the Court is straightforward: should a Delaware limited liability company be allowed to avoid responding to the allegations in a complaint properly filed in the Delaware District Court and grant itself a self-effectuating stay. Alexander respectfully suggests that the answer is no.

On March 26, 2007, Alexander commenced the present proceedings against Roka Apparel Products, LLC ("Roka") seeking relief for Roka's refusal to pay for goods sold and delivered by Alexander to Roka. Roka did not timely respond to the complaint as required by the Federal Rules of Civil Procedure. Only after the time to respond had expired did Roka seek

from Alexander an extension of time to respond to the complaint.[1] Roka used this extension of time to file a substantially related complaint in the Circuit Court, Fourth Judicial Circuit in and for Duval County, Florida, Case No. 16-2007-CA-000151 (the "Florida Action"). Then, Roka filed in this Court a motion to dismiss for lack of subject matter jurisdiction or, in the alternative, to stay this action in favor of the second-filed Florida Action (the "Motion to Dismiss").

Alexander filed an amended complaint on June 1, 2007 to cure any alleged pleading deficiencies with respect to subject matter jurisdiction. Roka's response to the amended complaint was due on June 15, 2007. Instead of answering the amended complaint, Roka moved for an extension of time to respond to the amended complaint until after resolution of its Motion to Dismiss. The present motion is wholly without merit, and Roka should be ordered to respond to the amended complaint or have judgment entered against it.

## ARGUMENT

### A. Roka Has Offered No Basis Why The Court Should Enlarge The Time To Respond To The Amended Complaint

Notwithstanding Roka's argument that "Defendant's counsel is not seeking this extension to delay these proceedings, but rather for good cause,"[2] there is simply no other logical conclusion to draw, nor is there a basis for granting the present motion.

Even a cursory review of the procedural history of this action demonstrates Roka's delay tactics and forum shopping. Upon request, and as a courtesy, Alexander granted Roka an extension of time to respond to the original complaint (after the time to respond had expired). In turn, Roka used that time to commence the later-filed Florida Action. Then, Roka moved to dismiss the present action based upon a "facial" attack on the subject matter jurisdiction of this Court. In an effort to streamline the resolution of the dispute, and to reduce any undue burden on

---

[1] Roka never sought the Court's approval of this extension.
[2] To be clear, Alexander directs its argument to Roka, not counsel for Roka.

the Court, Alexander twice asked Roka to identify the citizenships of the members of Roka. (D.I. 12 at 4-5, Ex. B). Roka ignored Alexander's inquiries. *Id.* To avoid any unnecessary delay and to allow the parties and the Court to focus on the merits of the dispute, Alexander amended its complaint to cure any alleged deficiency with respect to subject matter jurisdiction. Roka opted not to file a reply brief in support of its Motion to Dismiss, and Roka has never refuted Alexander's assertion that subject matter jurisdiction in this Court is proper. Instead, Roka filed the present motion seeking to delay responding to the allegations of the amended complaint.

The amended complaint cured any purported deficiency relating to this Court's subject matter jurisdiction. Thus, there is no Rule 12 motion pending. Roka simply refuses to respond in this Court because it would prefer to litigate in state court in Florida. For the reasons set forth in Alexander's answering brief in opposition to the Motion to Dismiss, there is absolutely no reason why this Court should stay or dismiss this action in favor of the later-filed Florida Action.[3] Roka has not sought to transfer this action to Florida. Roka simply seeks to adjudicate its later-filed claims first. Even if the Court were to ultimately grant Roka's Motion to Dismiss, which Alexander respectfully argues it should not, Alexander could pursue its claim in another forum (including Florida), Roka would be required to answer the allegations and discovery would proceed on these claims. Thus, Roka should answer the amended complaint pending a decision by this Court on the Motion to Dismiss.

Roka only asserts one reason why its motion should be granted: "[b]ecause this Court's ruling on the parties' pending motions may well alleviate any need for Defendant to respond to

---

[3] Roka offers no explanation as to why the present action should be dismissed, let alone, "with prejudice". A dismissal with prejudice would not be appropriate under the present circumstances even if the Court were to grant Roka's Motion to Dismiss.

3

the First Amended Complaint, the interests of justice, judicial efficiency, and judicial economy will be served by granting the requested enlargement." Motion at ¶5. Roka reasons that this argument is particularly true where the present claims "appear to constitute compulsory counterclaims under Fed. R. Civ. Pro. 13(a)." *Id.* In sum, Roka seeks to avoid responding to the amended complaint in this Court to avoid purported inefficiencies that were created by Roka's own filing of a later action in Florida, and to avoid admitting that subject matter jurisdiction, as alleged in the amended complaint, is proper. This is not a reasoned basis on which to grant an enlargement of time to respond to the amended complaint.

### B.     Roka Should Not Be Entitled To A Self-Effectuating Stay.

Through the present motion, Roka has accomplished what it hoped to achieve through the underlying Motion to Dismiss. This case is, for all intents and purposes, stayed until Roka answers the amended complaint. Meanwhile, the Florida Action may proceed. Roka did not receive authorization from the Court exempting Roka from its obligation to file an answer or move under Rule 12 of the Federal Rules of Civil Procedure, and it should not be allowed to grant itself such relief.

Alexander chose to litigate this dispute in Delaware District Court -- a jurisdiction where Roka chose to register and is subject to personal jurisdiction. Alexander should not be compelled to await resolution of Roka's later-filed Florida Action -- which according to Roka involves different issues (D.I. 15 at 3-4) -- to prosecute its claim for Roka's failure to make payment on goods sold and delivered.

WHEREFORE, Alexander respectfully requests that the Court deny Roka's Motion For Enlargement Of Time To Respond To First Amended Complaint and order Roka to answer the allegations of the amended complaint within three business days of denial of this motion.

4

 

|  |  |
|---|---|
| | /s/ *signature* |
| | Chad M. Shandler (#3796) |
| | Steven J. Fineman (#4025) |
| | shandler@rlf.com |
| | fineman@rlf.com |
| | Richards, Layton & Finger |
| | One Rodney Square |
| | P. O. Box 551 |
| | Wilmington, DE  19801 |
| | 302-651-7700 |
| Dated:  June 22, 2007 | Attorneys for Plaintiff Alexander Fabrics, LLLP |

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2007 I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing(s) and Hand Delivered to the following:

> John C. Phillips, Jr., Esquire
> Phillips, Goldman & Spence, P.A.
> 1200 North Broom Street
> Wilmington, DE 19806

> Steven J. Fineman (#4025)
> Richards, Layton & Finger, P.A.
> One Rodney Square
> P.O. Box 551
> Wilmington, Delaware 19899
> (302) 651-7700
> fineman@rlf.com