IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALEXANDER FABRICS, LLLP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 07-174-GMS |
| v. | ) |
| | ) |
| ROKA APPAREL PRODUCTS, LLC, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF ALEXANDER FABRICS, LLLP'S
WITHDRAWAL OF MOTION TO ENJOIN ROKA APPAREL
PRODUCTS, LLC FROM PROCEEDING IN THE FLORIDA ACTION**

Plaintiff Alexander Fabrics, LLLP ("Plaintiff" or "Alexander"), by and through its undersigned counsel, hereby withdraws Plaintiff Alexander Fabrics, LLLP's Motion to Enjoin Roka Apparel Products, LLC From Proceeding In The Florida Action and states as follows:

1.  Alexander filed this action to recover monies owed to it as a result of Roka's failure to make payments for goods delivered to and accepted by Roka. As a gesture of good faith, Alexander granted Roka an extension of time to respond to the complaint <u>after</u> the time for filing such a response had passed. Roka, without seeking the Court's approval to file a belated response, moved to dismiss this action for lack of subject matter jurisdiction or for a stay. Even more troubling, Roka utilized the extension of time to file a complaint in the Circuit Court, Fourth Judicial Circuit in and for Duval County, Florida, Case No. 16-2007-CA-000151 (the "Florida Action"). The claims asserted by Roka in Florida could have been asserted in Delaware, where Roka is registered, as counterclaims. However, Roka instead initiated a second action and forced Alexander to litigate in two fora. To prevent such an injustice, Alexander moved to enjoin Roka from pursuing the second-filed action in Florida. Roka has cited case law that suggests that this Court lacks the authority to enjoin it from litigating the Florida action

because, *inter alia*, the Florida action has already been commenced. In light of this case law, and to prevent the Court from having to expend its limited resources to decide the motion to enjoin, Alexander withdraws the motion without prejudice[1] and will seek the appropriate relief from the court in Florida if and when Alexander is properly served in that action. Alexander would like to take this opportunity, however, to address in brief fashion Roka's ill-founded arguments (raised in the opposition to the motion to enjoin) that this Court should stay this action pending completion of the Florida action.[2]

2.  The application of the first-filed rule to the present circumstances would foreclose Roka's motion entirely.[3] *See* D.I. 12. Whether or not the Court determines that the first-filed rule is applicable, Roka has not come close to meeting its burden of demonstrating that the present case should be stayed. As set forth in Alexander's answering brief in opposition to

---

[1] On June 1, 2007, Alexander moved to dismiss the Florida Action based upon, among other reasons, Roka's failure to properly serve Alexander.

[2] Roka's motion to dismiss has been mooted by the filing of the amended complaint on June 1, 2007.

[3] Roka relies upon this Court's decision in *Omnicom Group, Inc. v. Employers Reinsurance Corp.*, C.A. No. 01-839-GMS, 2002 WL 109346, at *2 (D. Del. Jan. 28, 2002) for the proposition that the first-filed rule is not applicable to concurrent federal and state actions. Roka, however, disregards footnote three of the Court's opinion in *Omnicon* wherein the Court stated that "[b]ecause the court finds other compelling reasons to transfer this case to New York, *it expresses no opinion on whether the first-filed rule should apply to concurrent state and federal cases.*" *Id.* at *2 n.3 (emphasis added). Fairly read, this Court's opinion in *Omnicom Group* does not, as Roka contends (D.I. 15 at 3), preclude application of the first-filed rule to concurrent federal and state court actions. In fact, several cases recognize the applicability of the first-filed rule to the present circumstances. *See, e.g., Commercial Union Ins. Cos. v. Torbaty*, 955 F. Supp. 1162, 1163-4 (E.D. Mo. 1997) (applying first-filed rule to concurrent state and federal cases); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982) (same); *Andersen Windows, Inc. v. Delmarva Sash & Door Co. of Md.*, C.A. No. 02-74 DWF/ASB, 2002 WL 1424570, at *5 (D. Minn. June 28, 2002) (applying the first-filed rule to a concurrent action in federal and state court); *United Artists Theatre Circuit, Inc. v. Fed. Commc'ns Comm'n*, 147 F. Supp. 2d 965, 979 n.12 (D. Ariz. 2000) ("The principle is no less applicable when the courts set in competition against each other are a federal district court and a state court.").

2

Roka's motion to dismiss or stay, the public and private interest factors established by the Third Circuit militate in favor of Alexander. *See* D.I. 12; *Jumara v. State Farm Ins. Co.*, 55 F. 3d 873 (3d Cir. 1995).

3. Roka's belated assertion of facts do not cure Roka's failure to satisfy its heavy burden, but should be corrected in any event.[4] Roka takes issue with Mr. Perry's assertion that "Alexander had no dealings or business in the State of Florida," yet Roka does not offer evidence to the contrary. D.I. 15 at 7. Roka's assertion that checks were issued from a Florida bank does nothing to advance its argument. Indeed, the Alexander invoices specifically provided that remittance was to be made to "Alexander Fabrics, P.O. Box 751597 Charlotte, NC 28275." *See* D.I. 1 at Ex. A.

4. Roka's sample purchase order also supports Alexander's position that the goods were delivered by Alexander to a common carrier in North Carolina whereby the goods were shipped via an unrelated third party freight forwarding company who would just forward the fabric directly to a manufacturing facility in Hondorus. Indeed, the sample purchase order provides that the fabric should be "**ship**[ed] **To:** HAMLET MANUFACTURING #2 CUTTING DEPT (ROKA) ZOLI PARQUE INDUSTRIAL VILLANUEVA BUILDING #17 VILLANUEVA-C **HONDORUS**". D.I. 15 at Ex. A, ex. D (emphasis added). Any ties to Florida are, at best, *de minimus*. Notwithstanding Roka's best efforts to characterize this dispute as arising in Florida, it simply did not. Thus, although Alexander contends that these facts

---

[4] As Alexander forecast in its answering brief in opposition to Roka's motion to dismiss or stay, Roka now attempts to assert facts to support its motion to dismiss or stay that should have been asserted in a fair and complete opening brief. *See* D.I. 12 at 10 n.2. By way of example, Roka submits the affidavit of Larry L. Stone for the proposition that witnesses and books and records are closer to Florida than to Delaware. As set forth in detail in Alexander's answering brief, in addition to being untimely, these broad, conclusory allegations do not suffice to satisfy Roka's heavy burden. *See* D.I. 12 at 10.

should have been asserted in Roka's opening brief in support of its motion to dismiss or stay and should be disregarded, they nonetheless do not support Roka's motion.

                    /s/                        
Chad M. Shandler (#3796)
Steven J. Fineman (#4025)
shandler@rlf.com
fineman@rlf.com
Richards, Layton & Finger
One Rodney Square
P. O. Box 551
Wilmington, DE  19801
302-651-7700

Dated:  June 22, 2007      Attorneys for Plaintiff Alexander Fabrics, LLLP

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on June 22, 2007 I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing(s) and Hand Delivered to the following:

>John C. Phillips, Jr., Esquire
>Phillips, Goldman & Spence, P.A.
>1200 North Broom Street
>Wilmington, DE 19806

>/s/ Steven J. Fineman
>Steven J. Fineman (#4025)
>Richards, Layton & Finger, P.A.
>One Rodney Square
>P.O. Box 551
>Wilmington, Delaware 19899
>(302) 651-7700
>fineman@rlf.com