IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALEXANDER FABRICS, LLLP, | : |
| Plaintiff, | : |
| v. | : C.A. No. 1:07-cv-00174 GMS |
| ROKA APPAREL PRODUCTS, LLC | : |
| Defendant. | : DEMAND FOR JURY TRIAL |

**DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant, ROKA APPAREL PRODUCTS, LLC ("Defendant" or "ROKA"), by and through its undersigned counsel, answers the First Amended Complaint of the Plaintiff, ALEXANDER FABRICS, LLLP ("Plaintiff" or "ALEXANDER"), and asserts its Affirmative Defenses, including a request that this action be stayed in favor of the related state court action pending in Florida in which the parties can obtain complete relief on their claims, all of which arise under state law, as follows:

**ANSWER**

**INTRODUCTION**

1. Denied.

**THE PARTIES AND JURISDICTION**

2. Denied. After reasonable investigation, ROKA is without sufficient knowledge or information to form a belief as to the allegations contained in this paragraph and, therefore those allegations are denied.

3. Denied. After reasonable investigation, ROKA is without sufficient knowledge or information to form a belief as to the allegations contained in this paragraph and, therefore those allegations are denied.

4. Admitted in part; denied in part. It is admitted only that ROKA is a manufacturer of various types of textile garments and undergarments and that ROKA is a Delaware limited liability company which, at all relevant times pertinent to the allegations in the First Amended Complaint, maintained an office to transact business at 9487 Regency Square Boulevard North, Jacksonville, Florida.

5. Admitted in part; denied in part. It is admitted only that Larry L. Stone is the managing member of ROKA and that Mr. Stone resided in the State of Connecticut at a time prior to the transactions with ALEXANDER which are alleged in this First Amended Complaint. The remaining allegations of this paragraph are denied.

6. Denied. After reasonable investigation, ROKA is without sufficient knowledge or information to form a belief as to the allegations contained in this paragraph and, therefore those allegations are denied.

7. Admitted in part; denied in part. It is admitted only for jurisdictional purposes that the matter in controversy, as pled by ALEXANDER, exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. §1332 but ROKA denies that ALEXANDER is entitled to any relief; ROKA is without sufficient knowledge or information to form a belief as to the remaining allegations contained in this paragraph and, therefore those allegations are denied.

8. Admitted for jurisdictional purposes only.

## FACTS COMMON TO ALL COUNTS

9. Admitted in part; denied in part. It is admitted only that between February and April 2005 ROKA issued multiple purchase orders to ALEXANDER and that ALEXANDER sold, shipped and delivered certain textile goods to ROKA "FOB JACKSONVILLE, FL" to be used by ROKA to manufacture products for and pursuant to specifications of third parties (the "goods"). It is specifically denied that the goods ordered from and shipped by ALEXANDER were "customized fabric."

10. Denied.

11. Admitted in part; denied in part. It is admitted only that ROKA has engaged in privileged and inadmissible settlement communications with ALEXANDER concerning the matters alleged in this First Amended Complaint and the claims asserted by ROKA against ALEXANDER in the pending Florida state court action: *Roka Apparel Products, LLC v. Alexander Fabrics, LLLP*, Circuit Court Duval County Florida, Case No.: 2007-CA-003161, CV-B, that ROKA has experienced financial difficulties, and that, with the assistance of a New York based firm, and its attorneys, ROKA has settled with all of its creditors except three, including ALEXANDER FABRICS and a related company. The remaining allegations of this paragraph are denied. ROKA specifically denies that it acknowledged a "total debt" owed to ALEXANDER.

12. Admitted in part; denied in part. It is admitted only that, despite ALEXANDER's demand for payment, ROKA has refused to make payment for certain goods sold, shipped and delivered by ALEXANDER to ROKA "FOB JACKSONVILLE, FL." The remaining allegations of this paragraph are denied.

## COUNT ONE – BREACH OF CONTRACT

13. ROKA repeats and realleges each of its answers to paragraphs 1 through 12 hereinabove as if fully set forth herein.

14. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, ROKA responds as follows: denied.

15. Admitted in part; denied in part. It is admitted only that ROKA has refused to make payment for certain goods sold, shipped and delivered by ALEXANDER to ROKA "FOB JACKSONVILLE, FL." The remaining allegations of this paragraph are denied.

16. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, ROKA responds as follows: denied.

17. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, ROKA responds as follows: denied.

18. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, ROKA responds as follows: denied.

## COUNT TWO-BOOK ACCOUNT

19. ROKA repeats and realleges each of its answers to paragraphs 1 through 18 hereinabove as if fully set forth herein.

20. Denied. By way of further answer, ROKA denies the allegations in this paragraph in that they refer to and attempt to characterize the invoices attached to the First Amended Complaint as Exhibit A, which are writings that speak for themselves.

21. Admitted in part; denied in part. It is admitted only that, despite ALEXANDER's demand for payment, ROKA has refused to make payment for certain goods sold, shipped and delivered by ALEXANDER to ROKA "FOB JACKSONVILLE, FL." The remaining allegations of this paragraph are denied.

22. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, ROKA responds as follows: denied.

## COUNT THREE-UNJUST ENRICHMENT

23. ROKA repeats and realleges each of its answers to paragraphs 1 through 22 hereinabove as if fully set forth herein.

24. Denied. After reasonable investigation, ROKA is without sufficient knowledge or information to form a belief as to the allegations contained in this paragraph and, therefore those allegations are denied.

25. Denied as stated. By way of further answer, ROKA understood only that it was reasonable for ALEXANDER to expect payment for the timely delivery of conforming goods in the quantities and at the price as ordered by ROKA.

26. Admitted in part; denied in part. It is admitted only that, despite ALEXANDER's demand for payment, ROKA has refused to make payment for certain goods sold, shipped and delivered by ALEXANDER to ROKA "FOB JACKSONVILLE, FL." The remaining allegations of this paragraph are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

27. "The plaintiff has the burden of pleading the existence of the court's jurisdiction… and, in a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed." <u>Chemical Leaman Tank Lines, Inc. v. Aetna Casualty and Surety Company</u>, 177 F.3d 210, 222 n.13 (3rd Cir. 1999). "The pleadings must contain an averment as to the existence of diversity of citizenship as to all of the parties to the action, the failure to so plead resulting in a denial of federal diversity jurisdiction." 32A Am. Jur.2d Federal Courts § 841 (2007) (citing <u>Chemical Leaman</u>). ALEXANDER has failed to meet its pleading burden as to the citizenship of each of the members of ROKA, which is a limited liability company, as ALEXANDER is required to do in order for this Court to determine that it has subject matter jurisdiction pursuant to diversity of citizenship under 28 U.S.C.§ 1332. A limited liability company is a citizen of the states of which its individual members are citizens. <u>Ketterson v. Wolf</u>, 2001 WL 940909, at *3 (D. Del. Aug. 14, 2001) (citing <u>Carden v. Arkoma Assocs.</u>, 494 U.S. 185, 187-192 (1990) and <u>Handelsman v. Bedford Vill. Assocs. Ltd. P'ship</u>, 213 F.3d 48, 51-52 (2d Cir. 2000)).

28. The First Amended Complaint contains no allegations as to the citizenship of the individual members of ROKA, other than its managing member, *see* ¶5, and ROKA has denied those allegations. By failing to allege the citizenship of each of ROKA's members, ALEXANDER has not met its burden of pleading the existence of this Court's jurisdiction by stating all parties' citizenships such that complete diversity can be

confirmed. Therefore, the Court should dismiss this action for lack of subject matter jurisdiction.

## SECOND AFFIRMATIVE DEFENSE

29. One or more of ALEXANDER's claims are barred by failure of consideration in that certain goods ordered by ROKA from ALEXANDER were not timely shipped, were shipped in excess of the amount ordered, were under-shipped, and/or were subject to unauthorized price increases.

## THIRD AFFIRMATIVE DEFENSE

30. One or more of ALEXANDER's claims are barred by the doctrine of equitable estoppel in that goods ordered by ROKA from ALEXANDER were not timely shipped, were shipped in excess of the amount ordered, were under-shipped and/or were subject to unauthorized price increases.

## FOURTH AFFIRMATIVE DEFENSE

31. To the extent it is determined that ROKA is responsible for payment of any of the $152,238.55 claimed by ALEXANDER, ROKA is entitled to a set-off in an amount equal to the losses ROKA has sustained by virtue of ALEXANDER's shipping goods that were non-conforming, were late, were over or under-shipped, and/or were subject to unauthorized price increases. ALEXANDER's acts and omissions resulted in ROKA's loss of substantial business and canceled orders, all of which caused damage to ROKA. In addition, ROKA is entitled to set off the freight charges it paid for the non-conforming, over-shipped goods, and late-shipped goods, and the costs associated with its commercially reasonable efforts to dispose of such goods and related expenses, including ROKA's costs and reasonable attorney's fees (to the extent available under applicable

law), along with any other items the Court determines are appropriate under the circumstances.

### FIFTH AFFIRMATIVE DEFENSE

32. ALEXANDER has waived and/or is estopped from seeking equitable or legal relief for consequences that were the direct and proximate result of its own conduct, actions or inactions.

### SIXTH AFFIRMATIVE DEFENSE

33. None of the purchase orders for any of the goods on which ALEXANDER's claims against ROKA are based have been attached to the First Amended Complaint. To the extent that any of the purchase orders for goods on which any of ALEXANDER's claims are based do not exist, or do not bear an authorized signature by ROKA, ALEXANDER's claims are barred by the statute of frauds.

### SEVENTH AFFIRMATIVE DEFENSE

34. To the extent that any of the purchase orders for goods on which any of ALEXANDER's claims are based do not bear an authorized signature by ROKA, and involve the sale of goods for the price of $500 or more, ALEXANDER's claims are barred by the Uniform Commercial Code as adopted in Delaware and in Florida. In particular, 6 Del.C. §2-201 (2007) provides that an alleged contract for the sale of goods for the price of $500 or more is not enforceable unless there is a writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker.

## EIGHTH AFFIRMATIVE DEFENSE

35. The First Amended Complaint fails to state a claim against ROKA upon which relief can be granted.

## NINTH AFFIRMATIVE DEFENSE

35. For all of the reasons stated, and the authorities relied upon in ROKA's Motion to Dismiss for Lack of Jurisdiction over the Subject Matter or, in the Alternative, to Stay and in the supporting Memorandum of Law previously filed with this Court, which are incorporated herein by reference, ROKA respectfully urges that if this Court is not inclined to dismiss the instant case with prejudice, the interests of justice, judicial efficiency and judicial economy would be best served by staying this case pending the outcome of the related lawsuit pending in the Circuit Court in Duval County, Florida where the parties can obtain complete relief on their claims, all of which are asserted under state law.

WHEREFORE, ROKA respectfully requests that the Court (i) stay the instant action pending the outcome of the litigation pending in the Circuit Court in Duval County, Florida; (ii) dismiss Plaintiff's First Amended Complaint with prejudice and enter judgment in Defendant's favor; (iii) grant Defendant its attorneys' fees and costs, and (iv) grant Defendant such further relief as the Court deems just and proper.

Respectfully submitted,

Dated: July 13, 2007

By: _/s/ John C. Phillips, Jr._ (#110)
John C. Phillips, Jr. (#110)
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 N. Broom Street
Wilmington, Delaware 19806
Tel. No. (302) 655-4200
jcp@pgslaw.com

Of counsel:
Barbara Slott Pegg
Attorney at Law
316 Sea Moss Lane
Ponte Vedra Beach, FL 3 2082
Tel. No. (904) 285-8100

Attorneys for Defendant,
Roka Apparel Products, LLC