**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ALEXANDER FABRICS, LLLP, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 1:07-cv-00174 GMS |
| | : | |
| ROKA APPAREL PRODUCTS, LLC | : | DEMAND FOR JURY TRIAL |
| | : | |
| Defendant. | : | |
| | : | |

**<u>DEFENDANT'S AMENDED ANSWER TO FIRST AMENDED COMPLAINT,
AFFIRMATIVE DEFENSES AND COUNTERCLAIM</u>**

Defendant, ROKA APPAREL PRODUCTS, LLC ("Defendant" or "ROKA"), by and through its undersigned counsel, files its amended answers the First Amended Complaint of the Plaintiff, ALEXANDER FABRICS, LLLP ("Plaintiff" or "ALEXANDER"), and asserts its Affirmative Defenses, including a request that this action be stayed in favor of the related state court action pending in Florida in which the parties can obtain complete relief on their claims, all of which arise under state law, and asserts its Counterclaim, as follows:

**<u>ANSWER</u>**

**<u>INTRODUCTION</u>**

1.  Denied.

**<u>THE PARTIES AND JURISDICTION</u>**

2.  Denied.  After reasonable investigation, ROKA is without sufficient knowledge or information to form a belief as to the allegations contained in this paragraph and, therefore those allegations are denied.

3.    Denied.    After reasonable investigation, ROKA is without sufficient knowledge or information to form a belief as to the allegations contained in this paragraph and, therefore those allegations are denied.

4.    Admitted in part; denied in part.  It is admitted only that ROKA is a manufacturer of various types of textile garments and undergarments and that ROKA is a Delaware limited liability company which, at all relevant times pertinent to the allegations in the First Amended Complaint, maintained an office to transact business at 9487 Regency Square Boulevard North, Jacksonville, Florida.

5.    Admitted in part; denied in part.  It is admitted only that Larry L. Stone is the managing member of ROKA who resided in the State of Connecticut at a time prior to the transactions with ALEXANDER which are alleged in this First Amended Complaint.  The remaining allegations of this paragraph are denied.

6.    Denied.    After reasonable investigation, ROKA is without sufficient knowledge or information to form a belief as to the allegations contained in this paragraph and, therefore those allegations are denied.

7.    Admitted in part; denied in part.  It is admitted only for jurisdictional purposes that the matter in controversy, as pled by ALEXANDER, exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. §1332 but ROKA denies that ALEXANDER is entitled to any relief; ROKA is without sufficient knowledge or information to form a belief as to the remaining allegations contained in this paragraph and, therefore those allegations are denied.

8. Admitted for jurisdictional purposes only.

## FACTS COMMON TO ALL COUNTS

9. Admitted in part; denied in part. It is admitted only that between February and April 2005 ROKA issued multiple purchase orders to ALEXANDER and that ALEXANDER sold, shipped and delivered certain textile goods to ROKA "FOB JACKSONVILLE, FL" to be used by ROKA to manufacture products for and pursuant to specifications of third parties (the "goods"). It is specifically denied that the goods ordered from and shipped by ALEXANDER were "customized fabric."

10. Denied.

11. Admitted in part; denied in part. It is admitted only that ROKA has engaged in privileged and inadmissible settlement communications with ALEXANDER concerning the matters alleged in this First Amended Complaint and the claims asserted by ROKA against ALEXANDER in the pending Florida state court action: *Roka Apparel Products, LLC v. Alexander Fabrics, LLLP*, Circuit Court Duval County Florida, Case No.: 2007-CA-003161, CV-B, that ROKA has experienced financial difficulties, and that, with the assistance of a New York based firm, and its attorneys, ROKA has settled with all of its creditors except three, including ALEXANDER FABRICS and a related company. The remaining allegations of this paragraph are denied. ROKA specifically denies that it acknowledged a "total debt" owed to ALEXANDER.

12. Admitted in part; denied in part. It is admitted only that, despite ALEXANDER's demand for payment, ROKA has refused to make payment for certain goods sold, shipped and delivered by ALEXANDER to ROKA "FOB JACKSONVILLE, FL." The remaining allegations of this paragraph are denied.

## COUNT ONE – BREACH OF CONTRACT

13.  ROKA repeats and realleges each of its answers to paragraphs 1 through 12 hereinabove as if fully set forth herein.

14.  The allegations of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, ROKA responds as follows: denied.

15.  Admitted in part; denied in part.  It is admitted only that ROKA has refused to make payment for certain goods sold, shipped and delivered by ALEXANDER to ROKA "FOB JACKSONVILLE, FL."  The remaining allegations of this paragraph are denied.

16.  The allegations of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, ROKA responds as follows: denied.

17.  The allegations of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, ROKA responds as follows: denied.

18.  The allegations of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, ROKA responds as follows: denied.

## COUNT TWO-BOOK ACCOUNT

19.  ROKA repeats and realleges each of its answers to paragraphs 1 through 18 hereinabove as if fully set forth herein.

20.     Denied.  By way of further answer, ROKA denies the allegations in this paragraph in that they refer to and attempt to characterize the invoices attached to the First Amended Complaint as Exhibit A, which are writings that speak for themselves.

21.     Admitted in part; denied in part.  It is admitted only that, despite ALEXANDER's demand for payment, ROKA has refused to make payment for certain goods sold, shipped and delivered by ALEXANDER to ROKA "FOB JACKSONVILLE, FL."  The remaining allegations of this paragraph are denied.

22.  The allegations of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, ROKA responds as follows: denied.

## COUNT THREE-UNJUST ENRICHMENT

23.  ROKA repeats and realleges each of its answers to paragraphs 1 through 22 hereinabove as if fully set forth herein.

24.  Denied.   After reasonable investigation, ROKA is without sufficient knowledge or information to form a belief as to the allegations contained in this paragraph and, therefore those allegations are denied.

25.  Denied as stated.  By way of further answer, ROKA understood only that it was reasonable for ALEXANDER to expect payment for the timely delivery of conforming goods in the quantities and at the price as ordered by ROKA.

26.     Admitted in part; denied in part.  It is admitted only that, despite ALEXANDER's demand for payment, ROKA has refused to make payment for certain goods sold, shipped and delivered by ALEXANDER to ROKA "FOB JACKSONVILLE, FL."  The remaining allegations of this paragraph are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

27.    "The plaintiff has the burden of pleading the existence of the court's jurisdiction… and, in a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed." Chemical Leaman Tank Lines, Inc. v. Aetna Casualty and Surety Company, 177 F.3d 210, 222 n.13 (3rd Cir. 1999).   "The pleadings must contain an averment as to the existence of diversity of citizenship as to all of the parties to the action, the failure to so plead resulting in a denial of federal diversity jurisdiction." 32A Am. Jur.2d Federal Courts § 841 (2007) (citing Chemical Leaman).   ALEXANDER has failed to meet its pleading burden as to the identification and citizenship of each of the unidentified members of the two limited liability companies who are alleged to be the partners in ALEXANDER (see First Amended Complaint ¶ 3). ALEXANDER has failed to allege who the members of these two limited liability companies are and whether they are individuals, corporations, partnerships, limited liability companies or otherwise.   ALEXANDER has also failed to alleged, as it must, the citizenship of each of the members of ROKA, which is also limited liability company.   All that ALEXANDER has done in regard to ROKA is to allege "upon information and belief" the citizenship of ROKA's managing member, which ROKA has denied (see First Amended Complaint ¶ 5) and then to allege, again "upon information and belief" that "there is complete diversity of jurisdiction between the partners of Alexander and the members of RoKa."(See First Amended Complaint ¶6). ALEXANDER is required to allege the citizenship of each member of each of the various limited liability companies in order for this Court to determine that it has subject matter

jurisdiction pursuant to diversity of citizenship under 28 U.S.C.§ 1332. A limited liability company is a citizen of the states of which its individual members are citizens. Ketterson v. Wolf, 2001 WL 940909, at *3 (D. Del. Aug. 14, 2001) (citing Carden v. Arkoma Assocs., 494 U.S. 185, 187-192 (1990) and Handelsman v. Bedford Vill. Assocs. Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000).

28.    By failing to allege the citizenship of each of ROKA's members, and by failing to identify the members of the limited liability companies who are alleged to be the sole partners in ALEXANDER, and the citizenship of each, ALEXANDER has not met its burden of pleading the existence of this Court's jurisdiction by stating all parties' citizenships such that complete diversity can be confirmed. Therefore, the Court should dismiss this action for lack of subject matter jurisdiction.

SECOND AFFIRMATIVE DEFENSE

29.    One or more of ALEXANDER's claims are barred by failure of consideration in that certain goods ordered by ROKA from ALEXANDER were not timely shipped, were shipped in excess of the amount ordered, were under-shipped, and/or were subject to unauthorized price increases.

THIRD AFFIRMATIVE DEFENSE

30.    One or more of ALEXANDER's claims are barred by the doctrine of equitable estoppel in that goods ordered by ROKA from ALEXANDER were not timely shipped, were shipped in excess of the amount ordered, were under-shipped and/or were subject to unauthorized price increases.

## FOURTH AFFIRMATIVE DEFENSE

31.   To the extent it is determined that ROKA is responsible for payment of any of the $152,238.55 claimed by ALEXANDER, ROKA is entitled to a set-off in an amount equal to the losses ROKA has sustained by virtue of ALEXANDER's shipping goods that were non-conforming, were late, were over or under-shipped, and/or were subject to unauthorized price increases.   ALEXANDER's acts and omissions resulted in ROKA's loss of substantial business and canceled orders, all of which caused damage to ROKA.  In addition, ROKA is entitled to set off the freight charges it paid for the non-conforming, over-shipped goods, and late-shipped goods, and the costs associated with its commercially reasonable efforts to dispose of such goods and related expenses, including ROKA's costs and reasonable attorney's fees (to the extent available under applicable law), along with any other items the Court determines are appropriate under the circumstances.

## FIFTH AFFIRMATIVE DEFENSE

32.  ALEXANDER has waived and/or is estopped from seeking equitable or legal relief for consequences that were the direct and proximate result of its own conduct, actions or inactions.

## SIXTH AFFIRMATIVE DEFENSE

33.   None of the purchase orders for any of the goods on which ALEXANDER's claims against ROKA are based has been attached to the First Amended Complaint.  To the extent that any of the purchase orders for goods on which any of ALEXANDER's claims are based do not exist, or do not bear an authorized signature by ROKA, ALEXANDER's claims are barred by the statute of frauds.

## SEVENTH AFFIRMATIVE DEFENSE

34.    To the extent that any of the purchase orders for goods on which any of ALEXANDER's claims are based do not bear an authorized signature by ROKA, and involve the sale of goods for the price of $500 or more, ALEXANDER's claims are barred by the Uniform Commercial Code as adopted in Delaware and in Florida.   In particular, 6 Del.C. §2-201 (2007) provides that an alleged contract for the sale of goods for the price of $500 or more is not enforceable unless there is a writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker.

## EIGHTH AFFIRMATIVE DEFENSE

35.    The First Amended Complaint fails to state a claim against ROKA upon which relief can be granted.

## NINTH AFFIRMATIVE DEFENSE

36.    For all of the reasons stated, and the authorities relied upon in ROKA's Motion to Dismiss for Lack of Jurisdiction over the Subject Matter or, in the Alternative, to Stay and in the supporting Memorandum of Law previously filed with this Court, which are incorporated herein by reference, ROKA respectfully urges that, if this Court is not inclined to dismiss the instant case with prejudice, the interests of justice, judicial efficiency and judicial economy would be best served by staying this case pending the outcome of the related lawsuit pending in the Circuit Court in Duval County, Florida where the parties can obtain complete relief on their claims, all of which are asserted under state law.

WHEREFORE, ROKA respectfully requests that the Court (i) stay the instant action pending the outcome of the litigation pending in the Circuit Court in Duval County, Florida; (ii) dismiss Plaintiff's First Amended complaint with prejudice and enter judgment in Defendant's favor; (iii) grant Defendant its attorneys' fees and costs; and (iv) grant Defendant such further relief as the Court deems just and proper.

## COUNTERCLAIM

Plaintiff, ROKA APPAREL PRODUCTS, LLC, a Delaware limited liability company ("ROKA" or "Plaintiff") sues ALEXANDER FABRICS, LLLP, a North Carolina corporation ("ALEXANDER" or "Defendant") and alleges as follows:

1.    This is an action for damages in excess of $75,000.00 exclusive of interest and costs, and for equitable and related relief.

2.    One or more of the causes of action accrued in Duval County, Florida.

3.    Plaintiff ROKA is a limited liability company formed in Delaware, which, at all material times herein, maintained an office to transact business in Duval County Florida. ROKA is a manufacturer of women's undergarments and swimwear.

4.    Defendant ALEXANDER is a limited liability limited partnership formed in North Carolina with its principal place of business in North Carolina. ALEXANDER engaged in business in the State of Florida from which the causes of action alleged herein arose, subjecting ALEXANDER to the personal jurisdiction of the courts of the State of Florida pursuant to §48.193 (1)(a), Fla. Stat. (2007). ALEXANDER also breached several contracts with ROKA in Florida by failing to perform acts required by the contracts to be performed in Florida, from which the causes of action alleged herein arose, subjecting ALEXANDER to the personal jurisdiction of the courts of the State of

Florida pursuant to §48.193 (1)(g), Fla. Stat. (2007). ALEXANDER engaged in substantial and not isolated activity within the State of Florida, subjecting ALEXANDER to the personal jurisdiction of the courts of the State of Florida pursuant to §48.193 (2), Fla. Stat. (2007). ALEXANDER is a merchant engaged in the business of producing and selling specialized fabrics and related materials.

## GENERAL ALLEGATIONS

5.    WARNACO GROUP, INC. ("Warnaco") is a multi-brand, multi-channel apparel company with world-wide distribution. Warnaco owns and licenses a portfolio of highly recognized brand names. In 2004 ROKA entered into a contract with Warnaco to manufacture a large quantity of women's undergarments named All The Right Moves ("ATRM") (the "Warnaco Contract").

6.    In April 2004 ALEXANDER provided Warnaco with sample fabric, which ALEXANDER, by affirmation and promises to Warnaco and ROKA, represented to be suitable for the purpose for which it was intended to be used. The ALEXANDER sample fabric was tested and approved by Warnaco for use as a cup liner in the ATRM products which ROKA was manufacturing to fulfill the Warnaco contract. ALEXANDER assigned to this specialized liner fabric an in-house identification Number 70717. It was identified at ROKA as Number 8101. Hereinafter the goods will be described as "the ALEXANDER Number 70717/8101 liner fabric."

7.    Thereafter Warnaco instructed ROKA to place orders with ALEXANDER for the approved specialized liner fabric for use in the cup lining of the ATRM products ROKA was manufacturing to fulfill the Warnaco contract. Over the next several months, ROKA placed multiple orders with ALEXANDER for the Number 70717/8101 liner

fabric. ROKA placed these orders with ALEXANDER from ROKA's Jacksonville, Florida administrative office located at 9487 Regency Square Blvd., N. Jacksonville, Florida.

8. The Purchase Orders issued by ROKA from its Jacksonville, Florida office to ALEXANDER in North Carolina, attached collectively as Exhibit A, provided that Jacksonville, Florida was the place of destination for the goods shipped to ROKA at its Jacksonville, Florida location. The Purchase Orders provided that the shipping terms for the fabric furnished by ALEXANDER to ROKA that is the subject of this action were **"Ship Via:  FOB JACKSONVILLE, FL U.S."** This means that ALEXANDER, as seller of the fabric, was required to, and did tender delivery of the fabric to ROKA in Jacksonville, Florida. (*See* § 672.319 (1)(b), Fla. Stat. (2007) "When the term is 'F.O.B. the place of destination,' the seller must at her or his own expense and risk transport the goods to that place and *there tender delivery of them* in the manner provided in this chapter...'"; *accord,* 6 Del. C. § 2-319 (1)(b)) (2007)) (emphasis added). The Purchase Orders also provided that the goods were to be "billed to" ROKA at is Jacksonville, Florida office and further required that ALEXANDER was to sent its invoices were to ROKA at the same location:  **"9487 Regency Square Blvd, N., Jacksonville, FL 32225."**

9.  ALEXANDER's own invoices, prepared by ALEXANDER in connection with the business transactions with ROKA which are the subject of this action, provide that the goods were both "sold to" and "shipped to" ROKA in Jacksonville, Florida. Specifically, the ALEXANDER invoices, a copy of one of which is attached as Exhibit B, provide in the **"SOLD TO"** and **"SHIP TO"** sections, that the fabric was **"SOLD TO**

**ROKA APPAREL PRODUCTS, LLC, 9487 REGENCY SQUARE BLVD. N., JACKSONVILLE, FL 322250000"** and **"SHIP TO ROKA APPAREL PRODUCTS c/o CROWLEY LOGISTICS, INC., 4222 JAMES E. CASEY DR. JACKSONVILLE, FL 32219."**

10. In the **"Send Remittance To"** section of ALEXANDER's invoices to ROKA, ALEXANDER states that payment for the fabric was to be sent by ROKA to "Alexander Fabrics, P. O. Box 751597 in Charlotte, N.C."  The same information is reflected on the packing lists prepared by ALEXANDER in connection with the goods that are the subject of this action, one of which is attached as Exhibit C.  ROKA complied by routinely making payment for the fabric to ALEXANDER  from ROKA's Jacksonville, Florida office, from a Florida bank account maintained by Roka.  Attached as Exhibit D are cancelled checks from Roka to Alexander making payment for fabrics delivered to Roka in Jacksonville, Florida during the relevant time frame. The cancelled checks bear Roka's Jacksonville, Florida office address.  This is the same Florida address found on the invoices and packing lists prepared by Alexander in the "Sold to" and "Ship to" sections.

11. By selling, shipping and tendering delivery of multiple orders for the ALEXANDER Number 70717/8101 liner fabric to ROKA at its Jacksonville, Florida location, over a period of several months, ALEXANDER engaged in business with ROKA in the State of Florida, engaged in substantial and not isolated business transactions with ROKA in Florida, and availed itself of the privileges of transacting business in the State of Florida.  The causes of action asserted herein against ALEXANDER arose directly from those business transactions with ROKA at its

13

Jacksonville, Florida location. These facts demonstrate sufficient predicates for the courts of the State of Florida to exercise personal jurisdiction over ALEXANDER under the Florida Long Arm Statute, § 48.193 (1) (a) and (2), Fla. Stat. (2007). They also demonstrate the existence of sufficient minimum contacts between ALEXANDER and the State of Florida for the Florida courts to exercise personal jurisdiction over ALEXANDER in this action. *See Venetian Salami Co. v. Parthenais*, 554 So. 2d 499 (Fla. 1989).

12.    At the same time ROKA placed the orders with ALEXANDER for the ALEXANDER Number 70717/8101 liner fabric, ROKA placed orders for other component fabrics it needed to manufacture the ATRM products with several other vendors at substantial cost and expense to ROKA. ALEXANDER knew that ROKA would be placing such orders.

13.    At the time ROKA accepted delivery of the ALEXANDER Number 70717/8101 liner fabric tendered to ROKA **"F.O.B. Jacksonville, Florida,"** it was not aware of its nonconformity, nor was it possible for ROKA to have discovered the nonconformity before acceptance. Additionally ROKA was induced to accept the goods by ALEXANDER's assurances that the liner fabric was as ordered and promised.

14.    Between April and early August 2004 ROKA produced large quantities of ATRM products, lining the cups with the ALEXANDER Number 70717/8101 liner fabric delivered by ALEXANDER to ROKA **"F.O.B. Jacksonville, Florida."**

15.    In early August, 2004 Warnaco notified ROKA that the ATRM products ROKA had manufactured with the ALEXANDER Number 70717/8101 liner fabric were not performing due to the failure of the ALEXANDER Number 70717/8101 liner fabric

to perform according to specifications and that it was not in conformity with the sample and affirmations provided by ALEXANDER. In particular the ALEXANDER Number 70717/8101 liner fabric did not stretch or mold as required and had both a different fabric content and appearance than ALEXANDER's affirmations and the sample provided and approved. ROKA promptly notified ALEXANDER of the nonconformity.

16. Both Warnaco and ROKA promptly notified ALEXANDER, upon discovery of the nonconformity, that the ALEXANDER Number 70717/8101 liner fabric shipped to ROKA failed to conform to specifications and was not the same as that ALEXANDER had promised and had submitted to Warnaco for testing and approval.

17. Efforts to resolve the issues with ALEXANDER regarding the ALEXANDER Number 70717/8101 liner fabric failed and in early October 2004, Warnaco instructed ROKA to cease using the ALEXANDER Number 70717/8101 liner fabric in manufacturing the ATRM products.

18. At that point in time ROKA was forced to destroy over $40,000 of ATRM garments already laminated and cut which contained the ALEXANDER Number 70717/8101 liner fabric In addition, ROKA then had in inventory over 100,000 yards of the ALEXANDER Number 70717/8101 liner fabric which ROKA had ordered to fulfill the Warnaco contract.

19. ROKA notified ALEXANDER within a reasonable time after acceptance of the ALEXANDER Number 70717/8101 liner fabric that it was rejecting and revoking the acceptance of the goods delivered due to their nonconformity, demanding credit for payments already made, and returning the unused ALEXANDER Number 70717/8101 liner fabric.

20.    ROKA also sought instructions from ALEXANDER as to the return of the 100,000 yards ROKA had at its warehouse at the time.

21.    ALEXANDER refused to provide ROKA a credit and also refused to provide ROKA a return authorization number.  Instead ALEXANDER continued to ship goods to ROKA and notified ROKA not to return the ALEXANDER Number 70717/8101 liner fabric, telling ROKA that it would refuse any attempt by ROKA to return the goods.  Thereafter ROKA ceased making payments to ALEXANDER on invoices related to purchase orders dated from late 2004 into early 2005.

22.    Despite commercially reasonable efforts by ROKA to find other uses for the ALEXANDER Number 70717/8101 liner fabric in its inventory, it has been unable to do so with the exception of a few thousand yards.

23.    At the time of the filing of this suit, ROKA's current inventory of the non-conforming and defective ALEXANDER Number 70717/8101 liner fabric is approximately of 83,229 yards with a delivered cost of $166,480.

24.    As a result of ALEXANDER's failure to deliver the fabric ordered according to specifications and affirmations, and the failure of the ALEXANDER Number 70717/8101 liner fabric to conform to its intended use, of which ALEXANDER was aware at the time ROKA placed its orders,  ROKA had approximately 14,000 dozens of open orders or forecasted orders cancelled.

25.    This loss of business, involving substantial quantities of the other materials ROKA had purchased and which were in its inventory to complete the ATRM garments, created additional and foreseeable consequential and incidental damages to ROKA in excess of $700,000.

26. The nonconformity of the ALEXANDER Number 70717/8101 liner fabric substantially impaired the value of the fabric to ROKA because it could not use it to produce the ATRM products for which it was intended; it also could not use component materials ordered to manufacture the ATRM garments; it was forced to destroy ATRM products already produced with the defective ALEXANDER fabric; and it resulted in the cancellation of orders and the loss of business and goodwill.

27. ROKA has at all relevant times had an advantageous business relationship with Warnaco which is one of ROKA's most important customers.

28. At all relevant times, ALEXANDER had knowledge of ROKA's advantageous business relationships with Warnaco and ALEXANDER knew that the ALEXANDER Number 70717/8101 liner fabric ordered by ROKA was intended for use in products ROKA was manufacturing for and to the specifications of Warnaco. ALEXANDER also knew that ROKA would be purchasing other component fabrics and trim at substantial cost to manufacture the ATRM products and that the merchantability and success of the garments depended on the proper functioning of the ALEXANDER Number 70717/8101 liner fabric which was an integral and essential part of each finished ATRM garment manufactured by ROKA.

29. ALEXANDER's failure to deliver conforming goods to ROKA that met the specifications ordered by ROKA and required by Warnaco resulted in Warnaco's refusal to accept goods manufactured by ROKA with ALEXANDER's defective product and further resulted in Warnaco's cancellation of substantial orders it had placed with ROKA, causing substantial damage to Plaintiff, including loss of anticipated profits, and impairment of goodwill with one of ROKA's major customers.

30. All conditions precedent to the bringing of this action have been performed, have occurred, or have been waived.

31. ROKA is not required to elect between revocation of acceptance and recovery of damages for breach. Both are available to ROKA. *See* §672.608, Fla. Stat. (2007).

32. ROKA's timely revocation provides ROKA with the same rights and duties with regard to the ALEXANDER Number 70717/8101 liner fabric as if ROKA had rejected it. *See* §672.608, Fla. Stat. (2007) and §672.607, Fla. Stat. (2007).

## COUNT I
## BREACH OF CONTRACT

33. Plaintiff realleges in this count the allegations set forth hereinabove in paragraphs 1 through 32.

34. ROKA and ALEXANDER entered into a series of contracts for the purchase and delivery of ALEXANDER Number 70717/8101 liner fabric. Copies of the Purchase Orders are attached as Exhibit A and their terms are incorporated by reference.   The fabric delivered to ROKA by ALEXANDER in the State of Florida was defective, failed to conform to specifications and affirmations of ALEXANDER, and did not perform for its intended use.  As a direct result of this material breach by ALEXANDER, there was a total failure of consideration and ROKA has sustained, and continues to sustain economic damages.

35. ALEXANDER breached several contracts with ROKA in Florida by failing to perform acts required by the contracts to be performed in Florida, from which the causes of action alleged herein arose, subjecting ALEXANDER to the personal jurisdiction of the courts of the State of Florida pursuant to §48.193 (1)(g), Fla. Stat. (2007).

36. ROKA is entitled to damages including the losses resulting in the ordinary course of events from ALEXANDER's breach determined in any manner which is reasonable. *See* §672.714, Fla. Stat. (2007). ROKA is also entitled to incidental and consequential damages resulting from ALEXANDER's breach. See §672.715, Fla. Stat. (2007).

37. As a further result of the total failure of consideration, ALEXANDER's failure of performance, and other misconduct described above, ROKA has incurred and will continue to incur additional costs and expenses, including reasonable attorney's fees.

WHEREFORE, ROKA demands judgment in its favor, together with an award of costs, pre-judgment interest, and all such other and additional relief as this Court may deem just and proper including reasonable attorney's fees.

## COUNT II
## BREACH OF EXPRESS WARRANTIES

38. Plaintiff realleges in this count the allegations set forth hereinabove in paragraphs 1 through 37.

39. ALEXANDER created express warranties by affirmation, promise, description and sample provided by ALEXANDER to both Warnaco and ROKA that the ALEXANDER Number 70717/8101 liner fabric would perform for its intended use as a cup liner for the ATRM products and would conform to the express warranties.

40. The goods delivered to ROKA by ALEXANDER in the State of Florida breached the express warranties created by ALEXANDER. Among other things, the ALEXANDER Number 70717/8101 liner fabric was not fit for the purpose for which it was to be used, failed to conform to specifications, did not stretch or mold as required,

and was not the same as that ALEXANDER had promised and had submitted to Warnaco for testing and approval.

41. ROKA is entitled to damages resulting from ALEXANDER's breach of warranty measured by the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount. *See* §672.714, Fla. Stat. (2007). ROKA is also entitled to incidental and consequential damages resulting from ALEXANDER's breach. *See* §672.715, Fla. Stat. (2007).

42. As a further result of ALEXANDER's breach of express warranties and other misconduct described herein, ROKA has incurred and will continue to incur additional costs and expenses, including reasonable attorney's fees.

WHEREFORE, ROKA demands judgment in its favor, together with an award of costs, pre-judgment interest, and all such other and additional relief as this Court may deem just and proper, including reasonable attorney's fees.

## COUNT III
## BREACH OF IMPLIED WARRANTIES

43.    Plaintiff realleges in this count the allegations set forth hereinabove in paragraphs 1 through 42.

44.    A warranty that the ALEXANDER Number 70717/8101 liner fabric ordered by ROKA and delivered by ALEXANDER in the State of Florida be merchantable is implied in each of the contracts entered into between ROKA and ALEXANDER for the purchase of the ALEXANDER Number 70717/8101 liner fabric.

45.    The ALEXANDER Number 70717/8101 goods delivered to ROKA in the State of Florida were not merchantable. Among other things, the ALEXANDER Number

70717/8101 liner fabric was not fit for the purpose for which it was to be used and did not conform to specifications, affirmations by ALEXANDER nor the sample provided.

46. ROKA is entitled to damages resulting from ALEXANDER's breach of warranty measured by the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount. *See* §672.714, Fla. Stat. (2007). ROKA is also entitled to incidental and consequential damages resulting from ALEXANDER's breach. *See* §672.715, Fla. Stat. (2007).

47. As a further result of ALEXANDER's breach of implied warranties and other misconduct described herein, ROKA has incurred and will continue to incur additional costs and expenses, including reasonable attorney's fees.

WHEREFORE, ROKA demands judgment in its favor, together with an award of costs, pre-judgment interest, and all such other and additional relief as this Court may deem just and proper including reasonable attorney's fees.

## COUNT IV
## REVOCATION OF ACCEPTANCE

48. Plaintiff realleges in this count the allegations set forth hereinabove in paragraphs 1 through 47.

49. At the time ROKA accepted delivery of the ALEXANDER Number 70717/8101 liner fabric tendered to ROKA **"F.O.B. Jacksonville, Florida,"** it was not aware of its nonconformity, nor was it possible for ROKA to have discovered the nonconformity before acceptance. Additionally ROKA was induced to accept the goods by ALEXANDER's assurances that the liner fabric was as ordered and promised.

50.  The nonconformity of the ALEXANDER Number 70717/8101 liner fabric substantially impaired the value of the fabric to ROKA because it could not use it to produce the ATRM products for which it was intended; it also could not use component materials ordered to manufacture the ATRM garments; it was forced to destroy ATRM products already produced with the defective ALEXANDER fabric; and it resulted in the cancellation of orders and the loss of business and goodwill.

51.  ROKA notified ALEXANDER within a reasonable time after acceptance of the ALEXANDER Number 70717/8101 liner fabric that it was rejecting and revoking the acceptance of the goods delivered due to their nonconformity, demanding credit for payments already made, and returning the unused ALEXANDER Number 70717/8101 liner fabric.

52.  ROKA is entitled to damages including the losses resulting in the ordinary course of events from ALEXANDER's breach determined in any manner which is reasonable. *See* §672.714, Fla. Stat. (2007).  ROKA is also entitled to incidental and consequential damages resulting from ALEXANDER's breach.  See §672.715, Fla. Stat. (2007).

WHEREFORE, ROKA demands judgment in its favor, together with an award of costs, pre-judgment interest, and all such other and additional relief as this Court may deem just and proper including reasonable attorney's fees.

## **DEMAND FOR JURY TRIAL**

ROKA demands a trial by jury of all issues so triable.

Respectfully submitted,

Dated:  July 20, 2007                    By: _____

John C. Phillips, Jr. (#110)
Brian E. Farnan (#4089)
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 N. Broom Street
Wilmington, Delaware 19806
Tel. No. (302) 655-4200

Of counsel:
Barbara Slott Pegg
Attorney at Law
316 Sea Moss Lane
Ponte Vedra Beach, FL 32082
Tel. No. (904) 285-8100

Attorneys for Defendant,
Roka Apparel Products, LLC

# EXHIBIT A

ROKA APPAREL PRODUCTS LLC
VILLANUEVA, CORTES HONDURAS
CONTACT: SHOW-FEN LEE
EMAIL: SFLEE@WARNACO.COM
PHONE# 504-670-4051

Attn: ALISON LOPEZ

**P U R C H A S E   O R D E R**

| | |
|---|---|
| Date | Order Number | Vend# | Buyer |
| 06/09/2004 | R350520 | 0032 | CDUR |

**PLEASE SEE REVERSE FOR REGULATION THE**

TERMS:   60 DAYS (FROM INVOICE DATE)

D.D.P.
Ship Via:     FOB JACKSONVILLE, FL U.S.
Ship To:
RC -          HANMET MANUFACTURING #2
              CUTTING DEPT (ROKA)
              ZOLI PARQUE INDUSTRIAL
              VILLANUEVA BUILDING #11
              VILLANUEVA-C      HONDURAS

Bill To:      ROKA APPAREL PRODUCTS LLC      P.O. Comments
              SUITE 145
              9487 REGENCY SQUARE BLV N
              TEL: 904 725 0024
              JACKSONVILLE,, FL 32225

| L N # | Price | Fabric | Color | Mill Number | Mill Description Mill Color | P.O. Comments | Order Qty | Unit Meas. | Due Date At ROKA | Ship To |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1.7000 | 08101 MASKING FABRIC | ATW TRUE WHITE | 70717 | 70717 | | 10,000.000 YARDS 10,000.000 YARDS | | 06/12/2004 23 07/05/2004 27 | WX RC RC |

SPECIAL INSTRUCTIONS

Send Invoices to:
ROKA APPAREL PRODUCTS LLC
SUITE 145
9487 REGENCY SQUARE BLV N
TEL: 904 725 0024
JACKSONVILLE,, FL 32225

*All invoices, packing lists, cartons and labels must show
 ROKA's number and purchase order number
*Packing lists must be included with all shipments.
*If goods do not meet ROKA specification and inspection,
 Reserve the right to return such goods for full credit.
*Continuing guaranty under the flammable fabrics and textile
 fibre products I.D.'s must be made on all invoices.

If you cannot fulfill any of the above
NOTIFY US IMMEDIATELY

COPY 1 - Vendor Copy

Authorized Signature

# PURCHASE ORDER

| | | |
|---|---|---|
| Date 06/09/2004 | Order Number R350520 | Vend# 0032 |
| | | Buyer CDUR |

PLEASE SEE REVERSE FOR REGULATION INF

ROKA APPAREL PRODUCTS LLC
VILLANUEVA, CORTES HONDURAS
CONTACT: SHIOW-FEN LEE
EMAIL: SFLEE@WARNACO.COM
PHONE# 504-670-4051

Attn: ALISON LOPEZ

ALEXANDER
1710 MAPLE AVENUE
BURLINGTON, NC 27215
336-229-9139

TERMS: 60 DAYS (FROM INVOICE DATE)

D.D.P.

Ship Via: FOB JACKSONVILLE, FL U.S.

Ship To:
RC -

HAMLET MANUFACTURING #2
CUTTING DEPT (ROKA)
ZOLI PARQUE INDUSTRIAL
VILLANUEVA BUILDING #17
VILLANUEVA-C       HONDURAS

Bill To:
ROKA APPAREL PRODUCTS LLC
SUITE 145
9487 REGENCY SQUARE BLV N
TEL: 904 725 0024
JACKSONVILLE, FL 32225

P.O. Comments

| L<br>I<br>N<br># | Price | Fabric | Color | Mill Number | Mill Description<br>Mill Color | Order<br>Qty | Unit<br>Meas. | Due<br>Date | At ROKA<br>wk | Ship<br>To |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1.70000 | 08101<br>MASKING FABRIC | ATW<br>TRUE WHITE | | | 20,000.000 YARDS | | 08/06/2004 | 34 | RC |

SPECIAL INSTRUCTIONS

Send Invoices to:
ROKA APPAREL PRODUCTS LLC
SUITE 145
9487 REGENCY SQUARE BLV N
TEL: 904 725 0024
JACKSONVILLE, FL 32225

*All invoices, packing lists, cartons and labels must show
 ROKA's number and purchase order number
*Packing lists must be included with all shipments.
*If goods do not meet ROKA specification and inspection,
 Reserve the right to return such goods for full credit.
*Continuing guaranty under the flammable fabrics and textile
 Fibre products I.D.'s must be made on all invoices.

If you cannot fulfill any of the above
NOTIFY US IMMEDIATELY

COPY 1 - Vendor Copy

Authorized Signature

**PURCHASE ORDER**

| Date | Order Number | Vend# | Buyer |
|------|-------------|-------|-------|
| 06/09/2004 | R350521 | 0032 | CDDR |

PLEASE SEE REVERSE FOR REGULATION INF

ROKA APPAREL PRODUCTS LLC
VILLANUEVA, CORTES HONDURAS
CONTACT: SHI0W-FEN LEE
EMAIL: SFLEE@WARNACO.COM
PHONE#: 504-670-4051

Attn: ALISON LOPEZ

ALEXANDER
1718 MAPLE AVENUE
336 229-9119
BURLINGTON, NC 27215

**TERMS:** 60 DAYS (FROM INVOICE DATE)

D.D.P.

ship Via: FOB JACKSONVILLE, FL U.S.
ship To: HAMLET MANUFACTURING #2
RC - CUTTING DEPT (ROKA)
ZONE PARQUE INDUSTRIAL
VILLANUEVA BUILDING #17
VILLANUEVA-C HONDURAS

Bill To: ROKA APPAREL PRODUCTS LLC
SUITE 145
9487 REGENCY SQUARE BLV N
TEL: 904 725 0024
JACKSONVILLE,, FL 32225

P.O. Comments

| L I N E # | Price | Fabric | Color | Mill Number | Mill Description Mill Color | Order Qty | Unit Meas. At ROKA | Due Date | Ship To wk RC |
|-----------|-------|--------|-------|-------------|------------------------------|-----------|---------------------|----------|----------------|
| 1 | 2.12000 | 08101 NASKING FABRIC | AUB RICH BLACK | | | 14,400.000 | YARDS | 08/20/2004 | 34 |

SPECIAL INSTRUCTIONS

Send invoices to:
ROKA APPAREL PRODUCTS LLC
SUITE 145
9487 REGENCY SQUARE BLV N
TEL: 904 725 0024
JACKSONVILLE,, FL 32225

*All invoices, packing lists, cartons and labels must show
ROKA's number and purchase order number
*packing lists must be included with all shipments.
*if goods do not meet ROKA specification and inspection,
Reserve the right to return such goods for full credit.
*continuing guaranty under the flammable fabrics and textile
fibre products I.D.'s must be made on all invoices.

If you cannot fulfill any of the above
NOTIFY US IMMEDIATELY

COPY 1 - Vendor Copy

Authorized Signature

PURCHASE ORDER

| Order Number | Vend# | Buyer |
|---|---|---|
| R350521 | 0032 | CDUR |

Date
06/09/2004

PLEASE SEE REVERSE FOR REGULATION INF

ROKA APPAREL PRODUCTS LLC
VILLANUEVA, CORTES HONDURAS
CONTACT: SHOW-FEN LEE
EMAIL: SFLEE@WARNACO.COM
PHONE# 504-670-4051

ALEXANDER
1718 MAPLE AVENUE
336-229-9139
BURLINGTON, NC  27215

Attn: ALISON LOPEZ

TERMS:  60 DAYS (FROM INVOICE DATE)

D.D.P.

Ship Via:  FOB JACKSONVILLE, FL U.S.
Ship To:   HEMLEY MANUFACTURING #2
RC -       CUTTING DEPT (ROKA)
           ZONI PARQUE INDUSTRIAL
           VILLANUEVA BUILDING #17
           VILLANUEVA-C  HONDURAS

Bill To:   ROKA APPAREL PRODUCTS LLC
           SUITE 145
           9407 REGENCY SQUARE BLV N
           TEL: 904 725 0024
           JACKSONVILLE, FL 32225

P.O. Comments

| L I N E | Price | Fabric | Color | Mill Number | Mill Description Mill Color | Order Qty | Unit Meas. | Due At ROKA Date | Ship To |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 2.12000 | 08101 MASKING FABRIC | AUB RICH BLACK | 70717 | 70717 | 7,200.000 YARDS 7,200.000 YARDS | | 06/12/2004 23 07/03/2004 27 | RC RC |

SPECIAL INSTRUCTIONS

Send Invoices to:
ROKA APPAREL PRODUCTS LLC
SUITE 145
9407 REGENCY SQUARE BLV N
TEL: 904 725 0024
JACKSONVILLE,, FL 32225

*All invoices, packing lists, cartons and labels must show
ROKA's number and purchase order number.
*Packing lists must be included with all shipments.
*if goods do not meet ROKA specification and inspection,
Reserve the right to return such goods for full credit.
*Continuing guaranty under the flammable fabrics and textile
Fibre products I.D.'s must be made on all invoices.

If you cannot fulfill any of the above
NOTIFY US IMMEDIATELY

Authorized Signature

COPY 1 - Vendor Copy

# PURCHASE ORDER

| | |
|---|---|
| Date | 06/10/2004 |
| Order Number | R350687 |
| Vend# | 0032 |
| Buyer | CDDR |

PLEASE SEE REVERSE FOR REGULATION INF

ROKA APPAREL PROG LLC
VILLANUEVA, CORKONDURAS
CONTACT: SHION-LEE
EMAIL: SELEE@WAD.COM
PHONE# 504-870--

Attn: ALISON LOY#

TERMS: 60 DAYS (FROM INVOICE DATE)

D.D.P.

ship Via: FOB JACKSONVILLE, FL U.S.
ship To:
Rc -

Bill To: ROKA APPAREL PRODUCTS LLC
SUITE 146
9487 REGENCY SQUARE BLV N
TEL: 904 725 0024
JACKSONVILLE, FL 32225

HAMLET MANUFACTURING #2
CUTTING DEPT ROKA)
ZOLI PARQUE INDUSTRIAL
VILLANUEVA BUILDING #17
VILLANUEVA-C  HONDURAS

ALEXANDER
1718 MAPLE AVENU)
336-229-9139
BURLINGTON, NC 5

P.O. Comments

| L I<br>N N<br>#  # | Price | brld | Color | Mill Number | Mill Description<br>Mill Color | Order<br>Qty | Unit<br>Meas. | Due<br>At ROKA | Date | Ship<br>To |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1.70000 | 101<br>SKING FABRIC | ATR<br>TRUE WHITE | | | 600.000 YARDS | 07/19/2004 | wk<br>30 | | RC |

SPECIAL INSTRUCT

Send invoices to:
ROKA APPAREL PRODUCTS LLC
SUITE 145
9487 REGENCY SQUARE BLV N
TEL: 904 725 0024
JACKSONVILLE, FL 32225

*All invoices, packing lists, cartons and labels must show
ROKA's number and purchase order number.
*Packing lists must be included with all shipments.
*if goods do not meet ROKA specification and inspection,
Reserve the right to return such goods for full credit.
*Continuing guaranty under the flammable fabrics and textile
Fibre products I.D.'s must be made on all invoices.

If you cannot ful any of the above
NOT-FY US IMMEDIY

COPY : - Vendor Copy

Authorized Signature

# PURCHASE ORDER

| Date | Order Number | Vend# | Buyer |
|---|---|---|---|
| 06/10/2004 | R350688 | 0032 | CDUR |

PLEASE SEE REVERSE FOR REGULATION INF

OKA APPAREL PRODUCTS LLC
VILLANUEVA, CORTES HONDURAS
CONTACT: SHICOW-PEN LEE
MAIL: STLEE@WARNACO.COM
PHONE# 504-670-4051

Attn: ALISON LOPEZ

ALEXANDER
718 MAPLE AVENUE
336-229-9139
BURLINGTON, NC 27215

**TERMS:** 60 DAYS (FROM INVOICE DATE)

**D.D.P.**

**ship via:** FOB JACKSONVILLE, FL U.S.

**ship to:**
RC -
HAMLET MANUFACTURING #2
CUTTING DEPT (ROKA)
ZOLI PARQUE INDUSTRIAL
VILLANUEVA BUILDING #17
VILLANUEVA-C HONDURAS

**Bill To:**
ROKA APPAREL PRODUCTS LLC
SUITE 145
9487 REGENCY SQUARE BLV N
TEL: 904 725 0024
JACKSONVILLE,, FL 32225

**P.O. Comments**

| L<br>N<br># | Price | Fabric | Color | Mill Number | Mill Description<br>Mill Color | Order<br>Qty | Unit<br>Meas. | Due<br>Date | At ROKA | Ship<br>To |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 2.12000 | 08101<br>MASKING FABRIC | AUB<br>RICH BLACK | | | 600.000 YARDS | | 07/19/2004 | 36 wk | RC |

SPECIAL INSTRUCTIONS

Send Invoices to:
ROKA APPAREL PRODUCTS LLC
SUITE 145
9487 REGENCY SQUARE BLV N
TEL: 904 725 0024
JACKSONVILLE,, FL 32225

*All invoices, packing lists, cartons and labels must show
 ROKA's number and purchase order number
*Packing lists must be included with all shipments.
*If goods do not meet ROKA specification and inspection,
 Reserve the right to return such goods for full credit.
*Continuing guaranty under the flammable fabrics and textile
 fibre products I.D.'s must be made on all invoices.

If you cannot fulfill any of the above
NOTIFY US IMMEDIATELY

COPY 1 - Vendor Copy

_____
Authorized Signature

ROKA APPAREL PRODUCTS LLC
VILLANUEVA, CORTES HONDURAS
CONTACT: SHICW-FEEN LEE
EMAIL: SFLEE@WARNACO.COM
PHONE# 504-670-4051

**P U R C H A S E   O R D E R**

| Date | Order Number | Vend# | Buyer |
|------|-------------|-------|-------|
| 06/30/2004 | R352197 | 0032 | JFBR |

PLEASE SEE REVERSE FOR REGULATION INF

Attn: ALISON LOPEZ

ALEXANDER
718 MAPLE AVENUE
336-229-9139
BURLINGTON, NC  27215

TERMS:  60 DAYS (FROM INVOICE DATE)

D.D.P.

Ship Via:
Ship To:  FOB JACKSONVILLE, FL U.S.
RC -

Bill To:
ROKA APPAREL PRODUCTS LLC
SUITE 145
9487 REGENCY SQUARE BLV N
TEL: 904 725 0024
JACKSONVILLE, FL 32225

HAMLET MANUFACTURING #2
CUTTING DEPT (ROKA)
ZOLI PARQUE INDUSTRIAL
VILLANUEVA BUILDING #17
VILLANUEVA-C    HONDURAS

P.O. Comments

| L I N E # | Price | Fabric | Color | Mill Number | Mill Description Mill Color | Order Qty | Unit Meas. | At ROKA Due Date | Ship To |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 1.70000 | 08101 MASKING FABRIC | GCQ POWDER PINK | | | 60.000 YARDS | | 08/13/2004 wk 33 | RC |

SPECIAL INSTRUCTIONS

Send Invoices to:
ROKA APPAREL PRODUCTS LLC
SUITE 145
9487 REGENCY SQUARE BLV N
TEL: 904 725 0024
JACKSONVILLE, FL 32225

*All invoices, packing lists, cartons and labels must show
ROKA's number and purchase order number
*Packing lists must be included with all shipments.
*If goods do not meet ROKA specification and inspection,
Reserve the right to return such goods for full credit.
*Continuing guaranty under the flammable fabrics and textile
Fibre products I.D.'s must be made on all invoices.

If you cannot fulfill any of the above
NOTIFY US IMMEDIATELY

COPY 1 - Vendor Copy

_____
Authorized Signature

**PURCHASE ORDER**

| | |
|---|---|
| Date | 06/30/2004 |
| Order Number | R35216R |
| Vend# | 0032 |
| Buyer | CDIR |

PLEASE SEE REVERSE FOR REGULATION INF

ROKA APPAREL PRODUCTS LLC
VILLANUEVA, CORTES HONDURAS
CONTACT: SHIRLOW-FRANCO, LEE
EMAIL: SLEE@VARNACO.COM
PHONE#: 504-670-4051

ALEXANDER
1716 MAPLE AVENUE
336-229-9139
BURLINGTON, NC 27215

Attn: ALISON LOPEZ

TERMS: 60 DAYS (FROM INVOICE DATE)

D.D.P.
Ship Via: FOB JACKSONVILLE, FL U.S.
Ship To: RC -

HAMLET MANUFACTURING #2
CUTTING DEPT (ROKA)
ZOLI PARQUE INDUSTRIAL
VILLANUEVA BUILDING #17
VILLANUEVA-C HONDURAS

Bill To: ROKA APPAREL PRODUCTS LLC
SUITE 145
9487 REGENCY SQUARE BLV N
TEL: 904 725 0024
JACKSONVILLE., FL 32225

P.O. Comments

| L N # | Price | Fabric | Color | Mill Number | Mill Description Mill Color | Order Qty | Unit Meas. | At ROKA Date | Ship To | wk |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1.70000 | 08101 MASKING FABRIC | ATW TRUE WHITE | | | 14,318.000 | YARDS | 08/15/2004 | RC | 34 |

SPECIAL INSTRUCTIONS

Send Invoices to:
ROKA APPAREL PRODUCTS LLC
SUITE 145
9487 REGENCY SQUARE BLV N
TEL: 904 725 0024
JACKSONVILLE., FL 32225

*All invoices, packing lists, cartons and labels must show ROKA's number and purchase order number
*Packing lists must be included with all shipments.
*If goods do not meet ROKA specification and inspection, Reserve the right to return such goods for full credit.
*Continuing guaranty under the flammable fabrics and textile fibre products I.D.'s must be made on all invoices.

If you cannot fulfill any of the above
NOTIFY US IMMEDIATELY

COPY 1 - Vendor Copy

_____
Authorized Signature

PURCHASE ORDER

| | Date 07/02/2004 | Order Number R352286 | Vend# 0052 | Buyer JFER |

PLEASE SEE REVERSE FOR REGULATION INF

ROKA APPAREL PRODUCTS LLC
VILLANUEVA, CORTES HONDURAS
CONTACT: SHIPMENT-LEE
MAIL: SEE@ROKACO.COM
PHONE#   504-670-4051

Attn: ALISON LOPEZ

TERMS:  60 DAYS (FROM INVOICE DATE)

D.D.P.

ship Via:   FOB JACKSONVILLE, FL U.S.

ship To:
RC -

Bill To:   ROKA APPAREL PRODUCTS LLC
SUITE 145
9487 REGENCY SQUARE BLV N
TEL: 904 725 0024
JACKSONVILLE,, FL 32225

ALEXANDER
718 MAPLE AVENUE
336-229-9139
BURLINGTON, NC  27215

HANLET MANUFACTURING #2
CUTTING DEPT (ROKA)
ZOLI PARQUE INDUSTRIAL
VILLANUEVA BUILDING #17
VILLANUEVA-C
HONDURAS

P.O. Comments

| L N # | Price | Fabric | Color | Mill Number | Mill Description Mill Color | Order Qty | Unit Meas. | Due Date | At ROKA wk | Ship To |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1.90000 | 08101 MASKING FABRIC | WWJ WARM TAUPE | | | 600.000 | YARDS | 08/09/2004 | 33 | RC |

SPECIAL INSTRUCTIONS

*All invoices, packing lists, cartons and labels must show
ROKA's number and purchase order number
*packing lists must be included with all shipments,
*If goods do not meet ROKA specification and inspection,
Reserve the right to return such goods for full credit,
*Continuing guaranty under the flammable fabrics and textile
Fibre products I.D.'s must be made on all invoices.

Send invoices to:
ROKA APPAREL PRODUCTS LLC
SUITE 145
9487 REGENCY SQUARE BLV N
TEL: 904 725 0024
JACKSONVILLE,, FL 32225

If you cannot fulfill any of the above
NOTIFY US IMMEDIATELY

COPY 1 - Vendor Copy

Authorized Signature

PURCHASE ORDER

| Date | Order Number | Vend# | Buyer |
|------|--------------|-------|-------|
| 07/07/2004. | R352375 | 0032 | UPER |

PLEASE SEE REVERSE FOR REGULATION INF

ROKA APPAREL PRODUCTS LLC
/VILLANUEVA, CORTES HONDURAS
CONTACT: SHICW-TEN LIE
EMAIL: SALES@ROKACO.COM
PHONE# 504-670-4051

1718 MAPLE AVENUE
336-229-9139
BURLINGTON, NC 27215

Attn: ALISON LOPEZ

TERMS: 60 DAYS (FROM INVOICE DATE)

D.D.P.

ship Via: FOB JACKSONVILLE, FL U.S.

Ship To:
RC - HAMLET MANUFACTURING #2
CUTTING DEPT (ROKA)
ZOII PARQUE INDUSTRIAL
VILLANUEVA BUILDING #17
VILLANUEVA-C HONDURAS

Bill To:
ROKA APPAREL PRODUCTS LLC
SUITE 145
9487 REGENCY SQUARE BLV N
TEL: 904 725 0024
JACKSONVILLE., FL 32225

P.O. Comments

| L N # | Price | Fabric | Color | Mill Number | Mill Description Mill Color | Order Qty | Unit Meas. | Due At ROKA Date | Ship To |
|-------|-------|--------|-------|-------------|------------------------------|-----------|------------|------------------|---------|
| 1 | 1.90000 | 08101 MASKING FABRIC | XI6 INFINITY | | | 950.000 | YARDS | 08/16/2004 | RC |
| | | | | | | | | wk 34 | |

SPECIAL INSTRUCTIONS

Send Invoices to:
ROKA APPAREL PRODUCTS LLC
SUITE 145
9487 REGENCY SQUARE BLV N
TEL: 904 725 0024
JACKSONVILLE., FL 32225

*All invoices, packing lists, cartons and labels must show
ROKA's number and purchase order number
*packing lists must be included with all shipments.
*if goods do not meet ROKA specification and inspection,
Reserve the right to return such goods for full credit.
*Continuing guaranty under the flammable fabrics and textile
Fibre products I.D.'s must be made on all invoices.

If you cannot fulfill any of the above
NOTIFY US IMMEDIATELY

COPY 1 - Vendor Copy

Authorized Signature

PURCHASE ORDER

| Order Number | Vend# | Buyer |
|---|---|---|
| R332274 | 0032 | JFER |

Date 07/07/2004

PLEASE SEE REVERSE FOR REGULATION INF

ROKA APPAREL PRODUCTS LLC
VILLANUEVA, CORTES HONDURAS
CONTACT: SHION-FEN LEE
EMAIL: SFLEE@WARNACO.COM
PHONE#    504-670-4051

Attn: ALISON LOPEZ

ALEXANDER
1718 MAPLE AVENUE
336-229-9139
BURLINGTON, NC  27215

TERMS:   60 DAYS (FROM INVOICE DATE)

D.D.P.

Ship Via:   FOB JACKSONVILLE, FL U.S.

Ship To:
RC -    HANLET MANUFACTURING #2
        CUTTING DEPT (ROKA)
        ZOLI PARQUE INDUSTRIAL
        VILLANUEVA BUILDING #17
        VILLANUEVA-C    HONDURAS

Bill To:   ROKA APPAREL PRODUCTS LLC
           SUITE 145
           9487 REGENCY SQUARE BLV N
           TEL: 904 725 0024
           JACKSONVILLE, FL 32225

P.O. Comments

| L/N # | Price | Fabric | Color | Mill Number | Mill Description Mill Color | Order Qty | Unit Meas. At ROKA | Due Date | Ship To |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 1.90000 | 08101 MASKING FABRIC | WWJ WARM TAUPE | | | 600.000 YARDS | wk 34 | 08/16/2004 | RC |

SPECIAL INSTRUCTIONS

Send Invoices to:
ROKA APPAREL PRODUCTS LLC
SUITE 145
9487 REGENCY SQUARE BLV N
TEL: 904 725 0024
JACKSONVILLE., FL 32225

*All invoices, packing lists, cartons and labels must show
ROKA's number and purchase order number
*Packing lists must be included with all shipments.
*If goods do not meet ROKA specification and inspection,
Reserve the right to return such goods for full credit.
*Continuing guaranty under the flammable fabrics and textile
Fibre products I.D.'s must be made on all invoices.

If you cannot fulfill any of the above
NOTIFY US IMMEDIATELY

COPY 1 - Vendor Copy

Authorized Signature

PURCHASE ORDER

| | |
|---|---|
| Order Number R352372 | Vend# 0032 |
| Date 07/07/2004 | Buyer JFER |

PLEASE SEE REVERSE FOR REGULATION INF

ROKA APPAREL PRODUCTS LLC
VILLANUEVA, CORTES HONDURAS
CONTACT: SHION-FEN LEE
EMAIL: STLEE@ROKACO.COM
PHONE# 504-670-4051

Attn: ALISON LOPEZ

TERMS: 60 DAYS (FROM INVOICE DATE)

ALEXANDER
1718 MAPLE AVENUE
336-229-9119
BURLINGTON, NC 27215

D.D.P.

Ship Via: FOB JACKSONVILLE, FL U.S.
Ship To: HAMLET MANUFACTURING #2
RC -      CUTTING DEPT (ROKA)
          ZONA PARQUE INDUSTRIAL
          VILLANUEVA BUILDING #17
          VILLANUEVA-C      HONDURAS

Bill To: ROKA APPAREL PRODUCTS LLC
         SUITE 145
         9407 REGENCY SQUARE BLV N
         TEL: 904 725 0024
         JACKSONVILLE, FL 32225

P.O. Comments

| L N # | Price | Fabric | Color | Mill Number | Mill Description Mill Color | Order Qty | Unit Meas. | Due At ROKA Date | Ship To |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 1.70000 | 08101 MASKING FABRIC | AIV IVORY | | | 400.000 YARDS | | 08/16/2004 wk 34 | RC |

SPECIAL INSTRUCTIONS

Send Invoices to:
ROKA APPAREL PRODUCTS LLC
SUITE 145
9407 REGENCY SQUARE BLV N
TEL: 904 725 0024
JACKSONVILLE, FL 32225

*All invoices, packing lists, cartons and labels must show
ROKA's number and purchase order number
*Packing lists must be included with all shipments.
*If goods do not meet ROKA specification and inspection,
Reserve the right to return such goods for full credit.
*Continuing guaranty under the flammable fabrics and textile
fibre products I.D.'s must be made on all invoices.

If you cannot fulfill any of the above
NOTIFY US IMMEDIATELY

COPY 1 - Vendor Copy

Authorized Signature

ROKA APPAREL PRODUCTS LLC
VILLANUEVA, CORTES HONDURAS
CONTACT: SHICW-FEN LEE
EMAIL: SFLEE@WARUACO.COM
PHONE# 504-670-4051

Attn: ALISON LOPEZ

| | Date | Order Number | Vend# | Buyer |
|---|---|---|---|---|
| | 07/07/2004 | R2562372 | 0032 | CDUR |

PLEASE SEE REVERSE FOR REGULATION INF

ALEXANDER
1718 MAPLE AVENUE
336-229-9139
BURLINGTON, NC 27215

TERMS:   60 DAYS (FROM INVOICE DATE)

D.D.P.

Ship Via:   FOB JACKSONVILLE, FL U.S.

Ship To:
RC -
HAMLET MANUFACTURING #2
CUTTING DEPT (ROKA)
ZOLI PARQUE INDUSTRIAL
VILLANUEVA BUILDING #17
VILLANUEVA-C
HONDURAS

Bill To:
ROKA APPAREL PRODUCTS LLC
SUITE 145
9487 REGENCY SQUARE BLV N
TEL: 904 725 0024
JACKSONVILLE, FL 32225

P.O. Comments

| L I N # | Price | Fabric | Color | Mill Number | Mill Description Mill Color | Order Qty | Unit Meas. | Due At ROKA Date | Ship To |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 1.7000 | 08101 MASKING FABRIC | ALV IVORY | 70717 | 70717 | 400.000 YARDS | 08/16/2004 | 32 wk | RC |

SPECIAL INSTRUCTIONS

Send invoices to:
ROKA APPAREL PRODUCTS LLC
SUITE 145
9487 REGENCY SQUARE BLV N
TEL: 904 725 0024
JACKSONVILLE, FL 32225

*All invoices, packing lists, cartons and labels must show ROKA's number and purchase order number
*Packing lists must be included with all shipments.
*If goods do not meet ROKA specification and inspection, Reserve the right to return such goods for full credit.
*Continuing guaranty under the flammable fabrics and textile Fibre products I.D.'s must be made on all invoices.

If you cannot fulfill any of the above
NOTIFY US IMMEDIATELY

COPY 1 - Vendor Copy

Authorized Signature

PURCHASE ORDER

| Date | Order Number | Vend# | Buyer |
|------|--------------|-------|-------|
| 08/23/2004 | R354045 | 0032 | CDUR |

PLEASE SEE REVERSE FOR REGULATION INF

ROKA APPAREL PRODUCTS LLC
VILLANUEVA, CORTES HONDURAS
CONTACT: SHICOW-FEN LEE
EMAIL: SFLEE@WRXACO.COM
PHONE#    504-670-4051

Attn: ALISON LOPEZ

ALEXANDER
1718 MAPLE AVENUE
336-229-9139
BURLINGTON, NC   27215

TERMS:   60 DAYS (FROM INVOICE DATE)

D.P.:

Ship Via:   FOB JACKSONVILLE, FL U.S.

Ship To:
RC - 1

Bill To:    ROKA APPAREL PRODUCTS LLC
SUITE 145
9487 REGENCY SQUARE BLV N
TEL: 904 725 0024
JACKSONVILLE, FL  32225

HAMLET MANUFACTURING #2
CUTTING DEPT (ROKA)
ZOLI PARQUE INDUSTRIAL
VILLANUEVA BUILDING #17
VILLANUEVA-C
HONDURAS

| L<br>N<br># | Price | Fabric | Color | Mill Number<br>Mill Color | Mill Description | P.O. Comments | Order<br>Qty | Unit<br>Meas. | Due<br>Date | At ROKA | Ship<br>To |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1.70000 | 08101<br>MASKING FABRIC | ATW<br>TRUE WHITE | | | | 6,231.000 | YARDS | 08/24/2004 | 35<br>Wk | RC |

SPECIAL INSTRUCTIONS

Send Invoices to:
ROKA APPAREL PRODUCTS LLC
SUITE 145
9487 REGENCY SQUARE BLV N
TEL: 904 725 0024
JACKSONVILLE, FL  32225

*All invoices, packing lists, cartons and labels must show
  ROKA's number and purchase order number
*Packing lists must be included with all shipments.
*If goods do not meet ROKA specification and inspection,
  Reserve the right to return such goods for full credit.
*Continuing guaranty under the flammable fabrics and textile
  fibre products I.D.'s must be made on all invoices.

If you cannot fulfill any of the above
NOTIFY US IMMEDIATELY

COPY 1 - Vendor Copy

_____
Authorized Signature

ROKA APPAREL PRODUCTS LLC
VILLANUEVA, CORTES HONDURAS
CONTACT: SHIRON LEE
EMAIL: STEEG@NARVACO.COM
PHONE# 504-670-4051

| | | | | Date 08/23/2004 | Order Number R354030 | Vendor 0032 | Buyer CDUR |
|---|---|---|---|---|---|---|---|

PLEASE SEE REVERSE FOR REGULATION INF

Attn: ALLISON LOPEZ

ALEXANDER
1718 MAPLE AVENUE
336-229-9139
BURLINGTON, NC 27215

TERMS:  60 DAYS (FROM INVOICE DATE)

D.D.P.

Ship Via:  FOB JACKSONVILLE, FL U.S.
Ship To:  HAMLEZ MANUFACTURING #2
RC -   CUTTING DEPT (ROKA)
          ZOLI PARQUE INDUSTRIAL
          VILLANUEVA BUILDING #17
          VILLANUEVA-C   HONDURAS.

Bill To:  ROKA APPAREL PRODUCTS LLC
          SUITE 145
          9487 REGENCY SQUARE BLV N
          TEL: 904 725 0024
          JACKSONVILLE., FL 32225

P.O. Comments

| L N # | Price | Fabric | Color | Mill Number Mill Color | Mill Description | Order Qty | Unit Meas. | Due Date | Ship To |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 1.70000 | 08101 MASKING FABRIC | ATW TRUE WHITE | | | 6,318.000 YARDS | At ROKA | 08/24/2004 | wk 35 RC |

SPECIAL INSTRUCTIONS

Send Invoices to:
ROKA APPAREL PRODUCTS LLC
SUITE 145
9487 REGENCY SQUARE BLV N
TEL: 904 725 0024
JACKSONVILLE., FL 32225

*All invoices, packing lists, cartons and labels must show
 ROKA's number and purchase order number
*Packing lists must be included with all shipments.
*If goods do not meet ROKA specification and inspection,
 Reserve the right to return such goods for full credit.
*Containing guaranty under the flammable fabrics and textile
 fibre products I.D.'s must be made on all invoices.

If you cannot fulfill any of the above
NOTIFY US IMMEDIATELY

COPY 1 - Vendor Copy

Authorized Signature

PURCHASE ORDER

| Date | Order Number | Vend# | Buyer |
|------|--------------|-------|-------|
| 08/23/2004 | R354045 | 0032 | CDUR |

PLEASE SEE REVERSE FOR REGULATION INF

ROKA APPAREL PRODUCTS LLC
VILLANUEVA, CORTES HONDURAS
CONTACT: SHI-OM-FEN LEE
EMAIL: SILEE@WARNACO.COM
PHONE: 504-670-4051

Attn: ALIXON LOPEZ

ALEXANDER
1716 MAPLE AVENUE
336-229-9139
BURLINGTON, NC 27215

TERMS: 60 DAYS (FROM INVOICE DATE)

D.D.P.

Ship Via: FOB JACKSONVILLE, FL U.S.
Ship To:
RC -

Bill To: ROKA APPAREL PRODUCTS LLC
SUITE 145
9487 REGENCY SQUARE BLV N
TEL: 904 725 0024
JACKSONVILLE, FL 32225

Ship To: HAMLET MANUFACTURING #2
CUTTING DEPT (ROKA)
2001 PARQUE INDUSTRIAL
VILLANUEVA BUILDING #17
VILLANUEVA-C   HONDURAS

P.O. Comments

| LN # | Price | Fabric | Color | Mill Number | Mill Description Mill Color | Order Qty | Unit Meas. At ROKA Due Date | Ship To |
|------|-------|--------|-------|-------------|----------------------------|-----------|-----------------------------|---------|
| 1 | 1.70000 | 08101 MASKING FABRIC | ATW TRUE WHITE | | | 6,231.000 YARDS | 08/24/2004  35 | wk  RC |

SPECIAL INSTRUCTIONS

Send Invoices to:
ROKA APPAREL PRODUCTS LLC
SUITE 145
9487 REGENCY SQUARE BLV N
TEL: 904 725 0024
JACKSONVILLE, FL 32225

*All invoices, packing lists, cartons and labels must show
ROKA's number and purchase order number
*Packing lists must be included with all shipments.
*If goods do not meet ROKA specification and inspection,
Reserve the right to return such goods for full credit.
*Continuing guaranty under the flamable fabrics and textile
Fibre products I.D.'s must be made on all invoices.

If you cannot fulfill any of the above
NOTIFY US IMMEDIATELY

COPY 1 - Vendor Copy

Authorized Signature

FROM :                                                      FAX No. :

**PURCHASE ORDER**

Date 08/23/2004

Order Number R354030

Vend# 0032

Buyer CDUR

PLEASE SEE REVERSE FOR REGULATION INF

A. APPAREL PRODUCTS LLC
LANUEVA, CORTES HONDURAS
PACT: SHLOW-FEN LEE
IL: BFLEE@MARNACO.COM
NE# 504-870-4051

Xander
B MAPLE AVENUE
I-229-9139
LINGTON, NC 27215

n: ALISON LOPEZ

**TERMS:** 60 DAYS (FROM INVOICE DATE)

D.D.P.

Ship Via:       FOB JACKSONVILLE, FL U.S.
Ship To:
Rc -            HAMLET MANUFACTURING #2
                CUTTING DEPT (ROKA)
                ZOLI PARQUE INDUSTRIAL
                VILLANUEVA BUILDING #17
                VILLANUEVA-C    HONDURAS

Bill To:        ROKA APPAREL PRODUCTS LLC
                SUITE 145
                9487 REGENCY SQUARE BLV N
                TEL: 904 725 0024
                JACKSONVILLE, FL 32225

P.O. Comments

| L N # | Price | Fabric | Color | Mill Number | Mill Description Mill Color | Order Qty | Unit Meas. At ROKA | Due Date | Ship To wk RC |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 1.70000 | D8101 MASKING FABRIC | ATW TRUE WHITE | | | 6,918.000 YARDS | | 08/24/2004 | 35 RC |

SPCIAL INSTRUCTIONS

Send Invoices to:
ROKA APPAREL PRODUCTS LLC
SUITE 145
9487 REGENCY SQUARE BAY N
TEL: 904 725 0024
JACKSONVILLE, FL 32225

*All invoices, packing lists, cartons and labels must show
ROKA's number and purchase order number
*Packing lists must be included with all shipments.
*If goods do not meet ROKA specification and inspection,
Reserve the right to return such goods for full credit.
*Continuing guaranty under the flammable fabrics and textile
fibre products I.D.'s must be made on all invoices.

z you cannot fulfill any of the above
entry us immediately

COPY 1 - Vendor Copy

Authorized Signature

OM :                                          FAX NO. :

ROKA APPAREL PRODUCTS LLC
VILLANUEVA, CORTES HONDURAS
CONTACT: SHIOW-FEN LEE
EMAIL: SFLEE@ARNACO.COM
PHONE#   504-670-4051

**P u r c h a s e   O r d e r**

Date 09/02/2004

Order Number   Vend#
R354400        0132

Buyer
CDUR

PLEASE SEE REVERSE FOR REGULATION INF

ALEXANDER
1118 MAPLE AVENUE
336-229-9139
BURLINGTON, NC 27215

Attn: ALISON LOPEZ

TERMS:  60 DAYS (FROM INVOICE DATE)

D.D.P.

Ship Via:  FOB JACKSONVILLE, FL U.S.
Ship To:
RC -

Bill To:
ROKA APPAREL PRODUCTS LLC
SUITE 145
9487 REGENCY SQUARE BLV N
TEL: 904 725 0024
JACKSONVILLE,, FL 32225

Ship To:
HENLEY MANUFACTURING #2
CUTTING DEPT (ROKA)
7011 PARQUE INDUSTRIAL
VILLANUEVA BUILDING #17
VILLANUEVA-C
HONDURAS

P.O. Comments

| L/N # | Price | Fabric | Color | Mill Number | Mill Description / Mill Color | Order Qty | Unit Meas. | Due Date | At ROKA | Ship To |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1.70000 | 08101 MASKING FABRIC | ATW TRUE WHITE | | | 11,003.000 | YARDS | 09/03/2004 | 36 | RC |

SPECIAL INSTRUCTIONS

Send Invoices to:
ROKA APPAREL PRODUCTS LLC
SUITE 145
9489 REGENCY SQUARE BLV N
TEL: 904 725 0024
JACKSONVILLE,, FL 32225

*All invoices, packing lists, cartons and labels must show
ROKA's number and purchase order number
*Packing lists must be included with all shipments.
*If goods do not meet ROKA specification and inspection,
Reserve the right to return such goods for full credit.
*Continuing guaranty under the flammable fabrics and textile
fibre products I.D.'s must be made on all invoices.

If you cannot fulfill any of the above
NOTIFY US IMMEDIATELY

COPY 1 - Vendor Copy

Authorized Signature

PURCHASE ORDER

| Date | Order Number | Vend# | Buyer |
|---|---|---|---|
| 09/02/2004 | R354401 | 0052 | CDUK |

PLEASE SEE REVERSE FOR REGULATION INF

ROKA APPAREL PRODUCTS LLC
VILLANUEVA, CORTES HONDURAS
CONTACT: SERCOM / LEE
EMAIL: SERCOM@ANACO.COM
PHONE# 504-670-4051

Attn: ALISON LOPEZ

ALEXANDER
1718 MAPLE AVENUE
336-229-9133
BURLINGTON, NC 27215

TERMS: 60 DAYS (FROM INVOICE DATE)

D.D.P.

Ship Via: FOB JACKSONVILLE, FL U.S.

Ship To:
RC -

Bill To: ROKA APPAREL PRODUCTS LLC
SUITE 145
9487 REGENCY SQUARE BLV N
TEL: 904 725 0024
JACKSONVILLE., FL 32225

Ship To: HAMLET MANUFACTURING #2
CUTTING DEPT (ROKA)
ZOII PARQUE INDUSTRIAL
VILLANUEVA BUILDING #17
VILLANUEVA-C HONDURAS

P.O. Comments

| L N # | Price | Fabric | Color | Mill Number | Mill Description | Mill Color | Order Qty | Unit Meas. | Due Date | At ROKA | Ship To |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 2.12000 | 08101 MASKING FABRIC | AUB RICH BLACK | | | | 2,581.000 | YARDS | 09/04/2004 | 36 wk | RC |

SPECIAL INSTRUCTIONS

Send invoices to:
ROKA APPAREL PRODUCTS LLC
SUITE 145
9487 REGENCY SQUARE BLV N
TEL: 904 725 0024
JACKSONVILLE., FL 32225

*All invoices, packing lists, cartons and labels must show ROKA's number and purchase order number
*Packing lists must be included with all shipments.
*If goods do not meet ROKA specification and inspection, Reserve the right to return such goods for full credit.
*Continuing guaranty under the flammable fabrics and textile fibre products I.D.'s must be made on all invoices.

If you cannot fulfill any of the above NOTIFY US IMMEDIATELY

COPY 1 - Vendor Copy

Authorized Signature

PURCHASE ORDER

Date
10/05/2004

Order Number
R335632

Vend#
0032

Buyer
EPEN

PLEASE SEE REVERSE FOR REGULATION INF

ROKA APPAREL PRODUCTS LLC
VILLANUEVA, CORTES HONDURAS
CONTACT: SHIOW-FEN LEE
EMAIL: SFLEE@MANNCO.COM
PHONE# 504-670-4051

Attn: ALISON LOPEZ

TERMS: 60 DAYS (FROM INVOICE DATE)

D.D.P.

Ship Via: FOB JACKSONVILLE, FL U.S.

Ship To: HANLEY MANUFACTURING #2
RC - CUTTING DEPT (ROKA)
ZOLI PARQUE INDUSTRIAL
VILLANUEVA BUILDING #17
VILLANUEVA-C   HONDURAS

Bill To:  ROKA APPAREL PRODUCTS LLC
SUITE 145
9487 REGENCY SQUARE BLV N
TEL: 904.725 0024
JACKSONVILLE., FL 32225

P.O. Comments

ALEXANDER
1718 MAPLE AVENUE
336-229-9139
BURLINGTON, NC 27215

| Ln # | Price | Fabric | Color | Mill Number | Mill Description Mill Color | Order Qty | Unit Meas. | Due Date At ROKA | Ship To |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 1.70000 | 08101 NASKING FABRIC | XF3 PASSION PURPLE | | | 100.000 | YARDS | 10/18/2004  wk 43 | RC |

SPECIAL INSTRUCTIONS

Send invoices to:
ROKA APPAREL PRODUCTS LLC
SUITE 145
9487 REGENCY SQUARE BLV N
TEL: 904 725 0024
JACKSONVILLE., FL 32225

*All invoices, packing lists, cartons and labels must show
ROKA's number and purchase order number
*Packing lists must be included with all shipments.
*If goods do not meet ROKA specification and inspection,
Reserve the right to return such goods for full credit.
*Continuing guaranty under the flammable fabrics and textile
fibre products I.D.'s must be made on all invoices.

If you cannot fulfill any of the above
NOTIFY US IMMEDIATELY

COPY 1 - Vendor Copy

Authorized Signature

ROKA APPAREL PRODUCTS LLC
VILLANUEVA, CORTES HONDURAS
CONTACT: SHION-FEN LEE
EMAIL: SFLEE@WARNACO.COM
PHONE#: 504-670-4051

**PURCHASE ORDER**

Date 10/06/2004

Order Number R355632
Vend# 0032
Buyer EPEN

PLEASE SEE REVERSE FOR REGULATION INF

Attn: ALISON LOPEZ

ALEXANDER
1718 MAPLE AVENUE
336-229-9139
BURLINGTON, NC 27215

Bill To:
ROKA APPAREL PRODUCTS LLC
SUITE 145
9487 REGENCY SQUARE BLV N
TEL: 904 725 0024
JACKSONVILLE,, FL 32225

TERMS:  60 DAYS (FROM INVOICE DATE)

D.D.P.

ship Via:
FOB JACKSONVILLE, FL U.S.

ship To:
RC :
HAMLET MANUFACTURING #2
CUTTING DEPT (ROKA)
ZOLI PARQUE INDUSTRIAL
VILLANUEVA BUILDING #17
VILLANUEVA-C   HONDURAS

P.O. Comments

| L N # | Price | Fabric | Color | Mill Number | Mill Description Mill Color | Order Qty | Unit Meas. | Due Date | At ROKA | Wk | Ship To |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1.90000 | 08101 MASKING FABRIC | WWJ WARM TAUPE | | | 900.000 | YARDS | 11/05/2004 | | 45 | RC |

SPECIAL INSTRUCTIONS

Send Invoices to:
ROKA APPAREL PRODUCTS LLC
SUITE 145
9487 REGENCY SQUARE BLV N
TEL: 904 725 0024
JACKSONVILLE,, FL 32225

*All invoices, packing lists, cartons and labels must show
ROKA's number and purchase order number
*Packing lists must be included with all shipments.
*If goods do not meet ROKA specification and inspection,
Reserve the right to return such goods for full credit.
*Continuing guaranty under the flammable fabrics and textile
fibre products I.D.'s must be made on all invoices.

If you cannot fulfill any of the above
NOTIFY US IMMEDIATELY

COPY 1 - Vendor Copy

Authorized Signature

# EXHIBIT B

# Alexander Fabrics

POST OFFICE BOX 147
BURLINGTON, NORTH CAROLINA 27216-0147
TELEPHONE: 336/229-9139
FACSIMILE: 336/228-3332

PROOF

# INVOICE

INVOICE NUMBER:   0018970

INVOICE DATE:   8/05/2004

PAGE:   1

SOLD TO
ROKA APPAREL PRODUCTS, LLC
9497 REGENCY SQUARE BLVD, N
JACKSONVILLE, FL 322250000

SHIP TO
ROKA APPAREL PRODUCTS
C/O CROWLEY LOGISTICS, INC.
9222 JAMES E. CASEY DR.
JACKSONVILLE, FL 32219

BOL           0024699
TERMS         NET 60
SHIP VIA      WATKINS TRUCK
SHIP DATE     8/05/2004

PO NUMBER     R360520
PO DATE       6/21/2004
CONTRACT #    0007068-000
SALESMAN      DAVID BLOOM

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 28717 0    7164 | | 0018116000002 | 2 | YD | 3400.0 | 1.700 | 5780.0 |
| 0810LATW TRUE WHITE POLY 70717 | | | | SY | 5666.7 | | |
| ATW TRUE WHITE POLY | | | | LB | 1654.8 | | |
| SHADE: 10 | | | | | | | |
| | | SUBTOTAL | | | 3400.0 | | 5780. |
| | | TOTAL | | | 3400.0 | | 5780. |

Send Remittance To:
ALEXANDER FABRICS
P.O. BOX 751597
CHARLOTTE, NC  28275

Continuing Guaranty Under the Flammable Fabrics Act and Textile Fiber Products Identification filed with the Federal Trade Commission

FAX NO.

# EXHIBIT C

Alexander Fabrics

DATE
1/23/2004

ROLL NO.
0024336

P.O. NO.
R350520

CARRIER: WATKINS TRUCK

SOLD TO
ROKA APPAREL PRODUCTS
9487 REGENCY SQUARE BLVD N
JACKSONVILLE, FL 32225

SHIP TO
ROKA APPAREL PRODUCTS
C/O CROWLEY LOGISTICS, INC.
JACKSONVILLE, FL 32219

| PRODUCT | | | CUSTOMER PRODUCT | | |
|---|---|---|---|---|---|
| 70717 0 | 7164 | | 08101ATW TRUE WHITE POLY 70717 | | |
| COLOR | | | CUSTOMER COLOR # | | |
| ATW TRUE WHITE POLY | | | ATW | | |

| BULK NUMBER | ROLL NO. | LOT# | LINEAR YARDS | GROSS WEIGHT | NET WEIGHT |
|---|---|---|---|---|---|
| | 0003983835 | 0018157000000 | 124.0 | 59.0 | 57.4 |
| | 000398386 | 0018157000000 | 100.0 | 49.0 | 47.4 |
| | 000398387 | 0018157000000 | 100.0 | 49.0 | 47.4 |
| | 000398389 | 0018157000000 | 100.0 | 49.0 | 47.4 |
| | 000398391 | 0018157000000 | 100.0 | 49.0 | 47.4 |
| | 000398392 | 0018157000000 | 100.0 | 49.0 | 47.4 |
| | 000398393 | 0018157000000 | 100.0 | 49.0 | 47.4 |
| | 000398394 | 0018157000000 | 100.0 | 49.0 | 47.4 |
| | 000398395 | 0018157000000 | 100.0 | 49.0 | 47.4 |
| | 000398396 | 0018157000000 | 100.0 | 49.0 | 47.4 |
| | 000398398 | 0018157000000 | 100.0 | 49.0 | 47.4 |
| | 000398399 | 0018157000000 | 100.0 | 49.0 | 47.4 |
| | 000398400 | 0018157000000 | 124.0 | 58.0 | 56.4 |
| | 000398401 | 0018157000000 | 100.0 | 49.0 | 47.4 |
| | 000398402 | 0018157000000 | 100.0 | 49.0 | 47.4 |
| | 000398404 | 0018157000000 | 100.0 | 49.0 | 47.4 |
| | 000398405 | 0018157000000 | 100.0 | 49.0 | 47.4 |
| | 000398406 | 0018157000000 | 100.0 | 49.0 | 47.4 |

| PRODUCT TOTALS: PKGS: | 18 | 3080.0 SQ.YDS. | 1848.0 LN.YDS. | 901.0 GR.WGT. | 872.2 NT.WGT. |
|---|---|---|---|---|---|
| FINAL TOTALS: PKGS: | 18 | 3080.0 SQ.YDS. | 1848.0 LN.YDS. | 901.0 GR.WGT. | 872.2 NT.WGT. |

# EXHIBIT D

RoKa APPAREL PRODUCTS, LLC.
904-724-0024
9457 REGENCY SQUARE BLVD. N., STE. 145
JACKSONVILLE, FL 32225

BRANCH BANKING AND TRUST COMPANY
JACKSONVILLE, FLORIDA

IIC 2339
63-4138/2631
16505

10/7/2004

$ **44,943.18

PAY TO THE
ORDER OF    Alexander Fabrics

Forty-Four Thousand Nine Hundred Forty-Three and 18/100******************************************** DOLLARS

Alexander Fabrics
P.O. Box 751597
Charlotte, NC 28275

Karon Stone

MEMO

⑊002339⑊ ⑊263191387⑊ 0145171563⑊          ⑊00044943 18⑊

---

RoKa Apparel Products LLC.
9457 Regency Square Blvd. N Suite 145
Jacksonville, FL 32225-8125
904-724-0024

BRANCH BANKING AND TRUST COMPANY
TALLAHASSEE, FL 32312
63-1150/2631

IIC 2782

1/19/2005

$ **31,221.26

PAY TO THE
ORDER OF    Alexander Fabrics

Thirty-One Thousand Two Hundred Twenty-One and 26/100****************************************** DOLLARS

Alexander Fabrics
P.O. Box 751597
Charlotte, NC 28275

Karon Stone

MEMO

⑊002782⑊ ⑊263191387⑊ 0145171563⑊          ⑊00031221 26⑊



0600694204

▶0310000114◀

3510017004

0700301907

▶0310000114◀

3314374350

# EXHIBIT E

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALEXANDER FABRICS, LLLP, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 1:07-cv-00174 GMS |
| | : | |
| ROKA APPAREL PRODUCTS, LLC | : | DEMAND FOR JURY TRIAL |
| | : | |
| Defendant. | : | |
| | : | |

## DEFENDANT'S AMENDED ANSWER TO FIRST AMENDED COMPLAINT ~~AND~~, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

Defendant, ROKA APPAREL PRODUCTS, LLC ("Defendant" or "ROKA"), by and through its undersigned counsel, <u>files its amended</u> answers the First Amended Complaint of the Plaintiff, ALEXANDER FABRICS, LLLP ("Plaintiff" or "ALEXANDER"), and asserts its Affirmative Defenses, including a request that this action be stayed in favor of the related state court action pending in Florida in which the parties can obtain complete relief on their claims, all of which arise under state law<u>, and asserts its Counterclaim</u>, as follows:

## ANSWER

## INTRODUCTION

1.   —Denied.

## THE PARTIES AND JURISDICTION

2.     Denied.    After reasonable investigation, ROKA is without sufficient knowledge or information to form a belief as to the allegations contained in this paragraph and, therefore those allegations are denied.

3.     Denied.    After reasonable investigation, ROKA is without sufficient knowledge or information to form a belief as to the allegations contained in this paragraph and, therefore those allegations are denied.

4.     Admitted in part; denied in part.   It is admitted only that ROKA is a manufacturer of various types of textile garments and undergarments and that ROKA is a Delaware limited liability company which, at all relevant times pertinent to the allegations in the First Amended Complaint, maintained an office to transact business at 9487 Regency Square Boulevard North, Jacksonville, Florida.

5.     Admitted in part; denied in part.   It is admitted only that Larry L. Stone is the managing member of ROKA ~~and that Mr. Stone~~who resided in the State of Connecticut at a time prior to the transactions with ALEXANDER which are alleged in this First Amended Complaint.   The remaining allegations of this paragraph are denied.

6.     Denied.    After reasonable investigation, ROKA is without sufficient knowledge or information to form a belief as to the allegations contained in this paragraph and, therefore those allegations are denied.

7._     Admitted in part; denied in part.   It is admitted only for jurisdictional purposes that the matter in controversy, as pled by ALEXANDER, exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. §1332 but ROKA denies that ALEXANDER is entitled to any relief; ROKA is without sufficient knowledge or

2

information to form a belief as to the remaining allegations contained in this paragraph and, therefore those allegations are denied.

8.—— Admitted for jurisdictional purposes only.

## FACTS COMMON TO ALL COUNTS

9.  Admitted in part; denied in part.  It is admitted only that between February and April 2005 ROKA issued multiple purchase orders to ALEXANDER and that ALEXANDER sold, shipped and delivered certain textile goods to ROKA "FOB JACKSONVILLE, FL" to be used by ROKA to manufacture products for and pursuant to specifications of third parties (the "goods").  It is specifically denied that the goods ordered from and shipped by ALEXANDER, were "customized fabric."

10.  Denied.

11.  Admitted in part; denied in part.   It is admitted only that ROKA has engaged in privileged and inadmissible settlement communications with ALEXANDER concerning the matters alleged in this First Amended Complaint and the claims asserted by ROKA against ALEXANDER in the pending Florida state court action:  *Roka Apparel Products, LLC v. Alexander Fabrics, LLLP*, Circuit Court Duval County Florida, Case No.: 2007-CA-003161, CV-B, that ROKA has experienced financial difficulties, and that, with the assistance of a New York based firm, and its attorneys, ROKA has settled with all of its creditors except three, including ALEXANDER FABRICS and a related company.  The remaining allegations of this paragraph are denied.  ROKA specifically denies that it acknowledged a "total debt" owed to ALEXANDER.

12.   Admitted in part; denied in part.   It is admitted only that, despite ALEXANDER's demand for payment, ROKA has refused to make payment for certain goods sold, shipped and delivered by ALEXANDER to ROKA "FOB JACKSONVILLE, FL."  The remaining allegations of this paragraph are denied.

4

## COUNT ONE – BREACH OF CONTRACT

13.  ROKA repeats and realleges each of its answers to paragraphs 1 through 12 hereinabove as if fully set forth herein.

14.  The allegations of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, ROKA responds as follows: denied.

15.  Admitted in part; denied in part.  It is admitted only that ROKA has refused to make payment for certain goods sold, shipped and delivered by ALEXANDER to ROKA "FOB JACKSONVILLE, FL."  The remaining allegations of this paragraph are denied.

16.  The allegations of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, ROKA responds as follows: denied.

17.  The allegations of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, ROKA responds as follows: denied.

18.  The allegations of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, ROKA responds as follows: denied.

## COUNT TWO-BOOK ACCOUNT

19.  ROKA repeats and realleges each of its answers to paragraphs 1 through 18 hereinabove as if fully set forth herein.

5

20.    Denied.  By way of further answer, ROKA denies the allegations in this paragraph in that they refer to and attempt to characterize the invoices attached to the First Amended Complaint as Exhibit A, which are writings that speak for themselves.

21.    Admitted in part; denied in part.  It is admitted only that, despite ALEXANDER's demand for payment, ROKA has refused to make payment for certain goods sold, shipped and delivered by ALEXANDER to ROKA "FOB JACKSONVILLE, FL."  The remaining allegations of this paragraph are denied.

22.    The allegations of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, ROKA responds as follows: denied.

## COUNT THREE-UNJUST ENRICHMENT

23.    ROKA repeats and realleges each of its answers to paragraphs 1 through 22 hereinabove as if fully set forth herein.

24.    Denied.    After reasonable investigation, ROKA is without sufficient knowledge or information to form a belief as to the allegations contained in this paragraph and, therefore those allegations are denied.

25.    Denied as stated.  By way of further answer, ROKA understood only that it was reasonable for ALEXANDER to expect payment for the timely delivery of conforming goods in the quantities and at the price as ordered by ROKA.

26.    Admitted in part; denied in part.  It is admitted only that, despite ALEXANDER's demand for payment, ROKA has refused to make payment for certain goods sold, shipped and delivered by ALEXANDER to ROKA "FOB JACKSONVILLE, FL."  The remaining allegations of this paragraph are denied.

6

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

27.    "The plaintiff has the burden of pleading the existence of the court's jurisdiction… and, in a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed." <u>Chemical Leaman Tank Lines, Inc. v. Aetna Casualty and Surety Company</u>, 177 F.3d 210, 222 n.13 (3rd Cir. 1999).  "The pleadings must contain an averment as to the existence of diversity of citizenship as to all of the parties to the action, the failure to so plead resulting in a denial of federal diversity jurisdiction."  32A Am. Jur.2d Federal Courts § 841 (2007) (citing <u>Chemical Leaman</u>).   ALEXANDER has failed to meet its pleading burden as to the <u>identification and citizenship of each of the unidentified members of the two limited liability companies who are alleged to be the partners in ALEXANDER (see First Amended Complaint ¶ 3). ALEXANDER has failed to allege who the members of these two limited liability companies are and whether they are individuals, corporations, partnerships, limited liability companies or otherwise.  ALEXANDER has also failed to alleged, as it must, the </u>citizenship of each of the members of ROKA, which is <s>a</s>—<u>also</u> limited liability company<s>, as</s>.  All that ALEXANDER has done in regard to ROKA is to allege "upon information and belief" the citizenship of ROKA's managing member, which ROKA has denied (see First Amended Complaint ¶ 5) and then to allege, again "upon information and belief" that "there is complete diversity of jurisdiction between the partners of Alexander and the members of RoKa."(See First Amended Complaint ¶6).</u>  ALEXANDER is required to <s>do</s><u>allege the citizenship of each member of each of the various limited liability companies</u> in order for this Court to determine that it has subject

matter jurisdiction pursuant to diversity of citizenship under 28 U.S.C.§ 1332. A limited liability company is a citizen of the states of which its individual members are citizens. Ketterson v. Wolf, 2001 WL 940909, at *3 (D. Del. Aug. 14, 2001) (citing Carden v. Arkoma Assocs., 494 U.S. 185, 187-192 (1990) and Handelsman v. Bedford Vill. Assocs. Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000)).

28. ~~The First Amended Complaint contains no allegations as to the citizenship of the individual members of ROKA, other than its managing member, *see* ¶5, and ROKA has denied those allegations.~~ By failing to allege the citizenship of each of ROKA's members, and by failing to identify the members of the limited liability companies who are alleged to be the sole partners in ALEXANDER, and the citizenship of each, ALEXANDER has not met its burden of pleading the existence of this Court's jurisdiction by stating all parties' citizenships such that complete diversity can be confirmed.  Therefore, the Court should dismiss this action for lack of subject matter jurisdiction.

SECOND AFFIRMATIVE DEFENSE

29.    One or more of ALEXANDER's claims are barred by failure of consideration in that certain goods ordered by ROKA from ALEXANDER were not timely shipped, were shipped in excess of the amount ordered, were under-shipped, and/or were subject to unauthorized price increases.

THIRD AFFIRMATIVE DEFENSE

30.    One or more of ALEXANDER's claims are barred by the doctrine of equitable estoppel in that goods ordered by ROKA from ALEXANDER were not timely

shipped, were shipped in excess of the amount ordered, were under-shipped and/or were subject to unauthorized price increases.

## FOURTH AFFIRMATIVE DEFENSE

31.   To the extent it is determined that ROKA is responsible for payment of any of the $152,238.55 claimed by ALEXANDER, ROKA is entitled to a set-off in an amount equal to the losses ROKA has sustained by virtue of ALEXANDER's shipping goods that were non-conforming, were late, were over or under-shipped, and/or were subject to unauthorized price increases.   ALEXANDER's acts and omissions resulted in ROKA's loss of substantial business and canceled orders, all of which caused damage to ROKA.  In addition, ROKA is entitled to set off the freight charges it paid for the non-conforming, over-shipped goods, and late-shipped goods, and the costs associated with its commercially reasonable efforts to dispose of such goods and related expenses, including ROKA's costs and reasonable attorney's fees (to the extent available under applicable law), along with any other items the Court determines are appropriate under the circumstances.

## FIFTH AFFIRMATIVE DEFENSE

32. ALEXANDER has waived and/or is estopped from seeking equitable or legal relief for consequences that were the direct and proximate result of its own conduct, actions or inactions.

## SIXTH AFFIRMATIVE DEFENSE

33.   None of the purchase orders for any of the goods on which ALEXANDER's claims against ROKA are based ~~have~~has been attached to the First Amended Complaint. To the extent that any of the purchase orders for goods on which any of ALEXANDER's claims are based do not exist, or do not bear an authorized signature by ROKA, ALEXANDER's claims are barred by the statute of frauds.

10

## SEVENTH AFFIRMATIVE DEFENSE

34.   To the extent that any of the purchase orders for goods on which any of ALEXANDER's claims are based do not bear an authorized signature by ROKA, and involve the sale of goods for the price of $500 or more, ALEXANDER's claims are barred by the Uniform Commercial Code as adopted in Delaware and in Florida.  In particular, 6 Del.C. §2-201 (2007) provides that an alleged contract for the sale of goods for the price of $500 or more is not enforceable unless there is a writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker.¶

## EIGHTH AFFIRMATIVE DEFENSE

-__35.-__The First Amended Complaint fails to state a claim against ROKA upon which relief can be granted.

## NINTH AFFIRMATIVE DEFENSE

—35.36.   For all of the reasons stated, and the authorities relied upon in ROKA's Motion to Dismiss for Lack of Jurisdiction over the Subject Matter or, in the Alternative, to Stay and in the supporting Memorandum of Law previously filed with this Court, which are incorporated herein by reference, ROKA respectfully urges that, if this Court is not inclined to dismiss the instant case with prejudice, the interests of justice, judicial efficiency and judicial economy would be best served by staying this case pending the outcome of the related lawsuit pending in the Circuit Court in Duval County, Florida where the parties can obtain complete relief on their claims, all of which are asserted under state law.

11

WHEREFORE, ROKA respectfully requests that the Court (i) stay the instant action pending the outcome of the litigation pending in the Circuit Court in Duval County, Florida; (ii) dismiss Plaintiff's First Amended ~~Complaint~~complaint with prejudice and enter judgment in Defendant's favor; (iii) grant Defendant its attorneys' fees and costs~~,~~; and (iv) grant Defendant such further relief as the Court deems just and proper.¶

### **COUNTERCLAIM**¶

Plaintiff, ROKA APPAREL PRODUCTS, LLC, a Delaware limited liability company ("ROKA" or "Plaintiff") sues ALEXANDER FABRICS, LLLP, a North Carolina corporation ("ALEXANDER" or "Defendant") and alleges as follows:¶

1.      This is an action for damages in excess of $75,000.00 exclusive of interest and costs, and for equitable and related relief. ¶

2.      One or more of the causes of action accrued in Duval County, Florida. ¶

3.   Plaintiff ROKA is a limited liability company formed in Delaware, which, at all material times herein, maintained an office to transact business in Duval County Florida. ROKA is a manufacturer of women's undergarments and swimwear.  ¶

4.      Defendant ALEXANDER is a limited liability limited partnership formed in North Carolina with its principal place of business in North Carolina.   ALEXANDER¶ engaged in  business in the State of Florida from which the causes of action alleged herein arose, subjecting ALEXANDER to the personal jurisdiction of the courts of the State of Florida pursuant to §48.193 (1)(a), Fla. Stat. (2007).   ALEXANDER also breached several contracts with ROKA in Florida by failing to perform acts required by the contracts to be performed in Florida, from which the causes of action alleged herein

arose, subjecting ALEXANDER to the personal jurisdiction of the courts of the State of Florida pursuant to §48.193 (1)(g), Fla. Stat. (2007). ALEXANDER engaged in substantial and not isolated activity within the State of Florida, subjecting ALEXANDER to the personal jurisdiction of the courts of the State of Florida pursuant to §48.193 (2), Fla. Stat. (2007). ALEXANDER is a merchant engaged in the business of producing and selling specialized fabrics and related materials.¶

### **GENERAL ALLEGATIONS**¶

5.    WARNACO GROUP, INC. ("Warnaco") is a multi-brand, multi-channel apparel company with world-wide distribution. Warnaco owns and licenses a portfolio of highly recognized brand names. In 2004 ROKA entered into a contract with Warnaco to manufacture a large quantity of women's undergarments named All The Right Moves ("ATRM") (the "Warnaco Contract").    ¶

6.    In April 2004 ALEXANDER provided Warnaco with sample fabric, which ALEXANDER, by affirmation and promises to Warnaco and ROKA, represented to be suitable for the purpose for which it was intended to be used. The ALEXANDER sample fabric was tested and approved by Warnaco for use as a cup liner in the ATRM products which ROKA was manufacturing to fulfill the Warnaco contract. ALEXANDER assigned to this specialized liner fabric an in-house identification Number 70717. It was identified at ROKA as Number 8101. Hereinafter the goods will be described as "the ALEXANDER Number 70717/8101 liner fabric."¶

7.    Thereafter Warnaco instructed ROKA to place orders with ALEXANDER for the approved specialized liner fabric for use in the cup lining of the ATRM products ROKA was manufacturing to fulfill the Warnaco contract. Over the next several months,

13

ROKA placed multiple orders with ALEXANDER for the Number 70717/8101 liner fabric. ROKA placed these orders with ALEXANDER from ROKA's Jacksonville, Florida administrative office located at 9487 Regency Square Blvd., N. Jacksonville, Florida.¶

 8. The Purchase Orders issued by ROKA from its Jacksonville, Florida office to ALEXANDER in North Carolina, attached collectively as Exhibit A, provided that Jacksonville, Florida was the place of destination for the goods shipped to ROKA at its Jacksonville, Florida location. The Purchase Orders provided that the shipping terms for the fabric furnished by ALEXANDER to ROKA that is the subject of this action were **"Ship Via: FOB JACKSONVILLE, FL U.S."** This means that ALEXANDER, as seller of the fabric, was required to, and did tender delivery of the fabric to ROKA in Jacksonville, Florida. (*See* § 672.319 (1)(b), Fla. Stat. (2007) "When the term is 'F.O.B. the place of destination,' the seller must at her or his own expense and risk transport the goods to that place and *there tender delivery of them* in the manner provided in this chapter…'"; *accord,* 6 Del. C. § 2-319 (1)(b)) (2007)) (emphasis added). The Purchase Orders also provided that the goods were to be "billed to" ROKA at is Jacksonville, Florida office and further required that ALEXANDER was to sent its invoices were to ROKA at the same location: **"9487 Regency Square Blvd, N., Jacksonville, FL 32225."**¶

 9. ALEXANDER's own invoices, prepared by ALEXANDER in connection with the business transactions with ROKA which are the subject of this action, provide that the goods were both "sold to" and "shipped to" ROKA in Jacksonville, Florida. Specifically, the ALEXANDER invoices, a copy of one of which is attached as Exhibit B,

14

provide in the **"SOLD TO"** and **"SHIP TO"** sections, that the fabric was **"SOLD TO ROKA APPAREL PRODUCTS, LLC, 9487 REGENCY SQUARE BLVD. N,, JACKSONVILLE, FL 322250000"** and **"SHIP TO ROKA APPAREL PRODUCTS c/o CROWLEY LOGISTICS, INC., 4222 JAMES E. CASEY DR. JACKSONVILLE, FL 32219."** ¶

10.   In the **"Send Remittance To"** section of ALEXANDER's invoices to ROKA, ALEXANDER states that payment for the fabric was to be sent by ROKA to "Alexander Fabrics, P. O. Box 751597 in Charlotte, N.C."  The same information is reflected on the packing lists prepared by ALEXANDER in connection with the goods that are the subject of this action, one of which is attached as Exhibit C.  ROKA complied by routinely making payment for the fabric to ALEXANDER  from ROKA's Jacksonville, Florida office, from a Florida bank account maintained by Roka.  Attached as Exhibit D are cancelled checks from Roka to Alexander making payment for fabrics delivered to Roka in Jacksonville, Florida during the relevant time frame. The cancelled checks bear Roka's Jacksonville, Florida office address.  This is the same Florida address found on the invoices and packing lists prepared by Alexander in the "Sold to" and "Ship to" sections.¶

11.   By selling, shipping and tendering delivery of multiple orders for the ALEXANDER Number 70717/8101 liner fabric to ROKA at its Jacksonville, Florida location, over a period of several months, ALEXANDER engaged in business with ROKA in the State of Florida, engaged in substantial and not isolated business transactions with ROKA in Florida, and availed itself of the privileges of transacting business in the State of Florida.  The causes of action asserted herein against

15

ALEXANDER arose directly from those business transactions with ROKA at its Jacksonville, Florida location. These facts demonstrate sufficient predicates for the courts of the State of Florida to exercise personal jurisdiction over ALEXANDER under the Florida Long Arm Statute, § 48.193 (1) (a) and (2), Fla. Stat. (2007). They also demonstrate the existence of sufficient minimum contacts between ALEXANDER and the State of Florida for the Florida courts to exercise personal jurisdiction over ALEXANDER in this action. *See Venetian Salami Co. v. Parthenais*, 554 So. 2d 499 (Fla. 1989).¶

12.    At the same time ROKA placed the orders with ALEXANDER for the ALEXANDER Number 70717/8101 liner fabric, ROKA placed orders for other component fabrics it needed to manufacture the ATRM products with several other vendors at substantial cost and expense to ROKA.  ALEXANDER knew that ROKA would be placing such orders.¶

13.    At the time ROKA accepted delivery of the ALEXANDER Number 70717/8101 liner fabric tendered to ROKA **"F.O.B. Jacksonville, Florida,"** it was not aware of its nonconformity, nor was it possible for ROKA to have discovered the nonconformity before acceptance.  Additionally ROKA was induced to accept the goods by ALEXANDER's assurances that the liner fabric was as ordered and promised.  ¶

14.    Between April and early August 2004 ROKA produced large quantities of ATRM products, lining the cups with the ALEXANDER Number 70717/8101 liner fabric delivered by ALEXANDER to ROKA **"F.O.B. Jacksonville, Florida."**¶

15.    In early August, 2004 Warnaco notified ROKA that the ATRM products ROKA had manufactured with the ALEXANDER Number 70717/8101 liner fabric were

16

not performing due to the failure of the ALEXANDER Number 70717/8101 liner fabric to perform according to specifications and that it was not in conformity with the sample and affirmations provided by ALEXANDER. In particular the ALEXANDER Number 70717/8101 liner fabric did not stretch or mold as required and had both a different fabric content and appearance than ALEXANDER's affirmations and the sample provided and approved. ROKA promptly notified ALEXANDER of the nonconformity.¶

16. Both Warnaco and ROKA promptly notified ALEXANDER, upon discovery of the nonconformity, that the ALEXANDER Number 70717/8101 liner fabric shipped to ROKA failed to conform to specifications and was not the same as that ALEXANDER had promised and had submitted to Warnaco for testing and approval.¶

17. Efforts to resolve the issues with ALEXANDER regarding the ALEXANDER Number 70717/8101 liner fabric failed and in early October 2004, Warnaco instructed ROKA to cease using the ALEXANDER Number 70717/8101 liner fabric in manufacturing the ATRM products.¶

18. At that point in time ROKA was forced to destroy over $40,000 of ATRM garments already laminated and cut which contained the ALEXANDER Number 70717/8101 liner fabric. In addition, ROKA then had in inventory over 100,000 yards of the ALEXANDER Number 70717/8101 liner fabric which ROKA had ordered to fulfill the Warnaco contract.¶

19. ROKA notified ALEXANDER within a reasonable time after acceptance of the ALEXANDER Number 70717/8101 liner fabric that it was rejecting and revoking the acceptance of the goods delivered due to their nonconformity, demanding credit for

17

payments already made, and returning the unused ALEXANDER Number 70717/8101 liner fabric. ¶

20.    ROKA also sought instructions from ALEXANDER as to the return of the 100,000 yards ROKA had at its warehouse at the time.¶

21.    ALEXANDER refused to provide ROKA a credit and also refused to provide ROKA a return authorization number.  Instead ALEXANDER continued to ship goods to ROKA and notified ROKA not to return the ALEXANDER Number 70717/8101 liner fabric, telling ROKA that it would refuse any attempt by ROKA to return the goods.  Thereafter ROKA ceased making payments to ALEXANDER on invoices related to purchase orders dated from late 2004 into early 2005.¶

22.    Despite commercially reasonable efforts by ROKA to find other uses for the ALEXANDER Number 70717/8101 liner fabric in its inventory, it has been unable to do so with the exception of a few thousand yards. ¶

23.    At the time of the filing of this suit, ROKA's current inventory of the non-conforming and defective ALEXANDER Number 70717/8101 liner fabric is approximately of 83,229 yards with a delivered cost of $166,480.¶

24.    As a result of ALEXANDER's failure to deliver the fabric ordered according to specifications and affirmations, and the failure of the ALEXANDER Number 70717/8101 liner fabric to conform to its intended use, of which ALEXANDER was aware at the time ROKA placed its orders, ROKA had approximately 14,000 dozens of open orders or forecasted orders cancelled.¶

25.    This loss of business, involving substantial quantities of the other materials ROKA had purchased and which were in its inventory to complete the ATRM garments,

created additional and foreseeable consequential and incidental damages to ROKA in excess of $700,000.¶

26.   The nonconformity of the ALEXANDER Number 70717/8101 liner fabric substantially impaired the value of the fabric to ROKA because it could not use it to produce the ATRM products for which it was intended; it also could not use component materials ordered to manufacture the ATRM garments; it was forced to destroy ATRM products already produced with the defective ALEXANDER fabric; and it resulted in the cancellation of orders and the loss of business and goodwill.¶

27.   ROKA has at all relevant times had an advantageous business relationship with Warnaco which is one of ROKA's most important customers.¶

28.   At all relevant times, ALEXANDER had knowledge of ROKA's advantageous business relationships with Warnaco and ALEXANDER knew that the ALEXANDER Number 70717/8101 liner fabric ordered by ROKA was intended for use in products ROKA was manufacturing for and to the specifications of Warnaco. ALEXANDER also knew that ROKA would be purchasing other component fabrics and trim at substantial cost to manufacture the ATRM products and that the merchantability and success of the garments depended on the proper functioning of the ALEXANDER Number 70717/8101 liner fabric which was an integral and essential part of each finished ATRM garment manufactured by ROKA.¶

29.   ALEXANDER's failure to deliver conforming goods to ROKA that met the specifications ordered by ROKA and required by Warnaco resulted in Warnaco's refusal to accept goods manufactured by ROKA with ALEXANDER's defective product and further resulted in Warnaco's cancellation of substantial orders it had placed with ROKA.

19

causing substantial damage to Plaintiff, including loss of anticipated profits, and impairment of goodwill with one of ROKA's major customers.

30.    All conditions precedent to the bringing of this action have been performed, have occurred, or have been waived.

31.    ROKA is not required to elect between revocation of acceptance and recovery of damages for breach. Both are available to ROKA. *See* §672.608, Fla. Stat. (2007).

32.    ROKA's timely revocation provides ROKA with the same rights and duties with regard to the ALEXANDER Number 70717/8101 liner fabric as if ROKA had rejected it. *See* §672.608, Fla. Stat. (2007) and §672.607, Fla. Stat. (2007).

## COUNT I
## BREACH OF CONTRACT

33.    Plaintiff realleges in this count the allegations set forth hereinabove in paragraphs 1 through 32.

34.    ROKA and ALEXANDER entered into a series of contracts for the purchase and delivery of ALEXANDER Number 70717/8101 liner fabric. Copies of the Purchase Orders are attached as Exhibit A and their terms are incorporated by reference.    The fabric delivered to ROKA by ALEXANDER in the State of Florida was defective, failed to conform to specifications and affirmations of ALEXANDER, and did not perform for its intended use.    As a direct result of this material breach by ALEXANDER, there was a total failure of consideration and ROKA has sustained, and continues to sustain economic damages.

35.    ALEXANDER breached several contracts with ROKA in Florida by failing to perform acts required by the contracts to be performed in Florida, from which the causes

20

of action alleged herein arose, subjecting ALEXANDER to the personal jurisdiction of the courts of the State of Florida pursuant to §48.193 (1)(g), Fla. Stat. (2007). ¶

36.   ROKA is entitled to damages including the losses resulting in the ordinary course of events from ALEXANDER's breach determined in any manner which is reasonable. *See* §672.714, Fla. Stat. (2007).   ROKA is also entitled to incidental and consequential damages resulting from ALEXANDER's breach.   See §672.715, Fla. Stat. (2007). ¶

37.   As a further result of the total failure of consideration, ALEXANDER's failure of performance, and other misconduct described above, ROKA has incurred and will continue to incur additional costs and expenses, including reasonable attorney's fees. ¶

WHEREFORE, ROKA demands judgment in its favor, together with an award of costs, pre-judgment interest, and all such other and additional relief as this Court may deem just and proper including reasonable attorney's fees.¶

## COUNT II¶
## BREACH OF EXPRESS WARRANTIES¶
¶
38.   Plaintiff realleges in this count the allegations set forth hereinabove in¶ paragraphs 1 through 37.   ¶

39.   ALEXANDER created express warranties by affirmation, promise, description and sample provided by ALEXANDER to both Warnaco and ROKA that the ALEXANDER Number 70717/8101 liner fabric would perform for its intended use as a cup liner for the ATRM products and would conform to the express warranties.¶

21

40.    The goods delivered to ROKA by ALEXANDER in the State of Florida breached the express warranties created by ALEXANDER.  Among other things, the ALEXANDER Number 70717/8101 liner fabric was not fit for the purpose for which it was to be used, failed to conform to specifications, did not stretch or mold as required, and was not the same as that ALEXANDER had promised and had submitted to Warnaco for testing and approval. ¶

41.  ROKA is entitled to damages resulting from ALEXANDER's breach of warranty measured by the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount.  *See* §672.714, Fla. Stat. (2007).  ROKA is also entitled to incidental and consequential damages resulting from ALEXANDER's breach.  *See* §672.715, Fla. Stat. (2007).  ¶

42.    As a further result of ALEXANDER's breach of express warranties and other¶
misconduct described herein, ROKA has incurred and will continue to incur additional costs and expenses, including reasonable attorney's fees. ¶

WHEREFORE, ROKA demands judgment in its favor, together with an award of costs, pre-judgment interest, and all such other and additional relief as this Court may deem just and proper, including reasonable attorney's fees.¶

## COUNT III¶
## BREACH OF IMPLIED WARRANTIES¶

¶
43.    Plaintiff realleges in this count the allegations set forth hereinabove in paragraphs 1 through 42.   ¶

22

44.    A warranty that the ALEXANDER Number 70717/8101 liner fabric ordered by ROKA and delivered by ALEXANDER in the State of Florida be merchantable is implied in each of the contracts entered into between ROKA and ALEXANDER for the purchase of the ALEXANDER Number 70717/8101 liner fabric.

45.    The ALEXANDER Number 70717/8101 goods delivered to ROKA in the State of Florida were not merchantable.  Among other things, the ALEXANDER Number 70717/8101 liner fabric was not fit for the purpose for which it was to be used and did not conform to specifications, affirmations by ALEXANDER nor the sample provided.

46.    ROKA is entitled to damages resulting from ALEXANDER's breach of warranty measured by the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount.  *See* §672.714, Fla. Stat. (2007).  ROKA is also entitled to incidental and consequential damages resulting from ALEXANDER's breach.  *See* §672.715, Fla. Stat. (2007).

47.    As a further result of ALEXANDER's breach of implied warranties and other misconduct described herein, ROKA has incurred and will continue to incur additional costs and expenses, including reasonable attorney's fees.

WHEREFORE, ROKA demands judgment in its favor, together with an award of costs, pre-judgment interest, and all such other and additional relief as this Court may deem just and proper including reasonable attorney's fees.

## COUNT IV
## REVOCATION OF ACCEPTANCE

23

48.    Plaintiff realleges in this count the allegations set forth hereinabove in paragraphs 1 through 47.    ¶

49.    At the time ROKA accepted delivery of the ALEXANDER Number 70717/8101 liner fabric tendered to ROKA "**F.O.B. Jacksonville, Florida**," it was not aware of its nonconformity, nor was it possible for ROKA to have discovered the nonconformity before acceptance.  Additionally ROKA was induced to accept the goods by ALEXANDER's assurances that the liner fabric was as ordered and promised.  ¶

50.   The nonconformity of the ALEXANDER Number 70717/8101 liner fabric substantially impaired the value of the fabric to ROKA because it could not use it to produce the ATRM products for which it was intended; it also could not use component materials ordered to manufacture the ATRM garments; it was forced to destroy ATRM products already produced with the defective ALEXANDER fabric; and it resulted in the cancellation of orders and the loss of business and goodwill.¶

51.   ROKA notified ALEXANDER within a reasonable time after acceptance of the ALEXANDER Number 70717/8101 liner fabric that it was rejecting and revoking the acceptance of the goods delivered due to their nonconformity, demanding credit for payments already made, and returning the unused ALEXANDER Number 70717/8101 liner fabric.  ¶

52.   ROKA is entitled to damages including the losses resulting in the ordinary course of events from ALEXANDER's breach determined in any manner which is reasonable. *See* §672.714, Fla. Stat. (2007).  ROKA is also entitled to incidental and consequential damages resulting from ALEXANDER's breach.  See §672.715, Fla. Stat. (2007).  ¶

24

WHEREFORE, ROKA demands judgment in its favor, together with an award of costs, pre-judgment interest, and all such other and additional relief as this Court may deem just and proper including reasonable attorney's fees.¶

**DEMAND FOR JURY TRIAL**¶

ROKA demands a trial by jury of all issues so triable.                    ¶

¶

Respectfully submitted,¶

Dated:  July ~~13,~~20, 2007            By: _____
                                           John C. Phillips, Jr. (#110)¶
                                           Brian E. Farnan (#4089)
                                           PHILLIPS, GOLDMAN & SPENCE, P.A.
                                           1200 N. Broom Street
                                           Wilmington, Delaware 19806
                                           Tel. No. (302) 655-4200
                                           ~~jcp@pgslaw.com~~

                                           Of counsel:
                                           Barbara Slott Pegg
                                           Attorney at Law
                                           316 Sea Moss Lane
                                           Ponte    Vedra    Beach,    FL    ~~3-~~
                                           ~~2082~~32082
                                           Tel. No. (904) 285-8100

                                           Attorneys for Defendant,
                                           Roka         Apparel         Products,
LLC¶¶¶¶¶¶¶¶¶¶¶¶¶¶¶¶¶¶

25