IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALEXANDER FABRICS, LLLP, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : C.A. No. 07-174-GMS |
| | : |
| ROKA APPAREL PRODUCTS, LLC, | : |
| | : |
| Defendant. | : |

## ANSWER TO COUNTERCLAIM

Plaintiff Alexander Fabrics, LLLP ("Alexander") for its reply to the Counterclaim of Defendant Roka Apparel Products, LLC ("Roka") states as follows:

1.  Alexander states that the counterclaim speaks for itself and denies that Roka Apparel Products, LLC is entitled to damages in excess of $75,000.00 exclusive of interest and costs, and equitable and related relief.

2.  Alexander denies the allegations asserted in paragraph 2 of the counterclaim.

3.  Alexander admits only that Roka is a Delaware limited liability company. Alexander is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations asserted in paragraph 3 of the counterclaim.

4.  Alexander admits only that it is a limited liability limited partnership formed under the laws of North Carolina with a principal place of business in North Carolina, and that Alexander is engaged in the business of selling fabrics. The remaining allegations contained in paragraph 4 of the counterclaim are denied.

5.  Alexander is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph 5 of the counterclaim.

6. Alexander admits only that it has provided Warnaco Group, Inc. with samples of fabric which were approved by Warnaco Group, Inc. Alexander is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations asserted in paragraph 6 of the counterclaim.

7. Alexander admits only that Roka placed multiple orders with Alexander for a product with the number 70717. Alexander is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations asserted in paragraph 7 of the counterclaim.

8. Alexander denies the allegations asserted in the first sentence of paragraph 8 of the counterclaim. By way of further averment, Alexander states that the purchase orders attached as Exhibit A provide that the destination is Honduras. With respect to the second sentence of paragraph 8 of the counterclaim, Alexander admits only that the purchase orders speak for themselves and denies the allegations in the second sentence of paragraph 8 to the extent they paraphrase, misstate and/or fail to state all of the terms contained in the purchase orders. The third sentence of paragraph 8 of the counterclaim states legal conclusions to which no response is required. To the extent a response is required, Alexander denies the allegations in the third sentence of paragraph 8 of the counterclaim. With respect to the fourth sentence of paragraph 8 of the counterclaim, Alexander admits only that the purchase orders speak for themselves and denies the allegations in the fourth sentence of paragraph 8 to the extent they paraphrase, misstate and/or fail to state all of the terms contained in the purchase orders.

9. With respect to the first sentence of paragraph 9 of the counterclaim, Alexander admits only that the invoices speak for themselves. Alexander admits only that the invoice attached to the counterclaim as Exhibit B speaks for itself, and that the second sentence of

paragraph 9 of the counterclaim describes certain of the language contained in Exhibit B to the counterclaim. Alexander denies any remaining allegations contained in paragraph 9 of the complaint.

10. With respect to the first sentence of paragraph 10 of the counterclaim, Alexander admits only that the invoices speak for themselves and that the first sentence is admitted with respect to Exhibit B to the counterclaim. With respect to the second sentence of paragraph 10 of the counterclaim, Alexander denies that the information described in the first sentence is contained in Exhibit C to the counterclaim. With respect to the third sentence of paragraph 10 of the counterclaim, Alexander denies that Roka made payment for all fabric sold by Alexander to Roka and is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations asserted in the third sentence of paragraph 10 of the counterclaim. Alexander is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in the fourth and fifth sentences of paragraph 10 of the counterclaim. Alexander denies the allegations contained in the sixth sentence of paragraph 10 of the counterclaim and any remaining allegations.

11. Paragraph 11 of the counterclaim states legal conclusions to which no responsive pleading is required. To the extent a response is required, Alexander denies the allegations contained in paragraph 11 of the complaint.

12. Alexander is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph 12 of the counterclaim.

13. Alexander denies the allegations asserted in paragraph 13 of the counterclaim.

14. Alexander is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph 14 of the counterclaim.

RLF1-3188368-1

15. Alexander is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph 15 of the counterclaim.

16. Alexander denies the allegations asserted in paragraph 16 of the counterclaim.

17. Alexander is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph 17 of the counterclaim.

18. Alexander is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph 18 of the counterclaim.

19. Alexander denies the allegations asserted in paragraph 19 of the counterclaim.

20. Alexander denies the allegations asserted in paragraph 20 of the counterclaim.

21. Alexander denies the allegations asserted in paragraph 21 of the counterclaim.

22. Alexander is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph 22 of the counterclaim.

23. Alexander is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph 23 of the counterclaim.

24. Alexander denies the allegations asserted in paragraph 24 of the counterclaim.

25. Alexander denies the allegations asserted in paragraph 25 of the counterclaim.

26. Alexander denies the allegations asserted in paragraph 26 of the counterclaim.

27. Alexander is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph 27 of the counterclaim.

28. Alexander admits only that it knew that certain fabric it was manufacturing was intended to be used by Warnaco. The remaining allegations contained in paragraph 28 of the complaint are denied.

29. Alexander denies the allegations asserted in paragraph 29 of the counterclaim.

30. Paragraph 30 of the counterclaim states legal conclusions to which no responsive pleading is required. To the extent a response is required, Alexander is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph 30 of the counterclaim.

31. Paragraph 31 of the counterclaim states legal conclusions to which no responsive pleading is required. To the extent a response is required, Alexander is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph 31 of the counterclaim.

32. Paragraph 32 of the counterclaim states legal conclusions to which no responsive pleading is required. To the extent a response is required, Alexander is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph 32 of the counterclaim.

33. Alexander incorporates by reference, as though fully set forth herein, its responses to paragraphs 1-32 of the counterclaim as set forth above.

34. Alexander admits only that Alexander and Roka entered into contracts for the purchase of certain fabric and that certain purchase orders are attached as Exhibit A to the counterclaim. The remaining allegations contained in paragraph 34 of the counterclaim are denied.

35. Alexander denies the allegations asserted in paragraph 35 of the counterclaim.

36. Alexander denies the allegations asserted in paragraph 36 of the counterclaim.

37. Alexander denies the allegations asserted in paragraph 37 of the counterclaim.

38. Alexander incorporates by reference, as though fully set forth herein, its responses to paragraphs 1-37 of the counterclaim as set forth above.

RLF1-3188368-1

39. Alexander denies the allegations asserted in paragraph 39 of the counterclaim.

40. Alexander denies the allegations asserted in paragraph 40 of the counterclaim.

41. Alexander denies the allegations asserted in paragraph 41 of the counterclaim.

42. Alexander denies the allegations asserted in paragraph 42 of the counterclaim.

43. Alexander incorporates by reference, as though fully set forth herein, its responses to paragraphs 1-42 of the counterclaim as set forth above.

44. Alexander denies the allegations asserted in paragraph 44 of the counterclaim.

45. Alexander denies the allegations asserted in paragraph 45 of the counterclaim.

46. Alexander denies the allegations asserted in paragraph 46 of the counterclaim.

47. Alexander denies the allegations asserted in paragraph 47 of the counterclaim.

48. Alexander incorporates by reference, as though fully set forth herein, its responses to paragraphs 1-47 of the counterclaim as set forth above.

49. Alexander denies the allegations asserted in paragraph 49 of the counterclaim.

50. Alexander denies the allegations asserted in paragraph 50 of the counterclaim.

51. Alexander denies the allegations asserted in paragraph 51 of the counterclaim.

52. Alexander denies the allegations asserted in paragraph 52 of the counterclaim.

### FIRST AFFIRMATIVE DEFENSE

The counterclaim fails, in whole or in part, to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims asserted in the counterclaim are barred, in whole or in part, by the doctrines of waiver, estoppel and/or acquiescence.

## THIRD AFFIRMATIVE DEFENSE

The counterclaim may be barred, in whole or in part, by the applicable statute of limitations and/or laches.

WHEREFORE, Alexander respectfully prays for the following relief:

    A.    A dismissal of Roka's counterclaim with prejudice, and a denial of the relief sought therein;

    B.    An award of Alexander's attorneys' fees and costs associated with this action; and

    C.    Such other and further relief as the Court deems just and proper.

Dated: August 15, 2007

/s/ Chad M. Shandler
Chad M. Shandler (#3796)
shandler@rlf.com
Steven J. Fineman (#4025)
fineman@rlf.com
Richards, Layton & Finger
One Rodney Square
P. O. Box 551
Wilmington, DE  19801
(302)651-7700
Attorneys for Plaintiff Alexander Fabrics, LLLP

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on August 15, 2007 I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing(s) and Hand Delivered to the following:

> John C. Phillips, Jr., Esquire
> Phillips, Goldman & Spence, P.A.
> 1200 North Broom Street
> Wilmington, DE  19806

Steven J. Fineman (#4025)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
fineman@rlf.com