IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALEXANDER FABRICS, LLLP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 07-174-GMS |
| ) | |
| ROKA APPAREL PRODUCTS, LLC, ) | |
| ) | |
| Defendant. ) | |

## JOINT STATUS REPORT

Pursuant to the Order dated November 29, 2007 (D.I. 27) setting a telephonic status and scheduling conference for Friday, December 7, 2007 at 2:15 p.m., Plaintiff Alexander Fabrics LLLP ("Plaintiff" or "Alexander") and Defendant Roka Apparel Products, LLC ("Roka" or "Defendant"), by and through their undersigned counsel, advise the Court as follows:

**1. Jurisdiction and Service.**

Plaintiff has alleged that there is a complete diversity of jurisdiction between the parties, and that the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. §1332, and therefore the Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. §1332. Roka was properly served with the complaint.

**2. Substance of the Action.**

The First Amended Complaint sets forth a straight-forward effort by Alexander to collect payment for goods delivered to Roka. Plaintiff contends that it is owed monies reflected in the invoices attached to the First Amended Complaint as Exhibit A for various styles and colors of fabric shipped to Defendant between February and April 2005. Plaintiff contends that demand was made for payment, Roka acknowledged that such monies were due, and that Roka has refused to pay for the fabric.

Defendant Roka has asserted affirmative defenses to Plaintiff's claims including dismissal for lack of subject matter jurisdiction, failure of consideration, and equitable estoppel, based on allegations that certain goods ordered by Defendant from Plaintiff were not timely shipped, were shipped in excess of the amount ordered, were under-shipped, and were subject to unauthorized price increases. Defendant also asserts the statute of frauds and rights to set-off against any amounts to which Plaintiff proves entitlement, costs and expenses incurred by Defendant. Defendant has also asserted counterclaims for breach of contract and express and implied warranties for damages in excess of $700,000 caused by Plaintiff's delivery of allegedly non-conforming goods in 2004. Plaintiff denies any entitlement by Defendant to a set-off or recovery on the counterclaim.

**3.    Identification of Issues.**

A.    <u>Substance</u>. The factual and legal issues in dispute are: (i) whether Alexander is entitled to payment for the fabric shipped to Roka between February and April 2005; (ii) the amount of damages owed to Alexander (iii) whether Roka is entitled to a set-off; (iv) on Roka's counterclaim involving certain fabric liner ordered and delivered in 2004 which Defendant contends are not the same fabric that is the subject of Alexander's claim and Roka's affirmative defenses, whether Alexander breached its contracts, and breached express and implied warranties to deliver certain conforming goods to Roka during 2004; and (v) the amount of damages due Roka.

B.    <u>Procedure</u>. Plaintiff has contacted Defendant on multiple occasions to discuss scheduling, but Defendant has declined to agree to dates to be included in a proposed form of scheduling order pending the Court's resolution of Defendant's motion to stay. Defendant maintains that no discovery should take place until this Court resolves the pending motion to

stay. Plaintiff does not agree. The Florida circuit court has stayed the Florida action filed by Defendant pending this Court's decision on Defendant's motion to stay.

4. **Narrowing of Issues.**

The parties will endeavor to narrow the issues by agreement or by motions. Plaintiff believes that the claims raised in the First Amended Complaint may be resolved by case dispositive motions. Defendant maintains that the claims, affirmative defenses, and counterclaims are highly fact specific and due to the existence of material factual disputes evidenced by the pleadings, are not, and never will be subject to resolution by dispositive motions.

5. **Relief.**

Plaintiff currently seeks damages in an amount not less than $152,238.55 plus pre- and post-judgment interest, fees and costs. Defendant seeks a set-off against any such damages in an amount to be determined at trial and a counterclaim for damages in excess of $700,000, along with pre- and post-judgment interest, fees and costs.

6. **Amendment of Pleadings.**

The parties do not foresee any need for amendment of the pleadings at this time, but recognize that amendment might become appropriate as additional information is learned through discovery.

7. **Joinder of Parties.**

The parties do not foresee any need to join additional parties at this time, but recognize that joinder may become appropriate as additional information is learned through discovery.

8. **Discovery.**

Plaintiff has attached as Exhibit A hereto a proposed form of scheduling order. Dates for trial, the pretrial conference and motions *in limine* have not been included. Subject to the

Court's availability, Plaintiff believes that trial could commence in September 2008. Defendant has declined to propose dates or a form of scheduling order pending the Court's resolution of Defendant's motion to stay, although Defendant is prepared to discuss scheduling during the December 7, 2007 teleconference as the Court deems appropriate. Defendant maintains that no discovery should take place until this Court resolves the pending motion to stay. Plaintiff does not agree.

The parties will endeavor to limit the costs and time necessary to obtain discoverable information. The parties anticipate that each will serve written discovery including document requests, requests for admission and interrogatories. The parties also expect that, in addition to taking the depositions of the parties and certain of their respective employees, third-party discovery may be necessary.

**9.   Estimated Trial Length.**

The parties anticipate that trial could be completed in 2 to 3 days. The parties will endeavor to limit the length of trial through the use of stipulations.

**10.  Jury Trial.**

Plaintiff did not request a jury trial. Defendant has demanded a jury trial.

**11.  Settlement.**

The parties have engaged in settlement discussions, but have not been able to reach agreement. The parties have no objection to a referral to a Magistrate Judge.

**12.  Other Matters.**

Defendant's Motion to Stay (D.I. 22) has been fully briefed and is presently pending before the Court.

**13.  Statement.**

The parties have conferred about each of the above matters.

| /s/ Steven J. Fineman #4025 | /s/ Brian E. Farnan #4089 |
|---|---|
| Chad M. Shandler (#3796) | John C. Phillips, Jr. (#110) |
| shandler@rlf.com | jcp@pgslaw.com |
| Steven J. Fineman (#4025) | Brian E. Farnan (#4089) |
| fineman@rlf.com | bef@pgslaw.com |
| Richards, Layton & Finger | Phillips, Goldman & Spence, P.A. |
| One Rodney Square | 1200 North Broom Street |
| P. O. Box 551 | Wilmington, DE 19806 |
| Wilmington, DE 19801 | 302-655-4200 |
| (302)651-7700 | Attorneys for Defendant Roka Apparel Products, LLC |
| Attorneys for Plaintiff Alexander Fabrics, LLLP | |

Dated: December 5, 2007                    Dated: December 5, 2007

# EXHIBIT A

Case 1:07-cv-00174-GMS    Document 28-2    Filed 12/05/2007    Page 1 of 5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ALEXANDER FABRICS, LLLP,         :
                                 :
        Plaintiff,               :
                                 :
v.                               :   C.A. No. 07-174-GMS
                                 :
ROKA APPAREL PRODUCTS, LLC,      :
                                 :
        Defendant.               :

## SCHEDULING ORDER

This ___ day of _____, 2007, the Court having conducted a Rule 16 Scheduling Conference pursuant to Local Rule 16.2(b) on December 7, 2007, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED that:

1. **Rule 26(a) Initial Disclosures**: Unless otherwise agreed to by the parties, they shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on or before December 28, 2007.

2. **Joinder of other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before February 27, 2008.

3. **Discovery:** All discovery in this case shall be initiated so that it will be completed on or before April 25, 2008.

   a. **Discovery and Scheduling Matters:** Should counsel find they are unable to resolve a discovery matter, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference. Not less than forty-eight hours prior to the teleconference, the parties shall file with the court, via electronic means (CM/ECF), a **joint, non-argumentative**

RLF1-3230429-1

letter agenda not to exceed two (2) pages outlining the issue(s) in dispute. A sample letter can be located on the court's website at www.ded.uscourts.gov. After the parties have had three (3) discovery teleconferences, they will be required to file a joint letter showing good cause why the court should permit a fourth discovery teleconference. Should the court find further briefing necessary upon conclusion of the telephone conference, unless otherwise directed, the party seeking relief shall file with the court a **TWO PAGE LETTER**, exclusive of exhibits, describing the issues in contention. The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES**. The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

4. **Confidential Information and Papers filed under Seal:** Should counsel find it will be necessary to apply to the court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the court within ten (10) days from the date of this order. When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

**If, after making a diligent effort, the parties are unable to agree on the contents of the joint, proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 3(a).**

5. **Settlement Conference:** Pursuant to 28 U.S.C. §636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement. If the parties agree that the possibility of a settlement may be enhanced by such referral, the parties

shall contact the assigned United States Magistrate Judge to schedule a settlement conference with counsel and the clients.

6.  **Case Dispositive Motions:** All case dispositive motions and an opening brief and affidavits, if any, in support of the motion shall be served and filed on or before June 6, 2008. Briefing will be presented pursuant to the court's Local Rules, unless the parties agree to an alternative briefing schedule. Any such agreement shall be in writing and filed with the Court for the Court's approval. Any request for extensions of time as set forth in this Scheduling Order **must** be accompanied by an explanation or your request will be denied.

7.  **Applications By Motion:** Except as provided in this Scheduling Order or for matters relating to scheduling, any application to the Court shall be by written motion filed, via electronic means (CM/ECF). Unless otherwise requested by the Court, counsel shall **not** deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local rule 7.1.1.

8.  **Oral Argument:** If the Court believes that oral argument is necessary, the Court will schedule a hearing Pursuant to Local Rule 7.1.4.

9.  **Pretrial Conference:** On _____, at _____ ____.m, the Court will hold a Pretrial Conference in Chambers with counsel. Unless otherwise ordered by the Court, the parties should assume that filing the Pretrial Order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3). A sample form of Pretrial Order can be located on this court's website at www.ded.uscourts.gov. Thirty (30) days before the Joint Proposed Pretrial Order is due, plaintiff's counsel shall forward to defendant's counsel a draft of the pretrial order containing the information plaintiff proposes to include in the draft. Defendants' counsel shall, in turn, provide to plaintiff's counsel any comments on the plaintiff's

draft as well as the information defendant proposes to include in the proposed pretrial order.

**Motions *in limine*:** No party shall file more than five (5) motions *in limine*. Briefs **(opening, answering and reply)** on all motions *in limine* shall be filed by _____. Opening and answering briefs shall not exceed five (5) pages and reply briefs shall not exceed three (3) pages. The parties shall file with the court the **joint** proposed final pretrial order with the information required by the form of Final Pretrial Order which can be located on this court's website at www.ded.uscourts.gov on or before _____.

    10.    **Trial:** This matter is scheduled for a two (2) day jury trial beginning at 9:00 a.m. on _____.

    11.    **Scheduling:** The parties shall contact chambers, at (302) 573-6470, only in situations where scheduling relief is sought and only then when ALL participating counsel is on the line for purpose of selecting a new date.

 

_____
UNITED STATES DISTRICT JUDGE